**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH CHAPMAN, JESSICA VENNEL, and JASON JACKSON, on behalf of themselves and all others similarly situated, | : : : : : | CASE NO.  1:16-CV-1114 |
| Plaintiffs, | : : | JUDGE JAMES S. GWIN |
| v. | : : | |
| TRISTAR PRODUCTS, INC., | : : | |
| Defendant. | : : : | |

## DEFENDANT TRISTAR PRODUCTS, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant Tristar Products, Inc. ("Tristar") respectfully moves this Court to dismiss Plaintiffs' nationwide class claims (First through Fifth Claims and Thirteenth Claim) and their injunctive and declaratory relief claim (Thirteenth Claim) in their Class Action Complaint for lack of standing.  In addition, pursuant to Fed. R. Civ. P. 12(b)(6), Tristar respectfully moves this Court to dismiss the following claims for failure to state a claim upon which relief can be granted:  (1) the Ohio Consumer Sales Practices Act individual and class claim (Seventh Claim); (2) the Pennsylvania Unfair Trade Practices and Consumer Protection Law claim (Eighth Claim); (3) the breach of express warranty claim under Pennsylvania law (Ninth Claim); and (4) the Colorado Consumer Protection Act class claim (Eleventh Claim).

As a result of this Partial Motion to Dismiss, the only remaining claims against Tristar should be: (1) Plaintiff Chapman's Ohio Product Liability Act claim (Sixth Claim);

(2) Plaintiff Vennel's breach of implied warranty of merchantability claim under Pennsylvania law (Tenth Claim); (3) Plaintiff Jackson's individual Colorado Consumer Protection Act claim (Eleventh Claim); and (4) Plaintiff Jackson's Colorado Product Liability Act claim (Twelfth Claim).  A memorandum in support of this motion is attached.

Respectfully submitted,


/s/ Lawrence A. Sutter
Lawrence A. Sutter (0042664)
Brian E. Roof (0071451)
Nathan F. Studeny (0077864)
Sutter O'Connell
1301 East 9th Street
3600 Erieview Tower
Cleveland, OH 44114
(216) 928-2200 phone
(216) 928-4400 facsimile
lsutter@sutter-law.com
broof@sutter-law.com
nstudeny@sutter-law.com

Counsel for Defendant Tristar Products, Inc.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH CHAPMAN, JESSICA VENNEL, and JASON JACKSON, on behalf of themselves and all others similarly situated, | : : : : : | CASE NO.  1:16-CV-1114 |
| Plaintiffs, | : : | JUDGE JAMES S. GWIN |
| v. | : : | |
| TRISTAR PRODUCTS, INC., | : : | |
| Defendant. | : : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT TRISTAR PRODUCTS, INC.'S
PARTIAL MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT UNDER
FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................i

TABLE OF AUTHORITIES ................................................................................ii

STATEMENT OF ISSUES ...............................................................................vi

SUMMARY OF ARGUMENT ...........................................................................vi

INTRODUCTION..............................................................................................1

STATEMENT OF ALLEGED FACTS ..............................................................3

    A.    The Pressure Cookers.. ................................................................3

    B.    The Alleged Representations Regarding the Pressure Cookers ..................3

    C.    Plaintiffs' Class Action Complaint Against Tristar ...........................................4

LEGAL ANALYSIS AND ARGUMENT ............................................................5

    A.    Plaintiffs Lack Article III Standing to Assert Nationwide Class Claims and Seek Injunctive and Declaratory Relief ..........................................................5

        1.    Plaintiffs can only pursue  claims under the laws of the states in which they reside or were injured ...................................................7

        2.    Because Plaintiffs will never purchase or use the Pressure Cooker in the future, Plaintiffs lack standing to seek injunctive and declaratory relief..........................................................................................12

    B.    The Complaint's OCSPA, UTPCPL, Breach of Express Warranty, and CCPA Claims Should be Dismissed with Prejudice ................................................16

        1.    Plaintiff Chapman has not alleged that Tristar had prior notice in order to pursue an OCSPA class action lawsuit .......................................17

        2.    The OPLA preempts Plaintiff Chapman's individual OCSPA Claim .18

        3.    Plaintiff Vennel's UTPCPL and breach of express warranty claims fail to allege any facts that she relied on Tristar's alleged representations in purchasing the Pressure Cooker ..................................................19

        4.    Colorado law bars Plaintiff Jackson's CCPA class action claim .......22

CONCLUSION ..................................................................................................23

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f) ...................................25

CERTIFICATE OF SERVICE ..............................................................................25

## **TABLE OF AUTHORITIES**

### **CASES**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ..................................... 8, 9, 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................. 17, 21

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)........................................ 16, 17, 21

*Blake v. Interneuron Pharms.*, No. C-1-98-672, 1998 U.S. Dist. LEXIS 23667 (S.D. Ohio
    Dec. 8, 1998) ............................................................................................... 19

*Bohn v. Boiron, Inc.*, No. 11-08704, 2013 U.S. Dist. LEXIS 107928 (N.D. Ill. Aug. 1,
    2013) ............................................................................................................ 14

*Bouchard v. Am. Home Prods. Corp.*, No. 3:98 CV 7541, 2002 U.S. Dist. LEXIS 27517
    (N.D. Ohio May 24, 2002)............................................................................ 18

*Castagnola v. Hewlett-Packard Co.*, No. 11-05772, 2012 U.S. Dist. LEXIS 82026 9N.D.
    Cal. June 13, 2012) ..................................................................................... 14

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007)........................... 15

*Centennial Sch. Dist. v. Independence Blue Cross*, No. 93-3456, 1994 U.S. Dist. LEXIS
    2098 (E.D. Pa. Feb. 28, 1994) ..................................................................... 21

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)............................................ 5, 6, 8, 12

*Clay v. American Tobacco Co.*, 188 F.R.D. 483 (S.D. Ill. 1999)................................... 12

*Cole v. GMC*, 484 F.3d 717 (5th Cir. 2007).................................................... 11

*Cole v. NIBCO, Inc.*, No. 3:13-cv-07871, 2015 U.S. Dist. LEXIS 65960 (D.N.J. May 20,
    2015) ............................................................................................................ 21

*Dicuio v. Brother Int'l Corp.*, No. 11-1447, 2012 U.S. Dist. LEXIS 112047 (D.N.J. Aug. 9, 2012) ................................................................................................. 13

*Federman v. Bank of Am., N.A.*, No. 14-0441, 2014 U.S. Dist. LEXIS 175565 (D.N.J. Dec. 16, 2014) ..................................................................................... 7, 8

*Fednav Ltd. v. Chester*, 547 F.3d 607 (6th Cir. 2008) .................................................... 7

*Ferron v. Zoomego, Inc.*, 276 Fed. Appx. 473 (6th Cir. 2008) ...................................... 16

*Fleisher v. Fiber Composites, LLC*, No. 12-1326, 2012 U.S. Dist. LEXIS 157343 (E.D. Pa. Nov. 2, 2012) ........................................................................................ 20, 21

*Friedman v. Dollar Thrifty Auto Grp., Inc.*, No. 12-cv-02432-WYD-KMT, 2015 U.S. Dist. LEXIS 85698 (D. Colo. July 1, 2015) ...................................................... 23

