UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| KENNETH CHAPMAN et. al., | : | CASE NO. 16-cv-1114 |
| Plaintiffs, | : | |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 18, 23, 29] |
| TRISTAR PRODUCTS, INC., | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers from Defendant Tristar.[1] Plaintiffs filed a lawsuit alleging that the Defendant's pressure cookers have manufacturing and design defects that cause them to explode.[2] The Defendant moves to dismiss several of the Plaintiffs' claims.[3] Plaintiffs oppose.[4]

For the following reasons, this Court **GRANTS IN PART** and **DENIES IN PART** the Defendant's motion to dismiss.

**I.    Background**

Pressure cookers cook food by building-up and trapping steam within the appliance. After use, pressure cookers slowly release the accumulated pressure so a user can safely open the device.

During 2015 and 2016, the Plaintiffs each purchased the Power Pressure Cooker XL ("Pressure Cooker" or "Cooker") from Defendant Tristar. The Plaintiffs say that the Pressure

---

[1] Doc. 1 ¶¶ 35-46.
[2] *Id.* ¶ 4.
[3] Doc. 18.
[4] Doc. 23.

Case No. 16-cv-1114
Gwin, J.

Cookers suffer from a design defect that causes them to explode during routine use.[5] Specifically, the Plaintiffs allege that the Pressure Cookers have a defective pressure release valve that inaccurately informs users that they can safely open their Pressure Cookers.[6] The Plaintiffs say that they suffered injuries when they opened their Cookers and scalding contents erupted onto them and their property.[7]

The Plaintiffs seek to certify a nationwide class to sue Defendant Tristar for breach of express warranty, breach of implied warranty of merchantability, negligence, unjust enrichment, strict product liability, and injunctive and declaratory relief. Additionally, Ohio resident Plaintiff Chapman moves to certify an Ohio class to sue for violations of the Ohio Product Liability Act and the Ohio Consumer Sales Practices Act. Pennsylvania resident Plaintiff Vennel seeks to certify a Pennsylvania class to sue Tristar for violating the Pennsylvania Unfair Trade Practices and Consumer Protection Law and breaching the appliance's express warranty and the implied warranty of merchantability. Finally, Colorado resident Plaintiff Jackson moves to certify a Colorado class to sue for violations of the Colorado Consumer Protection Act and the Colorado Product Liability Act.[8]

Defendant Tristar now moves to dismiss most of the Plaintiffs' claims.[9] Tristar says that the Plaintiffs lack standing to pursue their nationwide claims as well as their requests for injunctive and declaratory relief. Furthermore, the Defendant argues that the Plaintiffs fail to state a claim for several state actions. Plaintiffs oppose.[10]

---

[5] Doc. 1 ¶¶ 3-4.
[6] *Id.* ¶¶ 4-5.
[7] *Id.* at ¶ 9.
[8] *Id.*
[9] Doc. 18.
[10] Doc. 23.

Case No. 16-cv-1114
Gwin, J.

## II. Legal Standard

Defendant Tristar seeks to dismiss the Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint.[11] Generally, Fed. R. Civ. P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks.[12]

Defendant Tristar facially attacks the Plaintiffs' standing,[13] and this Court therefore must accept the Plaintiff's material allegations in the complaint as true.[14] The Plaintiffs have the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1).[15] Lack of subject matter jurisdiction is a non-waivable, fatal defect.[16]

Tristar also attacks the sufficiency of the Plaintiffs' complaint under 12(b)(6).[17] "To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[19]

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted.[20] In deciding a motion to dismiss

---

[11] Fed. R. Civ. P. 12(b)(1).
[12] *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994).
[13] Doc. 18 at 10-11.
[14] *Ritchie,* 15 F.3d at 598.
[15] *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996)
[16] *Von Dunser v. Aronoff,* 915 F.2d 1071, 1074 (6th Cir. 1990).
[17] Doc. 18 at 11.
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[19] *Id.*
[20] Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Case No. 16-cv-1114
Gwin, J.

under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations."[21]

### III.    Analysis

First, this Court denies Defendant's 12(b)(1) challenges regarding the Plaintiffs' standing to bring a nationwide class claim or to sue for injunctive relief. Next, the Court denies the Defendant's 12(b)(6) motions to dismiss Plaintiffs Chapman and Vennel's respective state law claims.  Finally, this Court grants Tristar's motion to dismiss Plaintiff Jackson's Colorado class claim.

A. *This Court will determine if the Plaintiffs have standing to bring nationwide claims at the class certification stage*

Article III standing requires (1) an injury in fact (2) caused by the defendant that (3) can be redressed by a favorable resolution of the suit.[22]  Plaintiffs Chapman, Vennel, and Jackson have standing to bring to bring Ohio, Pennsylvania, and Florida claims.[23]

However, Tristar challenges the Plaintiffs' standing to bring a nationwide class claim because Plaintiffs represent only three states.  Tristar says this Court should rule on this standing question now, rather than wait until the class certification stage.[24]  The Court disagrees.

