UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
KENNETH CHAPMAN et. al., : CASE NO. 16-cv-1114
:
        Plaintiffs, :
:
v. : OPINION & ORDER
: [Resolving Doc. 25]
TRISTAR PRODUCTS, INC., :
:
        Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    The parties in this products liability litigation jointly propose a protective order to limit public disclosure of information they designate as confidential.[1]

    Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[2] Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[3] Thus, courts in the Sixth Circuit approach protective order motions with a presumption in favor of public access to judicial records.[4]

    Moreover, the fact that all parties jointly seek a protective order does not overcome this presumption.[5]

---

[1] Doc. 25.
[2] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (citation omitted).
[3] *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983); *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").
[4] *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).
[5] *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

Case No. 16-cv-1114
Gwin, J.

Movants for a protective order must show substantial personal or financial harm before the Court will seal any documents.[6] Here, the parties fail to meet that standard. The proposed protective order is overbroad and unspecific. The parties have asked the Court for blanket authority to designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"[7] and to file such documents under seal.[8] The proposed order would allow overbroad discretion, limited only by a promise to "mak[e] a good faith determination that the documents contain certain information protected from disclosure."[9]

The parties are, of course, free to privately contract to limit disclosure of documents and information. Additionally, any party or non-party may move to seal individual documents—provided that they make the requisite particularized showing.

The Court thus **DENIES** the parties' proposed protective order.

IT IS SO ORDERED.

Dated:  October 26, 2016.                    *s/      James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[6] *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179–80; *Sollitt v. KeyCorp*, 2009 WL 485031, at *2 (N.D. Ohio Feb. 26, 2009).
[7] Doc. 25-1 ¶ 2.
[8] *Id.* at 6.
[9] *Id.* at 3.

-2-