UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
KENNETH CHAPMAN et. al.,         :           Case No. 1:16-cv-1114
                                                :
    Plaintiffs,                            :
                                                :
vs.                                             :           OPINION & ORDER
                                                :           [Resolving Doc. 41]
TRISTAR PRODUCTS, INC.,           :
                                                :
    Defendant.                            :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    In this products liability case, Defendant Tristar moves to seal five exhibits used in the Plaintiffs' motion for class certification.[1] These documents include (1) Tristar's Section 15(B) report to the U.S. Consumer Products Safety Commission; (2) an email exchange between a regulator and Tristar's counsel regarding the design of the cookers; (3) pressure cooker sales estimates; (4) pressure cooker profit analysis; and (5) deposition testimony regarding the number of total sales of the pressure cooker in question.

    Granting a protective order (including a motion to seal) is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[2] Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[3] Thus, courts in the Sixth Circuit approach protective order motions with a presumption in favor of public access to

---

[1] Doc. 41.
[2] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (citation omitted).
[3] *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983); *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").

Case No. 1:16-cv-1114
Gwin, J.

judicial records.[4] A successful protective order motion must show specifically that disclosure of particular information would cause serious competitive or financial harm.[5]

    Here, Tristar fails to establish that it will suffer serious competitive or financial harm unless the exhibits are sealed.  Tristar alleges various potential injuries, but none are significant enough to overcome this Circuit's presumption in favor of public access to judicial records.

    Accordingly, the Court thus DENIES the Defendant's motion to seal.

    IT IS SO ORDERED.


Dated: January 18, 2017            *s/    James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).
[5] *See, e.g., Brown & Williamson,* 710 F.2d at 1179–80.