UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
KENNETH CHAPMAN et. al., : CASE NO. 1:16-cv-1114
:
    Plaintiffs, :
:
v. : OPINION & ORDER
: [Resolving Docs. 54, 55]
TRISTAR PRODUCTS, INC., :
:
    Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiffs bought pressure cookers from Defendant Tristar.[1] Plaintiffs sued Tristar, alleging that Defendant's pressure cookers have design defects.[2]

    The Plaintiffs object to Tristar's expert Jason M. Mattice's report. Plaintiffs say that Mattice filed an untimely report without necessary disclosures.[3] The Court set a hearing for March 29, 2017 to consider this motion.

    The Court now denies the Plaintiffs' motion and cancels the hearing.

    Plaintiffs say Tristar violated Federal Rule of Civil Procedure 26(a)(2)(B) when it failed to disclose Mattice's publications, testimony history, and compensation structure. Plaintiffs also say Mattice failed to include a statement of his opinions on this case. These arguments lose.

    Tristar did disclose Mattice's publication history.[4] The Defendant also supplemented its disclosures with Mattice's testimony history and compensation structure within a week of

---

[1] Doc. 1 ¶¶ 35-46.
[2] *Id.* ¶ 4.
[3] Doc. 54.
[4] Doc. 36-1 at 3-4.

Case No. 1:16-cv-1114
Gwin, J.

Plaintiffs' objection.[5]  Finally, Mattice's declaration sufficiently details Mattice's opinions and his rationale.[6]

Additionally, Plaintiffs say Tristar gave them notice of Mattice's report one day late.[7] Defendant filed Mattice's report three weeks before the deadline.[8]  This gave Plaintiffs sufficient notice and access to the report.

Therefore, the Court **DENIES** Plaintiffs' objection to Tristar's expert Jason M. Mattice's report and **CANCELS** the March 29, 2017 hearing.

IT IS SO ORDERED.

Dated: March 24, 2017.          *s/      James S. Gwin*
        JAMES S. GWIN
        UNITED STATES DISTRICT JUDGE

---

[5] Doc. 55-1 & 55-2.
[6] Doc. 45-8.
[7] Doc. 55. Plaintiffs say Tristar should have sent them the actual report, not just notified Plaintiffs that the report was filed.
[8] Doc. 45-8. Tristar filed Mattice's report on January 30, 2017, as part of its opposition to Plaintiffs' motion for class certification. *Id.* The deadline for exchanging expert reports was February 22, 2017. Doc. 55.