UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
KENNETH CHAPMAN et. al.,                      :          CASE NO. 1:16-CV-1114
                                              :
        Plaintiffs,                           :
                                              :
v.                                            :          OPINION & ORDER
                                              :          [Resolving Docs. 43, 45, 47]
TRISTAR PRODUCTS, INC.,                       :
                                              :
        Defendant.                            :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers

from Defendant Tristar.[1]  The pressure cookers allegedly opened while still under pressure.

Plaintiffs originally sued for personal injury damages and other damages.  With the lawsuit,

Plaintiffs allege that the Defendant's pressure cookers have a design defect that "allows users to

open the Pressure Cooker while it still contains a significant and dangerous amount of

pressure."[2]

        Plaintiffs now move for class certification.[3]  For the following reasons, this Court

**GRANTS IN PART** and **DENIES IN PART** the Plaintiffs' motion for class certification.

## I.      Background

        Pressure cookers cook food by building-up and trapping steam within the appliance.

After use, the accumulated pressure gradually dissipates to allow a user to safely open the

device.

---

[1] Doc. 1 ¶¶ 35-46.  Plaintiffs Chapman, Vennel, and Jackson reside in Ohio, Pennsylvania, and Colorado,
respectively.
[2] *Id.* ¶ 33.
[3] Doc. 43.  Defendant opposes.  Doc. 45.  Plaintiff replies.  Doc. 47.

During 2015 and 2016, the Plaintiffs each purchased a Power Pressure Cooker XL ("Pressure Cooker" or "Cooker") from Defendant Tristar. The Plaintiffs say that the Pressure Cookers have an inherent design defect that "permits them to be opened while pressurized and creates the unreasonable and dangerous risk that their contents will suddenly and violently erupt during use."[4] The Plaintiffs' expert Dr. John Pratt agrees, saying that the Pressure Cookers are defective and "unreasonably dangerous" because the Cookers "can be opened while still pressurized."[5]

Plaintiffs forego claims for any class-wide claims for personal injury damages. Instead, Plaintiffs argue the Cookers' defect makes the Cookers worthless.[6] With their claim that the Cookers are worthless, the Plaintiffs ask for class-wide return of the Cookers' purchase price. Accordingly, the Plaintiffs seek to certify the following five classes:

- **Nationwide Class for express warranty claims**: All persons in the United States who purchased a Power Pressure Cooker XL.

- **Implied Warranty Class**: All persons in the United States who purchased a Power Pressure Cooker XL directly from Tristar, and all other purchasers of the Power Pressure Cooker XL who reside in Alaska, Arkansas, Colorado, Delaware, the District of Columbia, Hawaii, Indiana, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Texas, West Virginia, and Wyoming.

- **Ohio Class** for claims of strict liability, negligence, unjust enrichment, and violations of the Ohio Product Liability Act: All persons who reside in Ohio who purchased a Power Pressure Cooker XL.

- **Pennsylvania Class**: All persons who reside in Pennsylvania who purchased a Power Pressure Cooker XL for claims of strict liability, negligence, unjust enrichment, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

---

[4] Doc. 43 at 5.
[5] Doc. 43-1 at 6.
[6] Doc. 47 at 9.

- **Colorado Class**: All persons who reside in Colorado who purchased a Power Pressure Cooker XL for claims for strict liability, negligence, unjust enrichment, and violations of the Colorado Products Liability Act.

As to the nationwide express warranty class, Defendant Tristar attacks Plaintiffs' motion on several grounds. Defendant says Plaintiffs cannot satisfy Rule 23's commonality, typicality, adequacy, predominance, or superiority requirements.[7] Tristar also says the Plaintiffs' class is over-inclusive because the overwhelming majority of Cooker purchasers have not suffered injuries.[8] Relatedly, Defendant says that Plaintiffs' proposed class necessarily seeks refund damages for purchasers who have never had any problems with the Cookers. Finally, Defendant says Plaintiffs' damages model necessarily grasps at straws to come up with a model that would allow recovery for the overwhelming number of purchasers who have never had a problem with the Cooker.[9]

Regrettably, the parties skirted briefing the implied warranty, Ohio, Pennsylvania, and Colorado class claims.

The Court next analyzes Rule 23's certification requirements for the various class claims and addresses the Defendant's arguments when applicable.

## II.    Legal Standard

Rule 23 of the Federal Rules of Civil Procedure controls federal class action lawsuits. Under that Rule, a court may certify a class action if the class seeking certification meets Rule 23(a)'s procedural requirements, and if certification is appropriate under Rule 23(b)(1), (b)(2), or (b)(3).

---

[7] Doc. 45 at 12.
[8] *Id.*
[9] *Id.*

"Rule 23 does not set forth a mere pleading standard."[10]  Instead, a party seeking certification of a class action "must affirmatively demonstrate his compliance" with Rule 23.[11] As a result, courts should give a "rigorous analysis," which may "overlap with the merits of the plaintiff's underlying claim."[12] But courts should consider the merits of the case only to the extent that "they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."[13]

Rule 23(a) sets forth the four prerequisites to class certification: (1) the class must be so numerous that "joinder of all members is impracticable"; (2) there must be "questions of law or fact common to the class"; (3) the claims of the representative party must be "typical" of those of the class; and (4) the representative party must "fairly and adequately protect the interests of class."[14]

"No class that fails to satisfy all four of the prerequisites of Rule 23(a) may be certified, and each class meeting those prerequisites must also pass at least one of the tests set forth in Rule 23(b)."[15]  Here, Plaintiffs seek certification under Rule 23(b)(3), which requires showing that (1) common questions of law and fact "predominate" over any questions affecting only individual members; and (2) the class action device is the "superior" method of resolving the controversy. The Court has "broad discretion to modify class definitions" "to ensure that a certified class is properly constituted."[16]

