UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

KENNETH CHAPMAN et. al., : CASE NO. 1:16-CV-1114
:
      Plaintiffs, :
:
    v. : OPINION & ORDER
: [Resolving Doc. 49, 56, 61, 62]
TRISTAR PRODUCTS, INC., :
:
      Defendant. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers from Defendant Tristar.[1] With this lawsuit, Plaintiffs allege that the Defendant's pressure cookers ("Pressure Cookers" or "Cookers") have a design defect that "allows users to open the Pressure Cooker while it still contains a significant and dangerous amount of pressure."[2] The Plaintiffs' expert Dr. John Pratt agrees, saying that the Pressure Cookers are defective and "unreasonably dangerous" because the Cookers "can be opened while still pressurized."[3]

Defendant Tristar now moves to exclude Dr. Pratt's testimony.[4] The Court **DENIES** the Defendant's motion to exclude.

### I.     Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under Rule 702, testimony based on specialized knowledge is admissible if it "will assist the trier of fact to

---

[1] Doc. 1 ¶¶ 35-46. Plaintiffs Chapman, Vennel, and Jackson reside in Ohio, Pennsylvania, and Colorado, respectively.
[2] *Id.* ¶ 33.
[3] Doc. 51 at 14.
[4] Doc. 56. Plaintiffs oppose. Doc. 61. Defendant replies. Doc. 62. Tristar also raised similar arguments in a motion to exclude Dr. Pratt's declaration. Doc. 49. The Court denies Tristar's motion to exclude Dr. Pratt's declaration for the same reasons the Court declines to exclude Dr. Pratt's testimony.

understand the evidence or to determine a fact in issue."[5] The Rule sets three additional prerequisites to admissibility:

> (1) the testimony must be "based upon sufficient facts or data,"
>
> (2) the testimony must be "the product of reliable principles and methods," and
>
> (3) the witness must have "applied the principles and methods reliably to the facts of the case."[6]

Rule 702 evinces a liberal approach regarding admissibility of expert testimony.[7] Under this liberal approach, expert testimony is presumptively admissible.[8]

In *Daubert v. Merrell Dow Pharms., Inc.*,[9] the Supreme Court held that trial courts are to perform a "gatekeeper" function regarding the admissibility of scientific experts, and created a series of factors for courts to consider when determining reliability. Among these factors are:

- Whether the theory or technique that serves as the basis for the proposed expert testimony can be or has been tested;

- Whether the theory or technique has been published and subjected to peer review;

- The known or potential error rate experienced in the application of the particular technique.

- The existence and maintenance of standards controlling the technique's operation;

- Whether the theory or technique is generally accepted in a definable relevant community.[10]

---

[5] Fed. R. Evid. 702.
[6] *Id.*
[7] *See, e.g.*, Weinstein's Federal Evidence § 702.02, at 702-6.
[8] *Id.*
[9] 509 U.S. 579, 591-95 (1993).
[10] *Id.*

Case No. 1:16-CV-1114
Gwin, J.

These factors are "flexible" and "neither necessarily nor exclusively appl[y] to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination."[11]

## II. Analysis

The Court denies Tristar's motion to exclude Dr. Pratt's testimony.

Tristar says Dr. Pratt's testimony is neither relevant nor reliable for two reasons.[12] Tristar first says Dr. Pratt's "experiments upon which he bases his opinions are not scientifically valid and reliable."[13] Second, Defendant argues that Dr. Pratt's "conclusions are based on testing that is completely unrelated to Plaintiffs' alleged accidents."[14] These arguments lose.

### A. Dr. Pratt's experiments are sufficiently reliable

Tristar says Dr. Pratt's opinion is subjective and unreliable. Defendant notes Dr. Pratt said he "easily" opened pressurized Cookers, but failed to report how much torque he used when opening them.[15] Tristar argues "[t]he lack of any measurement of the torque force involved to rotate the lids under the declining pressures existing during Dr. Pratt's experiment renders his characterization inadmissible."

The Court disagrees.

Dr. Pratt examined the Plaintiffs' Pressure Cookers and an exemplar Cooker. He measured how many pounds per square inch ("PSI") remained inside the Cookers when he was able to rotate their lids. Additionally, Dr. Pratt recreated his experiments for Tristar's counsel

---

[11] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999).
[12] Doc. 56 at 2.
[13] *Id.*
[14] *Id.* The Court notes that Tristar repackages the same argument it offered to oppose class certification. *See* Doc. 45 at 18-2
[15] To avoid injury, Pratt did not actually open the cookers. Instead, he rotated their lids "from a fully closed position to the 50%-closed position." Doc. 51 at 10.

-3-

Case No. 1:16-CV-1114
Gwin, J.

and expert witness. By measuring pressure and recreating his experiments, the Court finds Dr. Pratt's report satisfies Rule 702 and *Daubert*.

Tristar is correct that Dr. Pratt fails to scientifically quantify "easily" when Pratt reports that he could "easily rotate the [Cooker's] lid back and forth" with pressure still inside the device.[16] Instead, Dr. Pratt reports that he and Tristar's expert rotated the Cookers' lids "primarily using one hand."[17] The amount of force needed to open the still-pressurized Cookers matters because Plaintiffs have asserted the Pressure Cookers "have the propensity to . . . erupt during ordinary use."[18] This force question affects the "ordinary use" analysis for the Plaintiffs' implied warranty claim. Tristar may address this issue at trial.[19]

## B. Dr. Pratt's opinion fits Plaintiffs' theory of the case

Tristar argues "Plaintiffs' theory of the case is different than Dr. Pratt's theory of the case."[20] Defendant says "Plaintiffs testified that the pressure cooker lid dislodged without noticeable resistance even after the valve had fully released pressure."[21] Tristar compares Plaintiffs' accounts to Dr. Pratt's experiments where Dr. Pratt "forc[ibly] remov[ed] [the Cookers'] lid when the cooking cycle had not yet completed."[22] Defendant reasons that "[b]ecause Dr. Pratt addressed a factual scenario different from what Plaintiffs experienced, his opinions are neither relevant nor reliable and should be excluded."[23]

This argument loses.

---

[16] *Id.* at 9.
[17] *Id.* at 10.
[18] Doc. 43 at 13.
[19] Tristar also lists several additional "infirmities" with Dr. Pratt's opinion. Doc. 56 at 9-10. None is sufficient to exclude Dr. Pratt's testimony.
[20] Doc. 56 at 7.
[21] *Id*. at 3.
[22] *Id.* at 6.
[23] *Id.*

-4-

Case No. 1:16-CV-1114
Gwin, J.

Plaintiffs' fundamental claim is that the Cookers are defective, unreasonably dangerous, and worthless because users can open the Cookers while pressure remains inside. Dr. Pratt reported that he rotated the lids on the Plaintiffs' Pressure Cookers when pressure remained inside the Cookers.[24] This testimony is consistent with the Plaintiffs' overall claim even if Pratt arguably used more rotating force than the Plaintiffs described.[25]

To the extent that Tristar wishes to impeach Pratt's opinions by comparing the force Dr. Pratt used to open the Cookers against the force used by the Plaintiffs, the Defendant may do so at trial. But this goes to weight, not reliability or relevance. Dr. Pratt's testimony is relevant and reliable.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Tristar's motion to exclude Dr. Pratt's expert testimony.

IT IS SO ORDERED.

Dated: April 28, 2017         s/       James S. Gwin
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[24] Doc. 43-1 at 4-5.
[25] See *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) ("[T]here must be a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify.").