*Han v. Univ. of Dayton*, No. 13-3048, 2013 U.S. App. LEXIS 22788 (6th Cir. 2013)..... 16

*Hearring v. Sliwowski*, 806 F.3d 864 (6th Cir. 2015) ...................................................... 6

*Hange v. City of Mansfield*, 257 Fed. Appx. 887 (6th Cir. 2007) ............................. 12, 13

*In re Bridgestone/Firestone*, 288 F.3d 1012 (7th Cir. 2002) ......................................... 11

*In re: Elk Cross Timbers Decking Mktg., Sales Practices and Products Liab. Litig.*, No. 15-18, 2015 U.S. Dist. LEXIS 144790 (D.N.J. Oct. 26, 2015)................................... 23

*In re: Gerber Probiotic Sales Practices Litig.*, No. 12-835, 2013 U.S. Dist. LEXIS (D.N.J. Aug. 23, 2013) ...................................................................................... 13

*In re: Am. Med. Systems, Inc.*, 75 F.3d 1069 (6th Cir. 1996) ........................................ 11

*In re: Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 U.S. Dist. LEXIS 121373 (D.N.J. Oct. 20, 2011) ............................................................................ 10

*In re: Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642 (E.D. Mich. 2011).. 5, 7, 8, 9, 10

*In re: Syngenta AG MIR 162 Coru Litig.*, 131 F. Supp. 3d 1177, 1235 (D. Kan. 2015) . 23

*In re: Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143 (E.D. Pa. 2009) ........... 6, 7, 9, 10, 12

*Kee v. Zimmer, Inc.*, 871 F.Supp.2d 405 (E.D. Pa. 2012) ............................................. 21

*Lamberty v. Hartman*, 517 F.3d 433 (6th Cir. 2008)....................................................... 5

*Lewis v. Casey*, 518 U.S. 343 (1996) .................................................................. 6, 8, 9

*Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954 (N.D. Cal. 2015) ..................... 14

*Marrone v. Phillip Morris USA, Inc.,* 110 Ohio St. 3d 5 (2006) ...................................... 18

*Martinez v. Nash Finch Co.*, 886 F.Supp.2d 1212 (D. Colo. 2012) ......................... 22, 23

*McGuire v. BMW of N. Am., LLC*, No. 13-7356, 2014 U.S. Dist. LEXIS 77009 (D.N.J.
June 6, 2014) .................................................................................................. 7, 9, 10

*McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733 (N.D. Ohio 2010) ................................. 17

*McNair v. Synapse Grp., Inc.*, 672 F.3d 213 (3rd Cir. 2012) ....................... 12, 13, 14, 16

*Mitchell v. Procter & Gamble Co.*, No. 2:09-CV-426, 2010 U.S. Dist. LEXIS 17956 (S.D.
Ohio March 1, 2010) ........................................................................................ 18, 19

*Neuman v. L'Oreal USA S/D, Inc.*, No. 1:14-CV-01615, 2014 U.S. Dist. LEXIS 146525
(N.D. Ohio Oct. 14, 2014) ...................................................................................... 15

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ................................................................. 5, 13

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) ..................................................... 8, 9, 10

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) ............................ 11

*Post v. Liberty Mut. Grp., Inc.*, No. 14-CV-238, 2014 U.S. Dist. LEXIS 83373 (E.D. Pa.
June 18, 2014) ...................................................................................................... 21

*Robins v. Global Fitness Holdings*, LLC, 838 F. Supp. 2d 631 (N.D. Ohio 2012) .......... 18

*Robinson v. Hornell Brewing Co.*, No. 11-2183, 2012 U.S. Dist. LEXIS 51460 (D.N.J.
April 11, 2012) ...................................................................................................... 13

*Rosen v. Tenn. Comm'r of Fin. and Admin.*, 288 F.3d 918 (6th Cir. 2002) ..................... 6

*Simmons v. AuthorSolutions LLC*, No. 13cv2801, 2015 U.S. Dist. LEXIS 85868
(S.D.N.Y. July 1, 2015) .......................................................................................... 23

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976) ......................... 6

*Smith v. Title Ins. Corp.*, No. 07-12124, 2009 U.S. Dist. LEXIS 16140 (E.D. Mich. March
2, 2009) ................................................................................................................... 7

iv

*Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128 (N.D. Cal. 2010) .......... 14

*Tasion Communications, Inc. v. Ubiquitti Networks, Inc.*, No. C-13-1803, 2014 U.S. Dist.
   LEXIS 35455 (N.D. Cal. March 14, 2014) ................................................................ 23

*Thompson v. Proctor & Gamble Co.*, No. C-80-3711, 1982 U.S. Dist. LEXIS 18313
   (N.D. Cal. Dec. 8, 1982) ...................................................................................... 12

*Toy v. Metro. Life Ins. Co.*, 928 A.2d 186 (Pa. 2007) .................................................... 20

*Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618 (N.D. Cal. 2011) ............................... 14

*Warth v. Seldin*, 422 U.S. 490 (1975) ............................................................... 6, 8, 9

*Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425 (Pa. 2004) ............................ 20

*Yurcic v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386 (M.D. Pa. 2004) .................. 20, 21

**CIVIL RULES AND STATUTES**

Colo. Rev. Stat. § 6-1-1132(2) ...................................................................... 22

Fed.Civ.R. 12(b)(1) ......................................................................................... 1

Fed.Civ.R. 12(b)(6) ........................................................................... 1, 16, 21

O.R.C. § 1345.02 ............................................................................................ 17

O.R.C. § 1345.03 ............................................................................................ 17

O.R.C. § 1345.09(B) ....................................................................................... 18

O.R.C. § 2307.76 ............................................................................................ 19

## STATEMENT OF ISSUES

1.      Whether Plaintiffs, who are residents of only Ohio, Pennsylvania, and Colorado, have standing to pursue the nationwide class claims (First through Fifth Claims and Thirteenth Claim) because Plaintiffs do not reside in or have not suffered an injury in the other 47 states and the District of Columbia.

2.      Whether Plaintiffs have standing to seek injunctive relief (Thirteenth Claim) when there is no dispute that they will never purchase or use the product again.

3.      Whether the Class Action Complaint has failed to state a claim upon which relief can be granted for the following claims: (a) violation of the Ohio Consumer Sales Practices Act (Seventh claim); (b) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Eighth Claim); (c) breach of express warranty under 13 Pa. C.S. § 2313 (Ninth Claim); and (d) violation of the Colorado Consumer Protection Act (Eleventh Claim).