In two cases involving class settlements, the Supreme Court noted that class certification was dispositive, and, consequently, "logically antecedent" to standing questions.[25]  Although the Sixth Circuit is silent on whether this rule extends beyond settlement litigation,[26] several other

---

[21] *Iqbal*, 556 U.S. at 678-79.
[22] *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).
[23] Generally, the Plaintiffs all allege that their Tristar-manufactured pressure cookers exploded causing them personal or property damage. This injury can be redressed through damages or injunctive relief.  Therefore, the Plaintiffs individually have standing under Article III.
[24] Doc. 18. at 18-23.
[25] *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 612 (1997); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999).
[26] *See, e.g.*, *In re Auto. Parts Antitrust Litig.*, 2013 WL 2456612, at *11 (E.D. Mich. June 6, 2013).

Case No. 16-cv-1114
Gwin, J.

courts have concluded that it does.[27] This Court agrees that "it is appropriate to reach class certification issues first, if they are dispositive, because their resolution is 'logically antecedent'" to standing inquiries for the class.[28]

This Court's ruling on class certification will be dispositive as to the Plaintiffs' nationwide class claims. As part of that ruling, this Court will evaluate the Plaintiffs' standing to bring claims in states other than Ohio, Colorado, and Pennsylvania. The Plaintiffs have adequately established their own individual standing, and this Court will determine the validity of the nationwide class at the certification stage.

   B. *The Plaintiffs have standing to sue for declaratory and injunctive relief*

Defendant Tristar says that the Plaintiffs lack standing to seek declaratory and injunctive relief. This argument loses because Plaintiffs remain at risk for injury from their Pressure Cookers.

Plaintiffs seeking injunctions have standing if they are "likely to suffer future injury."[29] The mere fact of a past injury does not necessarily establish the required likelihood of future harm.[30]

The Plaintiffs have standing to sue for an injunction because they are sufficiently likely to suffer future injury using the Pressure Cookers. They do not say they will never use the Pressure

---

[27] Newberg on Class Actions § 2:2 (5th ed.) (2016) (noting there is "a growing consensus among lower courts . . . that class certification should indeed be decided [before standing] where its outcome will affect the Article III standing determination") (internal citations omitted). *See, e.g., Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662, 667-68 (E.D. Mich. 2008).

[28] *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 353 n.2 (3d Cir. 2013) (quoting *Amchem*, 521 U.S. 591, 612 (1997).
[29] *City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983).
[30] *Id.*

-5-

Case No. 16-cv-1114
Gwin, J.

Cookers again.[31] Instead, the Plaintiffs ask Tristar to "take corrective action to prevent further injuries including . . . issuing a nationwide recall of the Pressure cooker."[32]

In the past, this Court held that a plaintiff lacked standing for prospective relief when the plaintiff would not use a defendant's product again in the future.[33] The instant case differs because Plaintiffs Chapman, Vennel, and Jackson seek injunctive relief to correct a defect in their Pressure Cookers that they may continue to use.

Plaintiffs have standing to sue for injunctive and declaratory relief.

C. *Plaintiff Chapman's Ohio Consumer Sales Practices Act class action claim survives*

Defendant Tristar says that Ohio Plaintiff Chapman fails to state a class claim under the Ohio Consumer Sales Practice Act ("OCSPA").[34] That statute's section on remedies prohibits a plaintiff from bringing a class action under the statute unless the defendant has prior notice that conduct substantially similar to its alleged conduct is deceptive or unconscionable as declared by either (1) a rule adopted by the Ohio Attorney General, or (2) an Ohio state court holding.[35] Ohio courts are to construe the OCSPA liberally in favor of consumers.[36] Tristar argues that Plaintiff Chapman has failed to allege sufficient prior notice, and thus the Court should dismiss their OCSPA claims.

Defendant Tristar's position suffers two flaws. First, Tristar's notice argument is not appropriate at the motion-to-dismiss stage; it belongs at the class certification or summary

---

[31] *See, e.g.*, Doc. 1 ¶ 48. Defendant points to the complaint where Plaintiffs say they are "unable to use their Pressure Cookers for their intended purpose" as evidence the Plaintiffs will not use the Cookers in the future. *Id.* ¶ 27. However, the Defendant excludes the rest of the sentence which states "or [the Plaintiffs] are required to place themselves and their families at risk when using [the Cookers]." *Id.*
[32] *Id.* at ¶ 243.
[33] *Neuman v. L'Oreal USA S/D, Inc.*, 2014 WL 5149288, at *2 (N.D. Ohio Oct. 14, 2014).
[34] Doc. 18. at 28-29. Ohio Rev. Code Ann. § 1345.01 et seq.
[35] *See* Ohio Rev. Code § 1345.09(B); *see also* M*arrone v. Philip Morris USA, Inc.,* 110 850 N.E.2d 31, 33 (Ohio 2006).
[36] *Einhorn v. Ford Motor Co.*, 548 N.E.2d 933, 937 (Ohio 1990).