---

[10] *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 351 (2011).
[11] *Id.*
[12] *Comcast Corp. v. Behrend*,     U.S.    , 133 S.Ct. 1426, 1432-33 (2013) (quoting *Dukes*, 564 U.S. at 349-350).
[13] *Amgen Inc. v. Conn. Retirement Plans and Trust Funds*,     U.S.    , 133 S.Ct. 1184, 1195 (2013).
[14] Fed. R. Civ. P. 23(a).
[15] *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).
[16] *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

# III.    Analysis

The Court partially certifies the Plaintiffs' proposed classes.  First, the Court determines that each Plaintiff's home state's law governs that particular Plaintiff's claims.  Second, we certify an express warranty class, but only for Ohio, Pennsylvania, and Colorado purchasers. Third, the Court certifies an implied warranty class, but only for Colorado purchasers. Fourth, we certify narrowed Ohio classes for strict liability, negligence, and unjust enrichment. Last, the Court certifies a Pennsylvania unjust enrichment class.

## A.  Each Plaintiff's home state's law controls that Plaintiff's claims

"When a putative class action contains members from several states, the Court must undertake a choice of law analysis to determine which states' laws apply to plaintiff's claims."[17]

Although the parties do not brief this matter directly, they agree that individual state laws control the express and implied warranty class claims.[18]  We concur.[19]

Accordingly, each purchaser's home state's laws control that home state plaintiff's claims.

## B.  The Court certifies an Ohio, Pennsylvania, and Colorado express warranty class

The Plaintiffs say Tristar breached an express warranty that the Cooker's lid would not open "until all pressure is released."[20]  Plaintiffs allege that this defect makes the Cookers

---

[17] *Rikos v. Procter & Gamble Co.*, 2012 WL 641946, at *5 (S.D. Ohio Feb. 28, 2012) (citing *Muncie Power Prod. Inc. v. United Tech Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003)).

[18] For instance, the Plaintiffs' discussion of privity and the implied warranty of merchantability expresses an understanding that state law governs those claims . Doc. 43 at 14-15.  Likewise, Defendant argues that "[t]o establish this [express warranty] claim . . .  plaintiffs need to introduce evidence to support all of its elements consistent with the laws of the fifty states and the District of Columbia." Doc. 45 at 25.

[19] *See e.g.*, *Galoski v. Applica Consumer Prod.*, 309 F.R.D. 419, 422 (N.D. Ohio 2015) (analyzing multi-state express warranty claim on state-by-state basis); *Traxler v. PPG Indus., Inc.*, 158 F. Supp. 3d 607, 620 (N.D. Ohio 2016).  Plaintiffs argue that common legal questions predominate their nationwide express warranty and their multistate implied warranty claims.  Doc. 43 at 12.  This argument is distinct from asserting that, for instance, Ohio law should control the entire nationwide express warranty claim.

[20] Doc. 1-2 at 5.

worthless.[21]  Plaintiffs argue that Tristar's alleged failure to provide a Cooker that complies with Tristar's representations violates Uniform Commercial Code ("U.C.C.") § 2-313's express warranty provision as adopted in all 50 states.[22]  Accordingly, the Plaintiffs seek to certify a nationwide class of consumers who purchased roughly 1.6 million Cookers.[23]

Certifying a nationwide class is inappropriate because individual state law questions would predominate.  Instead, the Court certifies an express warranty class of Ohio, Pennsylvania, and Colorado purchasers.

The following section details why the three-state class satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. Next, the Court explains how the Ohio, Pennsylvania, and Colorado class satisfies Rule 23(b)(3)'s predominance and superiority requirements while the proposed nationwide class fails. Finally, we conclude by addressing Tristar's additional defenses—defenses that mostly go to the weight of Plaintiffs' damage model.

**1. The class members are sufficiently numerous**

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." There is no strict numerical test for determining when too many parties make joinder impracticable. Courts look to the specific facts of each case to determine if there is a "substantial" number of affected class members.[24]  Often, classes with more than fifty members satisfy the numerosity requirement.

Since late 2015, Tristar has sold over 1.6 million pressure cookers.[25]  As a rough calculation, this yields 32,000 Cookers sold per state if sales between states were equal. Acknowledging Cooker sales are not uniformly spread across all states, Tristar nonetheless sold

---

[21] Doc. 47 at 9.
[22] Doc. 43 at 42-48.
[23] *Id.* at 8.
[24] *In re Whirlpool Corp. Front-Loading Washer Products Liability Litig.*, 722 F.3d 838 (6th Cir. 2013).
[25] Doc. 45 at 14; Doc. 43-6 at 52:17-22.

enough cookers to satisfy Rule 23(a)(1)'s numerosity requirement as to Ohio, Colorado, and Pennsylvania.[26]

### 2. The Plaintiffs' and the express warranty class members' claims turn on answers to the same questions

Rule 23(a)(2) provides that a class action may be maintained only if "there are questions of law or fact common to the class."  Commonality is satisfied if the claims of the class "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[27]  "It is not every common question that will suffice, however; at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What we are looking for is a common issue the resolution of which will advance the litigation."[28]

The named Plaintiffs and the three-state express warranty class members share common questions that will advance the litigation. These questions include: Do all Pressure Cookers suffer from a design defect that violates an express warranty? Rule 23(a)(2)'s commonality requirement is satisfied.

### 3. The Plaintiffs and express warranty class members' claims are typical

Defendant Tristar says the Plaintiffs' individual claims are not typical of the nationwide class.[29]

Rule 23(a)(3) provides that a class action may be maintained only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class."