## SUMMARY OF ARGUMENT

Plaintiffs Kenneth Chapman of Ohio, Jessica Vennel of Pennsylvania, and Jason Jackson of Colorado (collectively "Plaintiffs") filed this class action seeking a nationwide class (all 50 states and the District of Columbia) and sub-classes for Ohio, Pennsylvania, and Colorado.  The lawsuit arises out of alleged defects in the Power Pressure Cooker XL ("Pressure Cooker") sold by Defendant Tristar Products, Inc. ("Tristar") that Plaintiffs purportedly purchased.  The defects allegedly caused Plaintiffs to suffer bodily injury while using the Pressure Cookers.  Based on these allegations, Plaintiffs filed their Class Action Complaint ("Complaint") against Tristar asserting the following claims: (1) breach of express warranty (on behalf of the nationwide class); (2)

breach of implied warranty of merchantability (on behalf of the nationwide class); (3) negligence (on behalf of the nationwide class); (4) unjust enrichment (on behalf of the nationwide class); (5) strict product liability – manufacturing and design defect and failure to warn (on behalf of the nationwide class); (6) violation of the Ohio Product Liability Act ("OPLA") (on behalf of the Ohio class); (7) violation of the Ohio Consumer Sales Practices Act ("OCSPA") (on behalf of the Ohio class); (8) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (on behalf of the Pennsylvania class); (9) breach of express warranty under 13 Pa. C.S. § 2313 (on behalf of the Pennsylvania class); (10) breach of implied warranty of merchantability under 13 Pa. C.S. § 2313 (on behalf of the Pennsylvania class); (11) violation of the Colorado Consumer Protection Act ("CCPA") (on behalf of the Colorado class); (12) violation of the Colorado Product Liability Act (on behalf of the Colorado class); and  (13) injunctive and declaratory relief (on behalf of the nationwide class).

Pursuant to Fed. R. Civ. P. 12(b)(1), Tristar moves to dismiss the nationwide class action claims and the injunctive and declaratory relief claim because Plaintiffs lack standing to bring these claims.  In addition, pursuant to Fed. R. Civ. P. 12(b)(6), Tristar moves to dismiss the following claims for failure to state a claim upon which relief can be granted:  (1) the OCSPA individual and class claim; (2) the UTPCPL claim; (3) the breach of express warranty claim under Pennsylvania law; and (4) the CCPA class claim.  Tristar's Partial Motion to Dismiss ("Motion") should be granted.

Because Plaintiffs do not have standing to assert claims under the laws of the states in which they do not reside or in which they have not suffered an injury, Plaintiffs have no standing to pursue nationwide class claims under the laws of the other 47

states and the District of Columbia. Similarly, because Plaintiffs have not asserted, nor can they assert, that in the future they will be harmed by the Pressure Cookers, as they have no intent to further purchase or use the Pressure Cookers, they do not have standing to pursue the injunctive and declaratory relief claim. Without standing, there is no case or controversy and thus, this Court has no subject matter jurisdiction over these claims.

Dismissal is also warranted for the OCSPA, UTPCPL, breach of express warranty, and CCPA claims under Rule 12(b)(6). Because Plaintiff Chapman has not asserted that Tristar had prior notice, as that notice is specifically defined under the OCSPA for class actions, that Tristar's conduct was purportedly deceptive or unconscionable, his OCSPA class action claim should be dismissed with prejudice. Plaintiff Chapman's OCSPA claim should also be dismissed with prejudice because the OPLA preempts the OCSPA claim involving an alleged product defect resulting in bodily injury, which is exactly what he has alleged in this lawsuit.

In addition, because Plaintiff Vennel has failed to allege any facts that she relied on Tristar's representations and warranties in *selecting and purchasing* the Pressure Cooker, her claims for alleged violations of the UTPCPL and breach of express warranty claims should be dismissed with prejudice. Finally, because the CCPA expressly bars class action lawsuits for monetary damages, Plaintiff Jackson's CCPA class claim should be dismissed with prejudice.

# I.    INTRODUCTION

Plaintiffs' Complaint is fraught with many errors that cannot survive dismissal under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  Therefore, the Complaint's nationwide class claims, OCSPA claim, UTPCPL claim, breach of express warranty claim, CCPA claim, and injunctive and declaratory relief claim should be dismissed.

As an initial matter, Plaintiffs do not have standing to pursue a nationwide class action.  Plaintiffs are residents of only Ohio, Pennsylvania, and Colorado.  Federal law is clear that a plaintiff does not have standing to assert claims under the laws of the states in which she does not reside or in which she has not suffered an injury.  Therefore, Plaintiffs have standing only to pursue claims under Ohio, Pennsylvania, and Colorado law; not under the laws of the other 47 states.  Plaintiffs' nationwide class claims should be dismissed for lack of standing.

Dismissal for lack of standing is likewise warranted for Plaintiffs' injunctive and declaratory relief claim.  Federal courts repeatedly have held that when there is no potential for future harm, a plaintiff cannot seek injunctive and declaratory relief.  The Complaint unequivocally establishes that Plaintiffs will not purchase or use the Pressure Cookers in the future and thus, not suffer any forthcoming harm.  Accordingly, Plaintiffs' injunctive and declaratory relief claim should be dismissed with prejudice.

Furthermore, the Complaint's OCSPA claim, UTPCPL claim, breach of express warranty claim, and CCPA claim all fail to state a claim upon which relief can be granted.  They should be dismissed with prejudice.

Before a plaintiff can file a class action under the OCSPA, the defendant must have been placed on notice (through either an Ohio Attorney General rule or Ohio case

1

law made available to the public by the Attorney General) that Tristar's alleged conduct was deceptive or unconscionable.  Plaintiff Chapman has cited to neither an Attorney General rule nor any Ohio case law published by the Attorney General that Tristar had prior notice that its conduct was allegedly deceptive or unconscionable.  His reference to lawsuits in other jurisdictions and complaints on the internet do not qualify as prior notice.  Therefore, the OCSPA class action claim should be dismissed with prejudice.

The OCSPA claim should also be dismissed with prejudice because the OPLA preempts the claim.  Under Ohio law, when a lawsuit involves an alleged product defect resulting in bodily injury, a plaintiff can pursue only an OPLA claim.  Here, Plaintiff Chapman has alleged a purported product defect resulting in bodily injury.  Accordingly, his OCSPA claim should be dismissed with prejudice.

In addition, Tristar moves to dismiss Plaintiff Vennel's UTPCPL and breach of express warranty claims for failure to allege sufficient facts to satisfy the reliance element of both of these claims.  Both claims require Plaintiff Vennel to allege facts that she relied on Tristar's representation and warranties in selecting and purchasing the Pressure Cooker.  Plaintiff Vennel has not alleged those facts, but rather only that she reviewed Tristar's alleged representations and warranties after purchasing the Pressure Cooker.  Therefore, these claims should be dismissed with prejudice.

Finally, Tristar moves to dismiss Plaintiff Jackson's CCPA class action claim.  The CCPA's express statutory language bars class action lawsuits for monetary damages.  Accordingly, the CCPA class claim, which seeks only monetary damages, should be dismissed with prejudice.

## II.   STATEMENT OF ALLEGED FACTS

### A.   The Pressure Cookers

This putative class action involves allegedly defective Pressure Cookers that Tristar purportedly designs, manufacturers, markets, and sells.   (Complaint, ¶ 14.) Plaintiff Chapman of Ohio, Plaintiff Vennel of Pennsylvania, and Plaintiff Jackson of Colorado, the only putative named class plaintiffs, each separately purchased a Pressure Cooker at a Target store.  (*Id.*, ¶¶ 11-13.)   Plaintiffs allege that all Pressure Cookers are defectively designed.  (*Id.*, ¶¶ 3-5.)  Specifically, Plaintiffs contend that the Pressure Cookers have a defective "release valve," "gasket," and "built-in safety feature" ("Defect").   (*Id.*, ¶ 32.)