Case No. 16-cv-1114
Gwin, J.

judgment stages.[37] Second, this Court finds the *Brown v. Lyons* decision satisfies OCSPA's liberal notice requirement.[38] In *Lyons*, an Ohio state court concluded that a defendant violated the OCSPA when he misled consumers about the quality and operation of appliances he sold.[39] Here, Plaintiff Chapman says Tristar misled him about his appliance's safety features.[40] The Court denies Tristar's 12(b)(6) motion to dismiss Chapman's OCSPA class claim.

> D. *Plaintiff Chapman's Ohio Consumer Sales Practice Act survives because he may plead his claims in the alternative*

Defendant Tristar says that Plaintiff Chapman's Ohio Products Liability Act ("OPLA") claim preempts his individual claim under OCSPA. Tristar cites two unreported cases where courts found that an OPLA claim can preempt an OCSPA claim when "both [claims are] primarily rooted in product liability claims."[41] However, Federal Rule of Civil Procedure 8(d)(2) permits Plaintiff Chapman to make alternative claims at this stage of litigation.[42] Tristar may raise this argument at a later point in this case. The Court denies Tristar's premature challenge.

> E. *Plaintiff Vennel's claims survive because she sufficiently pleads reliance*

Tristar asks this Court to dismiss Plaintiff Vennel's breach of express warranty and Pennsylvania Unfair Trade Practices and Consumer Protection Law claims. Tristar says that

---

[37] *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 684 F. Supp. 2d 942, 948 (N.D. Ohio 2009). Although some Sixth Circuit trial courts have decided the notice question before the certification stage, this Court declines to do the same. *See, e.g.*, *Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 693 (S.D. Ohio 2012).
[38] *Brown v. Lyons*, 332 N.E.2d 380, 384 (Ohio Com. Pl. 1974).
[39] *Id.*
[40] Doc. 1 ¶¶ 168-170.
[41] *Mitchell v. Proctor & Gamble*, 2010 WL 728222, at *4 (S.D. Ohio Mar. 1, 2010).
[42] Fed. R. Civ. Pro. Rule 8(d)(2) provides that "a party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

Case No. 16-cv-1114
Gwin, J.

Vennel failed to sufficiently plead the reliance element required by both claims.[43] The Court disagrees.

As discussed in Section II, *Twombly* and *Iqbal* require plaintiffs to plead claims with plausible factual backgrounds.[44] Here, Plaintiff Vennel alleges she relied on Tristar's representations regarding the characteristics, qualities, and standards of the Pressure Cooker.[45] She cites the Pressure Cooker's owner's manual and other promotional materials as the source of her reliance.[46] These assertions sufficiently establish a plausible factual background that Plaintiff Vennel relied on Tristar's representations. The Court denies Defendant's 12(b)(6) motion as to Plaintiff Vennel's claims.

F. *Colorado law bars Plaintiff Jackson's Colorado Consumer Protection Act class claim*

The Colorado Consumer Protection Act ("CCPA") bars class actions seeking monetary damages. Defendant Tristar says this prohibition extends to CCPA class actions brought in federal court. The Court agrees.

When evaluating state procedural restrictions on the availably of class actions for particular types of claims, courts in this district use Justice Stevens' test from his concurrence in *Shady Grove Orthopedic Assoc's. P.A. v. Allstate Ins. Co.*[47] Justice Stevens explains that a state procedural restriction is not preempted by federal law so long as it is "so bound up with," or

---

[43] Plaintiff Vennel contests that breach of express warranty claim includes a reliance element. Doc. 23.at 22-23. This Court declines to address that question in this opinion.
[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[45] Doc. 1 ¶ 183.
[46] *Id.*
[47] 559 U.S. 393, 421-23 (2010) (Stevens, J., concurring). *See, e.g.*, *McKinney v. Bayer Corp.*, 744 F. Supp.2d 733, 747 (N.D. Ohio 2010); *Phillips v. Philip Morris Companies Inc.*, 290 F.R.D. 476, 478-479 (N.D. Ohio 2013); *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 2010 WL 2756947, at *2 (N.D. Ohio July 12, 2010) (vacated on other grounds).

-8-

Case No. 16-cv-1114
Gwin, J.

"sufficiently intertwined with," a substantive state law remedy "that it defines the scope of that substantive right or remedy."[48]

Here, the CCPA prohibits monetary damages in class actions. This restriction is bound up with the CCPA's substantive remedy so that it is defines the CCPA's remedial scope.[49] Therefore, federal law does not preempt the CCPA's class limitation, and Plaintiff Jackson's class claim must be dismissed.

IV. **Conclusion**

For the forgoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Tristar's Motion to Dismiss.

IT IS SO ORDERED.

Dated: October 25, 2016.           s/ *James S. Gwin*
        JAMES S. GWIN
        UNITED STATES DISTRICT JUDGE

---

[48] *Shady Grove*, 559 U.S. at 421-423 (Stevens, J., concurring); *see also*, 1 McLaughlin on Class Actions § 2:46 (13th ed. 2016).

[49] *See Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1219 (D. Colo. 2012) ("[T]he language of [the CCPA statute] . . . defines a defendant's liability under the CCPA in a private action. It limits such liability to specified remedies, and expressly states that such remedies are not applicable in class actions. By logical extension, the CCPA creates no statutory liability for a defendant in a private class action.").