---

[26] Tristar also sold enough cookers to satisfy numerosity for the single-state classes. See Sections III.C and III.D.
[27] *Dukes*, 564 U.S. at 350.
[28] *Sprague*, 133 F.3d at 397.
[29] Doc. 45 at 18.

"Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct."[30]  In other words, "as goes the claim of the named plaintiff, so go the claims of the class."[31] A representative party's claims, however, need not be identical to those of the potential class members.[32]

Defendant Tristar argues the Plaintiffs allege a class-wide theory that differs from the individual Plaintiffs' claims. Tristar says that the Plaintiffs testified that they "experienced no resistance whatsoever" when opening their Cookers.[33]  Tristar argues the Plaintiffs' expert witness, Dr. John Pratt, tested a different scenario and could not replicate this "no resistance" event. Tristar reasons that Dr. Pratt's failure to replicate compelled the Plaintiffs to seek to certify a class under a different theory than what the Plaintiffs originally alleged.[34]  Tristar says this change defeats typicality

The Court disagrees.

The fundamental claim asserted by the Plaintiffs is that the Cookers are defective, unsafe, and worthless because users can open the Cookers while pressure remains inside.  This claim is typical as to Ohio, Colorado, and Pennsylvania class members and the named Plaintiffs.  Plaintiffs say this defect causes the Cookers not to comply with Defendant's sales representations.

---

[30] *Sprague*, 133 F.3d at 399 (quoting *In re American Med. Sys. Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).
[31] *Id.*
[32] *See Senter*, 532 F.2d at 524; *In re Telectronics Pacing Systems, Inc.*, 164 F.R.D. 222, 228 (S.D.Ohio 1995) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory . . . The typicality requirement may be satisfied even if there are factual distinctions between the class members and those of other class members.").
[33] Doc. 45 at 21.
[34] *I.e.*, users can force open the Cookers when pressure remains inside the Cookers, as opposed to the lids coming off with "no resistance whatsoever."

Plaintiffs' expert Dr. Pratt reported that he rotated the lids on the Plaintiffs' Pressure Cookers when pressure remained inside the Cookers.[35]  This testimony is consistent with the Plaintiffs' overall claim even if Pratt arguably used more rotating force than the Plaintiffs described.

To the extent that Tristar wishes to impeach Pratt's opinions by comparing the force Dr. Pratt used to open the Cookers against the force used by the Plaintiffs, the Defendant may do so at trial. But this goes to weight, not typicality.  The Plaintiffs and the express warranty class share typical claims.

### 4. After including an opt-out provision, the representative parties will adequately represent the class

Rule 23(a)(3) provides that a class action may be maintained only if "the representative parties will fairly and adequately protect the interests of the class."[36]  This requirement is "essential to due process, because a final judgment in a class action is binding on all class members."[37]  The Court measures adequacy of class representation by two standards. First, class counsel must be qualified, experienced, and generally able to conduct the litigation. Second, class members must not have interests that are antagonistic to one another.

The Court finds Plaintiffs' counsel is qualified to pursue this case. Defendant does not dispute this issue.

Defendant does argue that the Plaintiffs' interests are antagonistic to the proposed class members' interests.  Tristar says that Plaintiffs' decision to seek only economic damages "creates substantial risk that any possible personal injury or property damage claims by other class

---

[35] Doc. 43-1 at 4-5.
[36] Fed. R. Civ. P. 23(a)(3).
[37] *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996).

members could be waived."[38] Sixth Circuit district courts, however, "have previously permitted individuals with personal injury claims to opt out of the class action or to define the class in such a way that includes those potential plaintiffs."[39]

This Court take the same approach. After adding an opt-out provision for any individual who wishes to individually pursue a personal injury or property damage claim, the Plaintiffs satisfy Rule 23(a)(4)'s requirements.

### 5. Common questions predominate the Ohio, Pennsylvania, and Colorado class

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[40] To satisfy this requirement, a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole predominate over those issues that are subject only to individualized proof.[41] "[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."[42] However, when "more than a few of the laws of the fifty states differ," certification is inappropriate because "the district judge would face an impossible task of instructing a jury on the relevant law."[43]

---

[38] Doc. 45 at 26 (*citing In Re Teflon Prods. Liab. Litig.*, 254 F.R.D. 354, 368 (S.D. Iowa December 5, 2008) ("any possibility that a subsequent court could determine that claims for personal injury... were barred by res judicata prevents the named plaintiffs' interests from being fully aligned with those of the class.")).

[39] *Widdis v. Marathon Petroleum Co. , LP*, 2014 WL 11444248, at *6 (E.D. Mich. Nov. 18, 2014) (*citing Gasperoni v. Metabolife, Intern. Inc.*, 2000 WL 33365948 at *3-4 (E.D. Mich. September 27, 2000)).

[40] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

[41] *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citation and quotation marks omitted).

[42] *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

[43] *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996). *See also Drooger v. Carlisle Tire & Wheel Co.*, 2006 WL 1008719, at *9 (W.D. Mich. Apr. 18, 2006) ("The great weight of authority observes that when class claims cannot be brought under a unifying law, predominating questions of law are absent, and certification is inappropriate.").

Plaintiffs say U.C.C. § 2-313 governs their nationwide breach of express warranty claim. The Plaintiffs argue that common questions of law predominate because the fifty states adopted § 2-313 in a sufficiently uniform manner.[44]  The Court disagrees.

Justice Ginsburg once noted, "[t]he Uniform Commercial Code is not Uniform."[45] Her observation is apt here.  Although the fifty states adopted U.C.C. § 2-313, the Code's application varies from state to state because the states have enacted and judicially interpreted § 2-313 in different ways.