Because of the purported Defect, Plaintiffs claim that their Pressure Cookers allegedly exploded while they were using it, causing bodily injuries.  (Complaint, ¶¶ 35-46.)  In addition, Plaintiffs allege that "Tristar's Pressure Cooker cannot be used safely for its intended purpose of preparing meals at home."  (*Id.*, ¶ 10.)  Plaintiffs also contend that they "are now unable to use their Pressure Cookers for their intended purpose…" (*Id.*, ¶ 27.)   Furthermore, Plaintiffs do not assert that they will purchase or use the Pressure Cookers in the future.   Instead, Plaintiffs and the putative class members would never have purchased the Pressure Cookers had they known about the alleged Defect.  (*Id.*, ¶ 55.)

### B.   The Alleged Representations Regarding the Pressure Cookers

Plaintiffs contend that the Pressure Cooker's Owner's Manual allegedly makes representations about the design and safety of the Pressure Cookers and specific warranties (e.g., free from defect) about the Pressure Cookers.  (Complaint, ¶¶ 4; 21-

3

22.)  Plaintiffs then allege that they relied on these purported representations and warranties when they *used* the Pressure Cookers *after purchasing* them.  (*Id.*, ¶¶ 35-36; 39-40; 43-44.)  For example, Plaintiff Vennel alleges:  "Having read and understood the instructions and having relied on Tristar's representations that the product was safe, functional, and ready for use, *she selected the soup option* and set the time for twenty-five minutes."  (*Id.*, ¶ 39, emphasis added.)  Because the Owner's Manual is inside the Pressure Cooker's packaging, Plaintiffs cannot, and do not, contend that they relied on the Owner's Manual in selecting and purchasing the Pressure Cookers.

In addition to the Owner's Manual, Plaintiffs also generally claim that Tristar's website and a YouTube video make similar representations regarding the safety and design of the Pressure Cookers.  (*Id.*, ¶¶ 24-25.)  But Plaintiffs never specifically assert that they reviewed or relied on Tristar's website or the YouTube video in selecting and purchasing the Pressure Cookers.

## C.   <u>Plaintiffs' Class Action Complaint Against Tristar</u>

Based on these allegations, Plaintiffs filed a class action lawsuit against Tristar. Plaintiffs seek to certify a broadly defined nationwide class ("all persons in the United States who purchased and own a [Pressure Cooker]") with Plaintiffs as the putative class representatives, an Ohio class ("all persons who reside in Ohio who purchased and own a [Pressure Cooker]") with Plaintiff Chapman as the putative class representative, a Pennsylvania class ("all persons who reside in Pennsylvania who purchased and own a [Pressure Cooker]") with Plaintiff Vennel as the putative class representative, and a Colorado class ("all persons who reside in Colorado who purchased and own a [Pressure Cooker]") with Plaintiff Jackson as the putative class

4

representative.   (Complaint, ¶¶ 69-72.)   Tristar moves to dismiss: (1) the nationwide class action claims (First through Fifth Claims and Thirteenth Claim); (2) the nationwide injunctive and declaratory relief claim (Thirteenth Claim); (3) the individual and class OCSPA claim (Seventh Claim); (4) the UTPCPL claim (Eighth Claim); (5) the breach of express warranty claim under Pennsylvania law (Ninth Claim); and (6) the CCPA class claim (Eleventh Claim).[1]

### III.    LEGAL ANALYSIS AND ARGUMENT

### A.    Plaintiffs Lack Article III Standing to Assert Nationwide Class Claims and Seek Injunctive and Declaratory Relief.

Plaintiffs assert nationwide class claims (First through Fifth Claims and Thirteenth Claim) and an injunctive and declaratory relief claim (Thirteenth Claim) against Tristar.   However, Plaintiffs do not have standing to pursue these claims. Therefore, the claims should be dismissed.

Article III standing is a threshold issue that must be addressed at the beginning of any lawsuit.  "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). *See also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Lamberty v. Hartman*, 517 F.3d 433, 437 (6th Cir. 2008) (quoting *Lyons*); *In re: Packaged Ice*, 779 F. Supp. 2d 642, 653 (E.D. Mich. 2011) ("Article III standing is a

---

[1] By reciting in this Motion the allegations in Plaintiffs' Complaint, Tristar is not admitting or agreeing to any of the allegations, including, without limitation, that it is liable under any claim in this case and that it designs or manufactures the Pressure Cooker.  Rather, Tristar previously filed its Answer and refers the Court to its denials and assertions in the Answer.

threshold question in every federal case and 'determin[es] the power of the court to entertain the suit.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Standing is also a required threshold issue in class actions:  "'That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n. 20 (1976)).  *See also Rosen v. Tenn. Comm'r of Fin. and Admin.*, 288 F.3d 918, 928 (6th Cir. 2002) ("It is well settled that, at the outset of litigation, class representatives without personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer.") (citing *Warth*, 422 U.S. at 501); *In re: Wellbutrin XL*, 260 F.R.D. 143, 152 (E.D. Pa. 2009).  In addition, plaintiffs must establish standing separately for each claim, be it injunctive relief or damages.  *See, e.g., Hearring v. Sliwowski*, 806 F.3d 864, 868 (6th Cir. 2015); *In re: Wellbutrin XL*, 260 F.R.D. at 152 ("Standing in the context of class actions remains a claim by claim prerequisite.").

Article III standing requires the lawsuit to involve a present case or controversy.  *See Lyons*, 461 U.S. at 101.  For there to be standing, and therefore, a case or controversy, a plaintiff must satisfy the following three elements: (1) plaintiff must have suffered an "injury in fact" – an invasion of a legally protected right, which is concrete and particularized and actual and imminent, not conjectural; (2) the injury "'must be fairly traceable to the challenged action of the defendant"; and (3) it must be likely that

6

the injury will be "'redressed by a favorable decision.'"  *Fednav Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008) (citation omitted).  Plaintiffs cannot meet their burden that they have Article III standing to pursue a nationwide class action and declaratory and injunctive relief.  Accordingly, those claims should be dismissed.

### 1. Plaintiffs can only pursue claims under the laws of the states in which they reside or were injured.

Federal courts routinely have concluded that a named class plaintiff does not have standing to assert claims under the laws of the state in which he does not reside, or in which he suffered no injury.  *See, e.g., In re: Wellbutrin XL,* 260 F.R.D. at 152 ("A named plaintiff whose injuries have no causal relation to, or cannot be redressed by, the legal basis for a claim does not have standing to assert that claim."); *In re: Packaged Ice*, 779 F. Supp. 2d at 659 ("The [Complaint] simply fails to name plaintiffs who have suffered the injuries giving rise to claims under the laws of any of the states in which the named Plaintiffs do not reside.  The current Plaintiffs have no standing to bring those claims."); *Smith v. Title Ins. Corp.*, No. 07-12124, 2009 U.S. Dist. LEXIS 16140, *7-8 (E.D. Mich. March 2, 2009) ("In this case, besides the state of Michigan, the plaintiff has not alleged injury in any other state, nor are his particular claims based on the application of the laws of any other state.  Consequently, the plaintiff lacks standing to bring state law claims arising under the laws of the [other states]."); *McGuire v. BMW of N. Am., LLC*, No. 13-7356, 2014 U.S. Dist. LEXIS 77009, *17 (D.N.J. June 6, 2014) ("[T]his Court agrees that the Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury.'"); *Federman v. Bank of Am., N.A.*, No. 14-0441, 2014 U.S. Dist. LEXIS 175565, *35 (D.N.J. Dec. 16, 2014).  There is no dispute about this principle of law.