For example U.C.C. § 2-313's requires that a seller's promise must "become[] the basis of the bargain" to form an express warranty.  The fifty states use at least three distinct approaches to this "reliance element."[46]  First, some states hold that reliance is not an element of an express warranty claim.[47] Second, other states require specific reliance on a seller's statements as a condition of recovery.[48] Finally, a few states hold that promises relating to goods create a rebuttable presumption of reliance in favor of a buyer.[49]

Complicating matters further, states in the latter two groups sometimes require individualized reliance for express warranty plaintiffs.[50]

---

[44] Doc. 47 at 12.

[45] *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986)  At the time, Justice Ginsburg was Judge Ginsburg.

[46] *See e.g.*, *In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 241 F.R.D. 305, 319-21 (S.D. Ill. 2007) (collecting cases); *In re: Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *28 (D.N.J. Oct. 26, 2015) (same); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 636 (N.D. Cal. 2015) (same).

[47] *See e.g.*, *Unified Sch. Dist. No. 500 v. U.S. Gypsum Co.*, 788 F. Supp. 1173, 1177 (D. Kan. 1992) ("reliance is not an element" in a breach of express warranty claim).

[48] *See e.g.*, *Hagenbuch v. Snap-On Tools Corp.*, 339 F. Supp. 676, 680 (D.N.H. 1972) ("[P]laintiff has the burden of showing that he acted on the basis of the representations.").

[49] *See e.g.*, *Felley v. Singleton*, 705 N.E.2d 930, 934 (Ill. 1999) ("Because [seller's representations] are presumed to be part of the basis of the bargain, such representations constitute express warranties, regardless of the buyer's reliance on them, unless the seller shows by clear affirmative proof that the representations did not become part of the basis of the bargain."); *Duncan Place Owners Ass'n v. Danze, Inc.*, 2016 WL 3551665, at *11 (N.D. Ill. June 30, 2016) ("Other Illinois courts have held that a plaintiff need not plead reliance, and that a seller's representations actually create a rebuttable presumption of reliance by the buyer.").

[50] *See, e.g.*, *Tasion Commc'ns, Inc.*, 308 F.R.D. at 636 (noting that, in California, an express warranty plaintiff "must at least allege that he or she read or was otherwise exposed to the representation at issue, especially absent privity.").

Here, individualized state-law reliance questions predominate the Plaintiffs' nationwide express warranty claim. The California Pressure Cooker owners[51] are subject to a different reliance standard than the Kansas owners,[52] who are subject to a different standard than the Illinois owners.[53] These "variations in state law" "swamp common issues and defeat predominance."[54]

Plaintiffs counter by pointing to *Daffin v. Ford Motor Co*, where the Sixth Circuit approved class certification for an express warranty claim.[55] However, *Daffin* only involved an Ohio class, not a nationwide class.[56] By certifying an Ohio-only class, the *Daffin* district court only confronted one state's express warranty law.

Although state law variations defeat predominance for a nationwide express warranty class, common questions of state law predominate when the class is narrowed to Ohio, Colorado, and Pennsylvania purchasers. These three states agree on the elements of an express warranty claim, particularly that reliance is *not* an element.[57]

---

[51] *Id.*

[52] *Unified Sch. Dist. No. 500*, 788 F. Supp. at 1177.

[53] *Felley*, 705 N.E.2d at 934.

[54] *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996).

[55] *Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006).

[56] *Id.* at 551. In fact, Plaintiff Daffin originally sought class certification of a nationwide class, but the district court only certified a statewide class.

[57] *Norcold, Inc. v. Gateway Supply Co.*, 798 N.E.2d 618, 623–24 (Ohio Ct. App. 2003) ("A decisive majority of courts that have considered this issue have reached the similar conclusion that reliance is not an element in a claim for breach of an express written warranty."); *Samuel-Bassett v. Kia Motors Am.*, Inc., 34 A.3d 1, 25 (Pa. 2011) ("[T]herefore, to require class members to prove individual reliance on the written warranties is unnecessary."); *Koch v. Kaz USA, Inc.*, 2011 WL 2607112, at *3 (D. Colo. July 1, 2011) ("I therefore conclude that Defendants are not entitled to judgment as a matter of law on Mrs. Koch's claim for breach of express warranty on the basis that she cannot demonstrate reliance on the representations on the box of the HZ–690 heater."). The Court acknowledges some conflict in Colorado's reliance standard, but we agree with the *Koch* court's interpretation of Colorado law. *Compare Assocs. of San Lazaro v. San Lazaro Park Props.*, 864 P.2d 111, 115 (Colo.1993) (noting that rule and policies behind warranties are not furthered in circumstances where buyer does not rely on warranties) *with Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 645 (10th Cir.1991) (citing Official Comment 3 to *C.R.S. § 4–2–313(1)* and authorities from other jurisdictions in affirming trial court's submission of express warranty claim to jury despite no evidence of reliance by buyer).

-12-

Accordingly, the Ohio, Pennsylvania, and Colorado class satisfies Rule 23(b)(3)'s predominance requirement.

### 6. A class action is the superior method to adjudicate this case

Under Rule 23(b)(3), the Court must find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[58] The "most compelling rationale for finding superiority in a class action" is the existence of a "negative value suit."[59] A negative value suit is one "in which the costs of enforcement in an individual action would exceed the expected individual recovery."[60]

Here, each individual plaintiff would not recover more than the cost of an individual action. Each plaintiff seeks reimbursement for the $100 to $160 Cooker purchase price, far less than an individual action's cost.[61] Class action is the superior method for adjudicating this case.

### 7. Plaintiffs offer an adequate damages model

Tristar says that Plaintiffs fail to include an economic damages model the Supreme Court in *Comcast Corp. v. Behrend* requires.[62] In response, Plaintiffs argue that they seek a full purchase price refund because the Pressure Cookers are worthless.[63] Plaintiffs say this "full refund damages model" sufficiently satisfies *Comcast*.