7

The issue, however, is whether the standing issue should be addressed before class certification.  *Compare In re: Packaged Ice*, 779 F. Supp. 2d at 653 (concluding that federal courts are split on the issue of whether to decide the standing issue before class certification); *with Federman*, 2014 U.S. Dist. LEXIS 175565 at *29 ("Some district courts, including other courts in this District, have found questions of individual standing of the named plaintiff to be premature before the class certification stage.").  The Sixth Circuit has not directly addressed this issue of standing in a consumer class action where plaintiffs seek a nationwide class action, despite not identifying a named class plaintiff for each of the 50 states.  *See In re: Packaged Ice*, 779 F. Supp. 2d at 653 ("The United States Court of Appeals for the Sixth Circuit has not ruled on this issue. Within this district, courts have issued conflicting opinions on the subject.").

Based on court decisions in other circuits, the analysis of whether standing in class actions should be decided first before class certification depends on the interpretation and application of two sets of U.S. Supreme Court decisions.  On the one hand, there are the U.S. Supreme Court decisions that hold that Article IIII standing is a threshold issue.  *See, e.g., Warth*, 422 U.S. 490 at 500; *Lyons*, 461 U.S. at 101; *Lewis* 518 U.S. at 357.  On the other hand, there are the U.S. Supreme Court decisions in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) in which the Supreme Court decided class certification issues prior to addressing the Article III standing because the class certification issues were "logically antecedent to the existence of Article III issues…."  *Amchem*, 512 U.S. at 591-92; *see also*, *Ortiz*, 521 U.S. at 831.  The Supreme Court applied the "logically antecedent" standard in these two cases to decide the limited issue of whether the

8

absent class members in a nationwide asbestos class action global settlement, and not the named plaintiffs, had standing.  *See In re: Wellbutrin XL,* 260 F.R.D. at 153.  "Thus, in a case involving a global settlement in which certain members of a proposed class may not have standing to sue and where the Court was presented with a request for class certification and standing issues simultaneously, the Supreme Court addressed dispositive certification issues prior to issues of Article III standing."  *Id.*

Courts addressing the Article III standing issue first have concluded that no court decision, including any United States Supreme Court decision, has dictated that issues of standing of the *named* plaintiffs in class actions be deferred until class certification.  *See, e.g., In re: Wellbutrin XL,* 260 F.R.D. at 155; *In re: Packaged Ice*, 779 F. Supp. 2d at 654 ("[N]either *Ortiz* nor *Amchem* requires that Article III standing issues be deferred until a class has been certified."); *McGuire*, 2014 U.S. Dist. LEXIS 77009 at *18 ("Plaintiff has cited no binding authority directing this Court to defer such considerations and no authority cautioning this Court that such a deferral would be in the interest of justice.").  They also conclude that no court, including the *Ortiz* and *Amchem* Courts, have overturned *Warth* or *Lewis* (i.e., standing is a threshold issue) "with respect to named plaintiffs' standing requirements."  *In re: Wellbutrin XL,* 260 F.R.D. at 155.  *See also, McGuire*, 2014 U.S. Dist. LEXIS 77009 at *18 (*Ortiz* and *Amchem* do "not permit a court to defer such analysis when standing issues do not revolve around absent class members but rather around the *named* plaintiff himself") (emphasis added).  In other words, unlike the issue of putative class member standing, the issue of class certification in this case is not "logically antecedent" to the issue of standing of the named plaintiff.  Rather, the standing issue in these cases, like here, directly addresses

9

whether the named plaintiff had suffered an injury under each specific state law and whether each state law could redress that alleged injury, two of the factors in considering whether there is standing.

In addition, these courts have determined that following the rationale of *Ortiz* and *Amchem* to defer the standing determination until class certification would result in burdensome and costly discovery:

> The alternative proposed by the plaintiffs [to follow the rationale of *Ortiz* and *Amchem*] would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union.  At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share.  That would present the precise problem that the limitations of standing seek to avoid.

*In re: Wellbutrin XL,* 260 F.R.D. at 155; *In re: Packaged Ice*, 779 F. Supp. 2d at 655; *In re: Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 U.S. Dist. LEXIS 121373, *37-38 (D.N.J. Oct. 20, 2011); *McGuire*, 2014 U.S. Dist. LEXIS 77009 at *17-18.  These courts have decided "not [to] indulge in the prolonged and expensive implications of the plaintiffs' position only to be faced with the same problem months down the road."  *In re: Wellbutrin XL,* 260 F.R.D. at 155.[2]  This Court should likewise not permit Plaintiffs to pursue their nationwide class claims.[3]

---

[2] Other courts have followed the same analysis.  *See In re: Packaged Ice*, 779 F. Supp. 2d at 655 (lengthy string cite of cases in accord with that decision).

[3] As demonstrated below and in its Answer, Tristar is not conceding that for the Sixth through Thirteenth Claims Plaintiffs have stated a claim for relief upon which relief can be granted or that they are entitled to any relief under those claims.

The Complaint does not identify a named plaintiff for each of the fifty states. Rather, it identifies only three named plaintiffs: (1) Plaintiff Chapman of Ohio; (2) Plaintiff Vennel of Pennsylvania; and (3) Plaintiff Jackson of Colorado.  (Complaint, ¶¶ 11-13.) They purportedly purchased their Pressure Cookers in their respective states and were allegedly injured in those three states.  The Complaint does not allege that they have any causal relation to the other 47 states or that they were injured in those other states.  Furthermore, the laws of the other 47 states will not redress their alleged injuries.  Therefore, they have no standing under the laws of the other 47 states.

Moreover, Plaintiffs should not be able to engage in a lengthy and expensive nationwide class action just to reach the same result months down the road.  *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011) (affirming the striking of a nationwide class action because the class would be unmanageable as the nationwide claims would have to be decided under the laws of each state) (relying on and quoting *In re: Am. Med. Systems, Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996)).  Here, the laws of the various states that would apply to Plaintiffs' nationwide class claims also conflict, which would lead to the same result as in *Pilgrim* – denial of a nationwide class. *See, e.g., In re: Am. Med.*, 75 F.3d at 1085-1086 (reversing nationwide class certification in product liability case and observing that the law of negligence differed among the states); *Cole v. GMC*, 484 F.3d 717, 724-730 (5th Cir. 2007) (outlining variation in the substantive laws of express and implied warranties of nationwide jurisdictions in upholding order denying certification of class); *In re: Bridgestone/Firestone*, 288 F.3d  1012, 1015-1016 (7th Cir. 2002) (citations omitted) (reversing order certifying nationwide classes, recognizing that "state laws about such

11

theories as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty, fraud, or products-liability suits may not proceed as nationwide classes"); *Thompson v. Procter & Gamble Co.*, No. C-80-3711, 1982 U.S. Dist. LEXIS 18313, *2 (N.D. Cal. Dec. 8, 1982) ("State product liability law varies greatly . . . and the definition of what constitutes a 'defective' product largely depends on the applicable state law"); *Clay v. American Tobacco Co.*, 188 F.R.D. 483, 501-502 (S.D. Ill. 1999).