Plaintiffs' argument wins.

Plaintiffs' damages model—a full refund of the purchase price for each class member— satisfies *Comcast*."[64] In *Comcast*, the Supreme Court held that a plaintiff's damages model must

---

[58] Fed. R. Civ. P. 23(b)(3).
[59] *In re Inter–Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 348 (N.D. Ohio 2001) (quotation marks and citations omitted).
[60] *Id.*
[61] Doc. 43 at 13.
[62] ___ U.S. ___, 133 S. Ct. 1426, 1433 (2013)
[63] Doc. 47 at 10.
[64] *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 523 (6th Cir. 2015).

"measure only those damages attributable to that theory" of liability.[65]  Here, Plaintiffs allege that all the Pressure Cookers are unreasonably dangerous and therefore worthless. Under Plaintiffs theory, either 0% or 100% of the Cookers are worthless.[66] Plaintiffs' damages model aligns with their liability theory.

Defendants counter by saying that an overwhelming majority of the potential class includes Cooker owners who realized benefits from their cookers without problems. However, "[w]hether purchasers were nevertheless satisfied with [their Pressure Cookers] does not affect the propriety of a full-refund damages model."[67]

More accurately, Defendant suggests that the relatively low number of personal injury problems and relatively low number of reported incidents suggest the Cookers are not defective and the Cookers complied with Defendant's representations.  This argument might win at trial but it confuses the *Comcast* issue.  *Comcast* requires a class plaintiff to align its damages with its claim; it does not require some certainty that the claim will win.

Because the Plaintiffs have satisfied the prerequisites of Rule 23(a), and because the Plaintiffs have satisfied the predominance and superiority requirements of Rule 23(b), the Court certifies an Ohio, Colorado, and Pennsylvania express warranty class.

### C.  The Court certifies a Colorado implied warranty of merchantability class

Plaintiffs say the Pressure Cookers breach the implied warranty of merchantability because users can open the Cookers when pressure remains within the device.[68] Plaintiffs argue that Tristar's product violates U.C.C. § 2-314's implied merchantability warranty.

---

[65] *Comcast*, 133 S. Ct. at 1433.
[66] *See Rikos*, 799 F.3d at 524.
[67] *Id.*
[68] Doc. 1. ¶¶ 102-115.

Because Plaintiffs acknowledge that different state privity laws could defeat predominance, Plaintiffs seek to certify an implied warranty class from thirty non-privity states, the District of Columbia, and customers who purchased Cookers directly from Tristar.[69]

Certifying Plaintiffs' class is inappropriate because individual state law questions would still predominate. Instead, the Court certifies an implied warranty class of Colorado purchasers.

Because predominance is outcome determinative in stopping Plaintiffs' proposed multi-state implied merchantability class, the Court analyzes predominance first and then addresses Rule 23's remaining requirements.

### 1. Common questions only predominate the Colorado implied warranty class

Individual state law questions defeat predominance in Plaintiffs' proposed thirty-state class.

Plaintiffs say "[t]he only arguably substantive differences between state laws concerns whether privity is required to bring implied warranty claims." This Court disagrees, and this Court agrees with other district courts that have faced the certification of a multi-state implied warranty class.[70]

---

[69] Doc. 43 at 14. Plaintiffs moved to certify this class:

> Implied Warranty Class: All persons in the United States who purchased a Power Pressure Cooker XL directly from Tristar, and all other purchasers of the Power Pressure Cooker XL who reside in Alaska, Arkansas, Colorado, Delaware, the District of Columbia, Hawaii, Indiana, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Texas, West Virginia, and Wyoming.

[70] *See, e.g.*, *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 194 F.R.D. 484, 489 (D.N.J. 2000) ("even after excluding the residents of privity states from the proposed class, the Court still would have to wade through an analysis of the implied warranty laws applicable to each individual."); *Powers v. Lycoming Engines*, 272 F.R.D. 414, 425 (E.D. Pa. 2011).

-15-

The several states adopted § U.C.C. 2-314's implied warranty of merchantability provision, but § 2-314's application differs across states because fifty state legislatures and judiciaries have differently enacted and interpreted the provision.

For instance, states differently define "merchantability," and differently interpret whether an alleged defect meets that threshold.[71]

Additionally, some proposed class states define implied warranty as a contract claim whereas others recognize it as a tort.[72] This contract/tort distinction matters because the economic loss rule prevents recovery under tort theories for pure economic losses.[73]

Furthermore, state prior notice requirements differ in the proposed class. For instance, Alaska purchasers satisfy the notice requirement by filing the lawsuit, whereas Arkansas purchasers "must establish notice by informing the manufacturer of the defect by writing a letter or calling its place of business or corporate headquarters because later filing a complaint will not suffice."[74] The Court cannot ask a jury to juggle these different state laws.[75] The proposed class fails the predominance requirement.

We now turn to the question of narrowing the class to Pennsylvania and Colorado purchasers only.[76]

The Court cannot certify a Pennsylvania implied merchantability warranty class. Under Pennsylvania law, "a manifestation of the breaching defect is required for a[n implied warranty]

---

[71] *Compare Nacci v. Volkswagen of Am., Inc.,* 325 A.2d 617, 620 (Del. Super. Ct. 1974) (under Delaware law merchantability standard is whether an ordinary *manufacturer* would pursue different design), *with BASF Corp. v. Sublime Restorations, Inc.*, 880 F. Supp. 2d 205, 217 (D. Mass. 2012) (under Massachusetts law, merchantability is understood as the reasonable expectations of an ordinary *user* or *purchaser*).