This Court should dismiss the nationwide class claims and "not indulge in the prolonged and expensive implications of the plaintiffs' position only to be faced with the same problems months down the road."  *In re: Wellbutrin XL,* 260 F.R.D. at 155.

### 2. <u>Because Plaintiffs will never purchase or use the Pressure Cookers in the future, Plaintiffs lack standing to seek injunctive and declaratory relief.</u>

Dismissal for lack of standing is likewise appropriate for Plaintiffs' claim for injunctive and declaratory relief.  In the context of such relief, Plaintiffs must show that there is a "sufficient likelihood that he will again be wronged in a similar way." *Lyons*, 461 U.S. at 111; *Hange v. City of Mansfield*, 257 Fed. Appx. 887, 891 (6th Cir. 2007) ("[t]he individual must allege a substantial likelihood that he or she will be subjected in the future to the allegedly illegal policy.").  Additionally, when allegations establish that a defendant may harm other people, but not necessarily that the defendant will harm the plaintiff again, there is no likelihood of future injury that would establish Article III standing for injunctive and declaratory relief.  *See McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 223 (3rd Cir. 2012).  "In sum, '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if

12

unaccompanied by any continuing, present adverse effects.'" *Hange*, 257 Fed. Appx. at 892 (quoting *O'Shea*, 414 U.S. 488).

Federal courts regularly have applied this standard and dismissed claims for injunctive and declaratory relief when there is no likelihood that the plaintiff will purchase the product again.  In *Dicuio v. Brother Int'l Corp.*, No. 11-1447, 2012 U.S. Dist. LEXIS 112047 at *14-16 (D.N.J. Aug. 9, 2012), the court dismissed the plaintiff's injunctive relief claims, holding that the plaintiff lacked standing to seek prospective injunctive relief.  The court found that "Plaintiffs have not alleged that they intend to purchase another Brother printer in the future, which is the only means by which Defendant's alleged misrepresentations could induce them to buy a second printer under the belief that only exhausted color cartridges need be replaced in order to continue printing in color."  *Id.* at *15.  The court further rejected the contention that continued ownership of an allegedly deceptively marketed product could confer standing.  *Id.*  ("While *McNair* involved former customers, and the plaintiffs here still own and use their printers, I find the circuit's holding nonetheless dispositive here . . . . [A]n injunction would . . . have no effect on current owners like Plaintiffs who have already purchased the printer.").

In *Robinson v. Hornell Brewing Co.*, No. 11-2183, 2012 U.S. Dist. LEXIS 51460 at *4 (D.N.J. April 11, 2012), the court likewise held that the plaintiff did not have standing to seek prospective injunctive relief because there was no likelihood that he would purchase the defendant's products again, and thus had no risk of future injury. The court observed that "[t]he present case is controlled by *McNair*.  Here, Plaintiff . . . has no intention of ever purchasing any Arizona product in the future."  *Id.  See also, e.g.,* in *In re Gerber Probiotic Sales Practices Litig.*, No. 12-835, 2013 U.S. Dist. LEXIS

13

121192 at *23 (D.N.J. Aug. 23, 2013) (In dismissing plaintiff's injunctive relief claim, the Court explained that "no Plaintiff alleges that he or she is likely to 'suffer future injury from the defendant's conduct [and in] the class action context, that requirement must be satisfied by at least one named plaintiff.'") (quoting *McNair*, 672 F.3d at 223);  *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 960 (N.D. Cal. 2015) ("Even if plaintiff were to allege that he intends to buy these wipes again, and even if plaintiff has continued and will continue to purchase those wipes daily, the nature of his alleged injury, *i.e.*, deception, is such that he personally cannot be harmed in the same way again."); *Bohn v. Boiron, Inc.*, No. 11-08704, 2013 U.S. Dist. LEXIS 107928 at *11 (N.D. Ill. Aug. 1, 2013) (dismissing injunctive relief claim because "Bohn has not alleged that she personally will likely suffer future harm based on Boiron's actions [and thus] Bohn lacks standing"); *Castagnola v. Hewlett-Packard Co.*, No. 11-05772, 2012 U.S. Dist. LEXIS 82026 at *16 (N.D. Cal. June 13, 2012) (granting motion to dismiss where "Plaintiffs do not allege that they intend to purchase products from Snapfish.com in the future or that, if they did, they would seek to participate in the Snapfish ValuepassSM program"); *Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618, 626 (N.D. Cal. 2011) (finding that a plaintiff who alleged that the defendant had misrepresented the performance of its solid state drives lacked standing to pursue injunctive relief because "any loss of value to Wang's Agility 2 SSD has already occurred.  If Wang paid an inflated price for the product based on OCZ's alleged misrepresentations, he is in no danger of doing so again."); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1151 (N.D. Cal. 2010) (concluding that most of the named plaintiffs and the purported class lacked standing because they did not allege that they still used their

14

defective beds, would use those beds in the future, or would ever purchase another of defendant's beds); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) (finding that the plaintiff lacked standing to seek injunctive relief because "it is unclear how prospective relief will redress her injury, since she is now fully aware of the linens' thread count" and she was not 'realistically threatened by a *repetition* of the violation'" to support declaratory or injunctive relief.)(citation omitted).

These cases are consistent with *Neuman v. L'Oreal USA S/D, Inc.*, No. 1:14-CV-01615, 2014 U.S. Dist. LEXIS 146525 (N.D. Ohio Oct. 14, 2014), in which this Court addressed the question of whether "a plaintiff has standing to seek an injunction against allegedly deceptive advertising even though she does not plan to purchase the product in question again" and held that she does not. *Id.* at *2. Although this Court recognized that *some* courts have allowed plaintiffs to seek an injunction even though they would not purchase the product again, it distinguished those cases and concluded that "[t]he result that a plaintiff who suffers no risk of future injury cannot obtain an injunction *furthers the purpose of the Article III standing inquiry*—to ensure that there is a live case or controversy between the parties." *Id.* at *2 (emphasis added). The same reasoning applies to Plaintiffs' injunctive and declaratory relief claim.

Here, Plaintiffs seek injunctive and declaratory relief (Complaint, ¶ 237-243, Prayer for Relief, ¶¶ C and D), but cannot demonstrate any possibility, let alone likelihood, that their alleged injury will occur again. Plaintiffs do not allege that they still use the Pressure Cookers. Indeed, Plaintiffs allege that "Tristar's Pressure Cooker cannot be used safely for its intended purpose of preparing meals at home." (*Id., ¶ 10*). Plaintiffs also allege that they "are now unable to use their Pressure Cookers for their

intended purpose…." (*Id.*, ¶ 27).  Additionally, Plaintiffs do not, nor could they, allege that they plan to purchase a Pressure Cooker in the future.  To the contrary, Plaintiffs assert that they and the putative class members would not have purchased the Pressure Cookers had they known about the alleged Defect.  (*Id.,* ¶ 55).  Thus, it would be illogical for Plaintiffs to purchase or use the Pressure Cookers again.  The *McNair* court specifically rejected speculation to the contrary.  *See McNair*, 672 F.3d at 225 ("Perhaps they may accept [defendant's] offer in the future, but, speaking generally, the law accords people the dignity of assuming that they act rationally, in light of the information they possess.").  With no possibility that Plaintiffs will use or purchase the Pressure Cookers in the future, there is no likelihood that they will be injured by Tristar's alleged misrepresentations.  Therefore, Plaintiffs do not have standing to seek injunctive and declaratory relief, and the claim should be dismissed with prejudice.