[72] *Compare Parrillo v. Giroux Co.,* 426 A.2d 1313, 1317 (R.I.1981) (contract remedy), *with JCW Elecs., Inc. v. Garza,* 176 S.W.3d 618, 632 (Tex. App. 2005) (rev'd on other grounds) ("[W]hen considering a common law remedy . . . an implied warranty arising from sales sounds in tort and not in contract.").

[73] *See, e.g.,* Christopher M. Ernst, Baldwin's Ohio Practice, Tort Law § 77:33 (2016).

[74] *Powers,* 272 F.R.D. at 425.

[75] *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1085 (6th Cir. 1996).

[76] The Plaintiffs do not seek to certify an Ohio implied warranty class.

claim to accrue."[77] "Accordingly, Plaintiffs must plead a manifest defect in order to state a claim for breach of implied warranty of merchantability."[78]  Here, Plaintiffs allege the opposite: "manifestation of a defect is not necessary."[79]  Certifying a Pennsylvania class is inappropriate.

With only Colorado law in play, Rule 23(b)(3)'s predominance is satisfied. In addition, unlike Pennsylvania, Colorado does not have a manifest defect requirement.[80]

Now that predominance is established, the Court turns to Rule 23's remaining requirements.

### 2.  The Colorado implied warranty class satisfies the numerosity, commonality, typicality, adequacy and superiority requirements

The Colorado implied merchantability warranty class satisfies numerosity, typicality, adequacy, and superiority requirements for the same reasons detailed in Section III.B.

As to commonality, common questions include: Do the Pressure Cookers have a design defect that makes the Cookers worthless? Are the Pressure Cookers "fit for the ordinary purposes for which such goods are used?"[81]

The Court certifies a breach of implied warranty of merchantability class for Colorado purchasers.

---

[77] *Zwiercan v. Gen. Motors Corp.*, 2002 WL 1472335, at *3 (Pa. Com. Pl. May 22, 2002).  Importantly, this rule reflects another state-by-state different in implied warranty of merchantability claims.
[78] *Ajose v. Interline Brands, Inc.*, 187 F. Supp. 3d 899, 917 (M.D. Tenn. 2016).
[79] Doc. 47 at 5.
[80] *See Edwards v. ZeniMax Media Inc.*, 2013 WL 5420933, at *9 (D. Colo. Sept. 27, 2013);  *Francis v. Mead Johnson & Co.*, 2010 WL 5313540, at *7 (D. Colo. Dec. 17, 2010) ("the question of implied warranty in this case more accurately turns on whether the promises or affirmations on the product's label conforms with the product itself.").
[81] U.C.C. § 2-314(2)(c).

### D. Of the state-specific classes, the Court certifies only (1) narrowed Ohio strict liability, negligent design, and unjust enrichment classes, and (2) a Pennsylvania unjust enrichment class

Of the state-specific classes Plaintiffs seek to certify,[82] the Court certifies only four classes: a narrowed Ohio strict liability class, an Ohio negligent design, an Ohio unjust enrichment class, and a Pennsylvania unjust enrichment class.

Before addressing each class, some background helps. Most of Plaintiffs' Pennsylvania- and Colorado-specific claims fail due to the economic loss rule. Generally speaking, the economic loss rule prevents plaintiffs from using tort claims when plaintiffs seek only economic damages. The rule prevents plaintiffs from using tort law to make an end-run around bargained contracts.[83] Ohio courts apply the economic loss rule more narrowly than Pennsylvania and Colorado courts.[84]

The Court starts with the proposed Ohio classes, then moves to the Pennsylvania classes, and concludes with the Colorado classes.

### 1. The proposed Ohio classes

The Court narrows and certifies Plaintiffs' Ohio strict liability, negligence, and unjust enrichment classes. We deny the Ohio Product Liability Act class.

#### a. *Ohio strict liability class*

In Ohio, "if the plaintiff is a consumer who is not in privity with the defendant seller or manufacturer, as is the case here, then . . . 'an action in strict liability may be maintained for purely economic loss.'"[85]

---

[82] *See supra* at 2.
[83] *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) ("The economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.") (internal quotations omitted).
[84] *See* Section III.D.1.
[85] *Hoffer v. Cooper Wiring Devices, Inc.*, No. 106CV763, 2007 WL 1725317, at *7 (N.D. Ohio June 13, 2007) (quoting *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 634 (Ohio 1989)). The Ohio

Here, approximately 63% of the Ohio purchasers did not buy their Cookers from Tristar and are not in privity with Tristar.[86] This cohort may bring a strict liability claim against Tristar. The 37% of purchasers who bought Cookers directly from Tristar cannot proceed because they are in privity with Tristar. The parties should collaborate to identify which Ohio plaintiffs bought Cookers directly from Tristar.

As to Rule 23's numerosity, typicality, adequacy, and superiority requirements, this Ohio strict liability class satisfies the requirements for the same reasons detailed in Section III.B. Additionally, generalized proof under Ohio laws predominates.

Finally, the Ohio members share common questions. For instance, do the Cookers have a defect that makes them worthless? Did the defect cause the Ohio Plaintiffs economic injuries?[87] Commonality is satisfied.

The Court certifies a strict-liability class for Ohio purchasers not in privity with Tristar.

b. *Ohio negligent design class*

Plaintiffs also seek certification for an Ohio class alleging negligent design.

"Ohio law permits ordinary consumers who are not in privity of contract with product manufacturers to bring claims such as negligent design . . . in order to recover damages for economic injury only."[88]

The Court certifies this Ohio negligent design class under the same framework as the Ohio strict liability class—*i.e.* for those members not in privity with Tristar.[89] The class satisfies

---

Plaintiff's strict liability claims are not preempted by the Ohio Products Liability Act. *White v. DePuy, Inc.*, 718 N.E.2d 450, 455-56 (Ohio Ct. App.1998).