**B.**   **The Complaint's OCSPA, UTPCPL, Breach of Express Warranty, and CCPA Claims Should be Dismissed with Prejudice.**

"'[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do.'" *Ferron v. Zoomego, Inc.*, 276 Fed. Appx. 473, 475 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).  "[I]f no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief," dismissal pursuant to Rule 12(b)(6) is appropriate.  *Han v. Univ. of Dayton*, No. 13-3048, 2013 U.S. App. LEXIS 22788, *5-6 (6th Cir. 2013) (*citing Twombly*, 550 U.S. at 561-64).  Furthermore, factual allegations must be enough to raise a right to relief above the speculative level. *Id*.  In other words, the complaint "must contain sufficient factual matter, accepted as

16

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). It is not sufficient if the complaint merely consists of "'naked assertions'" devoid of "'further factual enforcement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs' Complaint relating to the individual and class OCSPA claim, the UTPCPL claim, the breach of express warranty claim under Pennsylvania law, and the class CCPA claim do not satisfy this standard. They either fail as a matter of law (e.g., the OCSPA individual and class claim and the CCPA class claim) or the claims merely recite "naked assertions" that the Plaintiffs relied on Tristar's representations and warranties at the time they purchased the Pressure Cookers without any factual support (e.g., the UTPCPL claim and the breach of express warranty claim). Either way these claims should be dismissed with prejudice.

### 1.     **Plaintiff Chapman has not alleged that Tristar had prior notice in order to pursue an OCSPA class action lawsuit.**

Plaintiff Chapman contends that Tristar has violated the OCSPA, specifically O.R.C. 1345.02(B)(1) and (B)(2). (Complaint, Seventh Claim.) Specifically, he alleges that "Tristar has engaged in unfair, deceptive, and unconscionable practices by: (a) marketing and selling the defective Pressure Cooker; (b) intentionally failing to disclose and/or concealing the known Defect and risks; and (c) warranting that the Pressure Cooker is free from defects and possess built-in safety features." (*Id.*, ¶ 169). Ohio law bars Plaintiff's Chapman's OCSPA class action claim.

The OCSPA prohibits suppliers from committing unfair, deceptive, or unconscionable consumer sales practices outlined in O.R.C. 1345.02 and 1345.03. *See McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 742-743 (N.D. Ohio 2010). A

consumer may pursue a class action for an OCSPA violation.  *See Marrone v. Phillip Morris USA, Inc.,* 110 Ohio St. 3d 5, 6 (2006).

Under O.R.C. 1345.09(B), however, a plaintiff must first establish that the "supplier acted in the face of prior notice that its conduct was deceptive or unconscionable."  *Id.* at 7.  The consumer can satisfy this prior notice requirement only by: (1) a rule adopted by the Ohio Attorney General; or (2) an Ohio court decision made available for public inspection by the Attorney General.  *Id.* at 7-8.  If Plaintiff Chapman cannot satisfy this prior notice requirement, then the OCSPA class claim must be dismissed.  *See Robins v. Global Fitness Holdings*, LLC, 838 F. Supp. 2d 631, 649 (N.D. Ohio 2012).  That is exactly the outcome required here.

Plaintiff Chapman does not cite to any rule adopted by the Ohio Attorney General or any Ohio court decision made available by the Attorney General for public inspection that Tristar's conduct was allegedly deceptive or unconscionable.  His references to other lawsuits outside Ohio and to complaints on the internet (Complaint, ¶¶ 57-62) do not qualify as an Ohio Attorney General rule or Ohio court decision published by the Attorney General.  Accordingly, Plaintiff Chapman's OCSPA claim should be dismissed with prejudice.

### 2.     The OPLA preempts Plaintiff Chapman's individual OCSPA claim.

The same result is required for Plaintiff Chapman's individual OCSPA claim.  Courts consistently have concluded that "the OPLA has [ ] been held to preempt claims under the OCSPA, where the OCSPA claims are primarily rooted in product liability claims."  *Mitchell v. Procter & Gamble Co.*, No. 2:09-CV-426, 2010 U.S. Dist. LEXIS 17956, *12 (S.D. Ohio March 1, 2010); *Bouchard v. Am. Home Prods. Corp.*, No. 3:98

18

CV 7541, 2002 U.S. Dist. LEXIS 27517, (N.D. Ohio May 24, 2002) ("[P]laintiff's claim under the OCSPA was preempted by the PLA, because the PLA 'addresses personal injury which arises from marketing, a lack of warning, or failure of the product to conform to any relevant representation or warranty.'") (citation omitted).   Preemption is dictated here as well.

Plaintiff Chapman asserts both an OPLA and OCSPA claim based on the purported Defect that allegedly resulted in bodily injury.  (Complaint, ¶¶ 9, 38, 153-166, 168-176.)  This cannot be disputed.  Indeed, the OCSPA claim is based in part on "Tristar's failure to warn of the Defect…." (*Id.*, ¶ 171.)  Yet, the OPLA encompasses a failure to warn claim (O.R.C. 2307.76) and Plaintiff Chapman's OPLA claim in fact asserts a failure to warn claim.  (Complaint, ¶ 163.)  In addition, his OPLA claim includes allegations that the Pressure Cooker purportedly did not conform to Tristar's warranties and representations, which is the same as his OCSPA.  (*Id.*, ¶¶ 165, 170, 172, 173.)   Therefore, the OPLA preempts Plaintiff Chapman's OCSPA claim.  The claim should be dismissed with prejudice.  *See Mitchell*, 2010 U.S. Dist. LEXIS 17956 (dismissing OCSPA claim because the OPLA preempted it); *Blake v. Interneuron Pharms.*, No. C-1-98-672, 1998 U.S. Dist. LEXIS 23667, *4 (S.D. Ohio Dec. 8, 1998) (same).

### 3.    **Plaintiff Vennel's UTPCPL and breach of express warranty claims fail to allege any facts that she relied on Tristar's alleged representations in purchasing the Pressure Cooker.**

Plaintiff Vennel brings a UTPCPL claim and a breach of express warranty claim under Pennsylvania law.  (Complaint, Eighth and Ninth Claims.)  Both claims require Plaintiff Vennel to allege that she relied on Tristar's purported representations in

purchasing the Pressure Cooker.  *See, e.g., Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 202 (Pa. 2007) ("[A] plaintiff alleging violations of the Consumer Protection law must prove justifiable reliance."); *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) ("To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation..."); *Yurcic v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386, 394 (M.D. Pa. 2004) (in dismissing a breach of warranty claim, the court concluded that a plaintiff "must plead such statements, reliance on behalf of the consumer, which presumes an awareness of the warranty, and finally damages."); *Fleisher v. Fiber Composites, LLC*, No. 12-1326, 2012 U.S. Dist. LEXIS 157343, **18-19 (E.D. Pa. Nov. 2, 2012) (dismissing breach of warranty claim where Plaintiffs failed to allege that they "read, heard, saw, or knew of" an express warranty prior to purchase of the product or were otherwise induced to buy the product based on such statements).  Plaintiff Vennel, however, merely provides a formulaic recitation of the reliance element of these claims that are devoid of any facts that she specifically relied on Tristar's representations and warranties at the time she selected and purchased the Pressure Cooker.  Therefore, her UTPCPL and breach of express warranty claims should be dismissed.