[86] Doc. 43-15 at 2.

[87] *DePuy*, 718 N.E.2d at 456.

[88] *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d at 856. Plaintiffs fail to specify what type of negligence they allege. The Court reads it as a negligent design claim.

[89] Commonality questions for negligent design include "Did Tristar breach its duty to Plaintiffs when it designed the Pressure Cookers?" *See Glasstech, Inc. v. Chicago Blower Corp.*, 675 F. Supp. 2d 752, 760 (N.D. Ohio 2009).

Rule 23's requirements.  Again, the parties should collaborate to identify which Ohio plaintiffs are not privity with Tristar.

    c.   *Ohio unjust enrichment class*

The Court narrows and grants certification to an Ohio class alleging unjust enrichment.

In Ohio, unjust enrichment occurs "when a party retains money or benefits which in justice and equity belong to another."[90]  To recover under Ohio law for unjust enrichment, a plaintiff must have entered into an economic transaction with a defendant.  It is not enough to only buy the defendant's product from a third party vendor.[91]  Additionally, "the equitable claim of unjust enrichment fails when a legal remedy is available."[92]

Approximately 37% of Pressure Cooker purchasers bought their Cookers directly from Tristar.[93]  This cohort has a viable unjust enrichment claim only if the Ohio express warranty claim fails.[94]  However, the Ohio class "is entitled to assert a claim of unjust enrichment as an alternative theory of relief should [their] pursuit of legal remedies fail."[95]

This Ohio unjust enrichment class satisfies Rule 23's numerosity, typicality, adequacy, predominance and superiority requirements under the same rationale discussed in Sections III.B and III.D.1.a.  Finally, the Ohio class satisfies commonality with questions like "Did Tristar retain a benefit under the circumstances where it would be unjust to do so without payment?"[96]

---

[90] *Liberty Mut. Ins. Co. v. Indus. Comm'n of Ohio*, 532 N.E.2d 124, 125 (1988).

[91] *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 684 F. Supp. 2d 942, 953 (N.D. Ohio 2009) ("Simply, the Ohio Plaintiffs in this action fail to allege that they entered into any economic transaction with Whirlpool, as required to state an unjust enrichment claim under Ohio law.").

[92] *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 841 (S.D. Ohio 2003) (citing *Banks v. Nationwide Mut. Fire Ins. Co.*, WL 1742064, at *5 (Ohio Ct. App. Nov. 28, 2000)).

[93] Doc. 43-15 at 2.

[94] *Id.* Recall that this 37% do not have implied warranty, strict liability, or negligence design claims.

[95] *Delahunt*, 241 F. Supp. 2d at 842.

[96] *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (listing the elements of unjust enrichment as "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment,").

The Court certifies an unjust enrichment class for Ohio purchasers who purchased pressure cookers directly from Tristar.

    d.   *The Ohio Product Liability Act class*

The Court denies certification for an Ohio Class alleging Ohio Product Liability Act violations.

To recover under the OPLA, Plaintiffs "must allege [relief] other than economic damages."[97]  Because the Plaintiffs "allege[]only economic damages, [Plaintiffs] ha[ve] not asserted a plausible claim for relief under the OPLA."[98]  The Court denies certification.

**2.   The proposed Pennsylvania classes**

First, the Court determines the economic loss rule stops Plaintiffs' Pennsylvania strict liability and negligence claims. Second, we certify a Pennsylvania unjust enrichment class. Finally, the Court denies certification for a class under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

    a.   *The Pennsylvania strict liability class*

The Court declines to certify a Pennsylvania strict liability class.

"Pennsylvania's interpretation of the economic loss rule disallows recovery under a strict liability theory where the only resulting damage is to the defective product itself."[99]

---

[97] *Id.* at 454. *See also LaPuma v. Collinwood Concrete*, 661 N.E.2d 714, 716 (Ohio 1996) ("Thus, R.C. 2307.72 makes it clear that although a cause of action may concern a product, it is not a product liability claim within the purview of Ohio's product liability statutes unless it alleges damages other than economic ones, and that a failure to allege other than economic damages does not destroy the claim, but rather removes it from the purview of those statutes.").

[98] *Holbrook v. Louisiana-Pac. Corp.*, 533 F. App'x 493, 497 (6th Cir. 2013)

[99] *Ajose v. Interline Brands, Inc.*, 187 F. Supp. 3d 899 (M.D. Tenn. 2016). *See also 2-J Corp. v. Tice*, 126 F.3d 539, 542 (3d Cir. 1997) ("*East River* constitutes an expansion of the economic loss doctrine because it precludes recovery for what is clearly physical damage to property, i.e., damage to the product itself.").

Plaintiffs dropped their personal injury claims and now only allege that a design defect makes the Cookers worthless.[100]  Accordingly, Plaintiffs gave up their Pennsylvania strict liability claim and cannot bring a strict liability claim under Pennsylvania law.

b.  *The Pennsylvania Negligence class*

We also deny certification for a Pennsylvania negligence class.

The Pennsylvania Supreme Court has said that "[t]he economic loss doctrine provides no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage."[101]  The Pennsylvania negligence class fails.

c.  *The Pennsylvania unjust enrichment class*

The Court certifies the Pennsylvania Plaintiffs' unjust enrichment claim.

Pennsylvania law permits "indirect purchasers to establish claims for unjust enrichment so long as they can prove that the defendant benefitted at the plaintiff's expense, even if the benefit flowed indirectly from the plaintiff to the defendant."[102]  Here, even those Plaintiffs who did not buy their Cookers directly from Tristar—*i.e.*, they purchased their Cookers from a third-party retailer—have sufficiently alleged that Tristar received indirect benefits from their Cooker purchases. They also satisfy Rule 23's requirements for reasons already discussed.