For both claims, Plaintiff Vennel merely alleges that she relied on Tristar's warranties and representations in the Owner's Manual and "other promotional materials relating to the Pressure Cooker."  (Complaint, ¶¶ 183-184, 190-191.)  Yet, she never reviewed the Owner's Manual prior to purchase and she never specified in the Complaint the "other promotional materials" that she allegedly reviewed.  In fact, she does not contend that she relied on Tristar's website or YouTube video, the only other

20

specific sources of the representations and warranties asserted in the Complaint.  (*Id.*, ¶¶ 24-25.)    Plaintiff Vennel's formulaic recitation that she relied on Tristar's representations and warranties, without any factual support, does not satisfy the Rule 12(b)(6) standard.  Merely parroting the legal element of reliance does not comport with the dictates of *Twombly* and *Iqbal*.  The claims should be dismissed.

Under similar facts, courts have dismissed UTPCPL and breach of express warranty claims with prejudice.  *See, e.g., Centennial Sch. Dist. v. Independence Blue Cross*, No. 93-3456, 1994 U.S. Dist. LEXIS 2098, *22-23 (E.D. Pa. Feb. 28, 1994) ("Without any allegation that the plaintiff purchased in reliance upon the misrepresentations, there can be no cause of action under the UTPCPL."); *Cole v. NIBCO, Inc.*, No. 3:13-cv-07871, 2015 U.S. Dist. LEXIS 65960, *33 (D.N.J. May 20, 2015) (dismissing UTPCPL claim because plaintiffs "include[d] no specific factual allegations stating that they chose to have [defendant's] products installed in their home because of defendant's allegedly deceptive business practices, let alone factual allegations about when, where, and how they were exposed to defendant's allegedly deceptive practices."); *Kee v. Zimmer, Inc.*, 871 F.Supp.2d 405, 412 (E.D. Pa. 2012) (dismissing UTPCPL claim, in part, because plaintiff failed "to allege facts supporting the nature of her reliance"); *Yurcic*, 343 F. Supp. 2d at 394 (dismissing breach of warranty claim where plaintiffs failed to allege reliance on the warranty); *Fleisher*, 2012 U.S. Dist. LEXIS 157343 at **18-19 (dismissing breach of warranty claim).[4]  The same

---

[4] Plaintiff Vennel's error is even more egregious considering that the UTPCPL claim sounds in fraud and must satisfy the heightened pleading requirements of Rule 9(b). *See Cole*, 2015 U.S. Dist. LEXIS 65960 at *33 (*citing Post v. Liberty Mut. Grp., Inc.*, No. 14-CV-238, 2014 U.S. Dist. LEXIS 83373, at *2-4 (E.D. Pa. June 18, 2014)).

result is dictated here – dismissal of the UTPCPL and breach of express warranty claims with prejudice.

### 4. <u>Colorado law bars Plaintiff Jackson's CCPA class action claim</u>.

Plaintiff Jackson asserts a CCPA class action claim seeking exclusively monetary damages.  (Complaint, Eleventh Claim.)  Colorado law unequivocally bars CCPA class action claims for monetary damages. Therefore, this claim should be dismissed with prejudice.

The statutory language of the CCPA expressly precludes statutory class action lawsuits for monetary damages:

> (2)  **Except in a class action** or a case brought for a violation of section 6-1-709, any person who, in a private civil action, is found to have engaged in or caused another to engage in any deceptive trade practice listed in this article shall be liable in an amount equal to the sum of:
>
> (a)  The greater of:
>
> (I)  The amount of actual damages sustained; or
>
> (II)  Five hundred dollars; or
>
> (III)  Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus
>
> (b)  In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court.

Colo. Rev. Stat. 6-1-1132(2) (emphasis added).

Courts throughout the country repeatedly have held that based on this provision a plaintiff cannot bring a class action for monetary damages under the CCPA.  *See, e.g., Martinez v. Nash Finch Co.*, 886 F.Supp.2d 1212, 128-1219 (D. Colo. 2012) ("[Section 6-1-1132(2)] limits such liability to specified remedies, and expressly states

that such remedies are not applicable in class actions.  By logical extension, the CCPA creates no statutory liability for a defendant in a private class action.");  *Friedman v. Dollar Thrifty Auto Grp., Inc.*, No. 12-cv-02432-WYD-KMT, 2015 U.S. Dist. LEXIS 85698, *6-17 (D. Colo. July 1, 2015) (citing and following *Martinez*); *Simmons v. Author Solutions LLC*, No. 13cv2801, 2015 U.S. Dist. LEXIS 85868, *17-18 (S.D.N.Y. July 1, 2015) (same); *Tasion Communications, Inc. v. Ubiquitti Networks, Inc.*, No. C-13-1803, 2014 U.S. Dist. LEXIS 35455, *33-34 (N.D. Cal. March 14, 2014) (same); *In re: Elk Cross Timbers Decking Mktg., Sales Practices and Products Liab. Litig.*, No. 15-18, 2015 U.S. Dist. LEXIS 144790, *54-56 (D.N.J. Oct. 26, 2015) (same); *In re: Syngenta AG MIR 162 Coru Litig.*, 131 F. Supp. 3d 1177, 1235 (D. Kan. 2015) (same). Therefore, Plaintiff Jackson's CCPA class action claim for monetary damages should be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Complaint's nationwide class claims (First through Fifth Claims and Thirteenth Claim) and injunctive and declaratory relief claim (Thirteenth Claim), Ohio Consumer Sales Practices Act individual and class claim (Seventh Claim), Pennsylvania Unfair Trade Practices and Consumer Protection Law claim (Eighth Claim), Pennsylvania breach of express warranty claim (Ninth Claim), and Colorado Consumer Protection Act class claim (Eleventh Claim) should be dismissed.

Respectfully submitted,

/s/ Lawrence A. Sutter

Lawrence A. Sutter (0042664)
Brian E. Roof (0071451)
Nathan F. Studeny (0077864)
Sutter O'Connell
1301 East 9th Street
3600 Erieview Tower
Cleveland, OH 44114
(216) 928-2200 phone
(216) 928-4400 facsimile
lsutter@sutter-law.com
broof@sutter-law.com
nstudeny@sutter-law.com

Counsel for Defendant Tristar Products, Inc.

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

I certify that this case has not been assigned to a track and that this Partial Motion to Dismiss adheres to the 25-page limit set forth in the Court's July 1, 2016 order in response to Defendant's Motion for Leave to Exceed Page Limits.

/s/ Lawrence A. Sutter
Lawrence A. Sutter (0042664)

## **CERTIFICATE OF SERVICE**

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Lawrence A. Sutter
Lawrence A. Sutter (0042664)