However, this Pennsylvania class "may proceed with their unjust enrichment claim as an alternative theory, although they will not be able to recover under both [an express warranty] theory and an unjust enrichment theory."[103]  The Pennsylvania class may maintain this unjust enrichment claim for now.

---

[100] Doc. 43 at 5.
[101] *Excavation Techs., Inc. v. Columbia Gas Co. of Pennsylvania*, 985 A.2d 840, 841 n.3 (2009) (internal quotations omitted).
[102] *Powers v. Lycoming Engines*, 245 F.R.D. 226, 232 (E.D. Pa. 2007) (vacated on other grounds).
[103] *Burke v. Honeywell Int'l, Inc.*, 2016 WL 1639820, at *9 (E.D. Pa. Apr. 26, 2016). *See also* Section III.D.1.c.

The Court certifies an unjust enrichment class for Pennsylvania Pressure Cooker

purchasers.

    d.   *The Pennsylvania UTPCPL Class*

The Court declines to certify Plaintiffs UTPCPL claim.

Under Pennsylvania's "gist of the action doctrine," a plaintiff cannot "re-cast[] ordinary

breach of contract claims into tort claims."[104]  This doctrine extends to recasting contract claims

as UTPCPL claims.[105]

"The important difference between contract and tort actions is that the latter lie from the

breach of duties imposed as a matter of social policy while the former lie for the breach of duties

imposed by mutual consensus."[106]

Here, the Plaintiffs seek reimbursement for their Cookers.  Plaintiffs can pursue these

damages under the Cookers' warranties. Furthermore, the Plaintiffs' UTPCPL claim "essentially

duplicates [the Plaintiffs] breach of contract claim."[107] Because the core of Plaintiffs' claim is

contractual, the Court denies certification.

### 3.  The proposed Colorado Classes

The Court denies certification of all the Colorado classes.

---

[104] *Empire Trucking Co., Inc. v. Reading Anthracite Coal Co.*, 71 A.3d 923, 931 n. 2 (Pa. Super. 2013) (citation omitted).
[105] *See Knight v. Springfield Hyundai*, 81 A.3d 940, 950-51 (Pa. Super. 2013).
[106] *Mirizio v. Joseph*, 4 A.3d 1073, 1080 (Pa. Super. 2010).
[107] *eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 19 (Pa. Super. 2002).

### a. *The Colorado strict liability class*

Under Colorado's economic loss rule, a plaintiff cannot recover for strict liability when the plaintiff only claims economic damages that "could have been addressed under the [product's] warranty."[108]  Therefore, Plaintiffs' Colorado strict liability class fails.

### b. *The Colorado negligence class*

In Colorado, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law."[109]  In their motion for class certification, the Plaintiffs do not identify any independent duty.[110]  Accordingly, Plaintiffs' claim fails.

### c. *The Colorado unjust enrichment class*

Under Colorado law, "[u]njust enrichment requires some form of misconduct by [the Defendant], such as fraud, coercion, or a clear act of bad faith." [111]  Although the Plaintiffs briefly mention fraud in their complaint, they offer no evidence in their certification motion to support this allegation. Consequently, we deny Plaintiffs' motion for certification.

### d. *The Colorado Products Liability Act Class*

The economic loss doctrine bars certification of a Colorado Products Liability Class.

"The question in any case where the economic loss rule is alleged to apply is whether the duty allegedly violated exists independent of the contract."[112]  Plaintiffs would likely argue that Tristar had a duty to manufacture safe Cookers. Given Plaintiffs ask only for purchase price

---

[108] *See In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 838 (S.D. Ohio 2012). *See also Carter v. Brighton Ford, Inc.*, 251 P.3d 1179, 1183 (Colo. App. 2010) ("Damages occurring only to the product itself represent the type of damages that can be foreseen and dealt with by contract.").

[109] *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000).

[110] Even if the Plaintiffs had alleged that the Tristar had a duty to manufacture Cookers that are not unreasonably dangerous reasonably safe?, Plaintiffs claim still fails. *See* Section III.D.3.d.

[111] *Walshe v. Zabors*, 178 F. Supp. 3d 1071, 1087 (D. Colo. 2016).

[112] *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 289 (Colo. App. 2009).

reimbursement, this potential argument "is contrary to the Colorado Supreme Court's implicit holding that product damage that could have been addressed by a warranty is not recoverable in tort."[113]

Because Tristar alleges damages only with regard to the Cookers themselves, the economic loss doctrine bars the Colorado Products Liability class.

### IV.    Post-Certification Litigation Schedule

Currently, this case is scheduled to hold its final pretrial conference on May 17, 2017 and then go to trial on May 22, 2017. However, the Court will reset these dates so the parties may give potential class members sufficient notice. Accordingly, trial is now set for July 10, 2017 on a two-week stand-by basis. The parties will meet for a final pretrial conference July 3, 2017 at noon.

### V.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for class certification. Specifically, the Court certifies an express warranty class for Ohio, Pennsylvania, and Colorado purchasers; an implied warranty class for Colorado; narrowed strict liability, negligent design, and unjust enrichment classes for Ohio purchasers; and an unjust enrichment class for Pennsylvania purchasers.

IT IS SO ORDERED.

Dated:  April 24, 2017.                                          _s/      James S. Gwin_____
                                                                                    JAMES S. GWIN
                                                                                    UNITED STATES DISTRICT JUDGE

---

[113] *Disher v. Tamko Bldg. Prod., Inc.*, 2015 WL 4609980, at *9 (S.D. Ill. July 31, 2015) (citing *Town of Alma*, 10 P.3d at 1263).