UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
KENNETH CHAPMAN et. al.,                  :    CASE NO. 1:16-CV-1114
                                          :
           Plaintiffs,                    :
                                          :
       v.                                 :    OPINION & ORDER
                                          :    [Resolving Docs. 78, 79, 83, 84]
TRISTAR PRODUCTS, INC.,                   :
                                          :
           Defendant.                     :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers ("Cookers") from Defendant Tristar.[1] Plaintiffs allege that the Defendant's Cookers have a design defect that "allows users to open the pressure cooker while [the pressure cooker] still contains a significant and dangerous amount of pressure."[2] Plaintiffs allege this defect makes the Cookers worthless and seek a full purchase price refund.[3]

On April 24, 2017, this Court granted class certification to Cooker purchasers residing in Ohio, Pennsylvania, and Colorado.[4] Tristar now moves to decertify the Class, arguing that the Plaintiffs' damages model fails to satisfy the requirements set by the Supreme Court in *Comcast Corp. v. Behrend*.[5] For the following reasons, the Court **DENIES** Defendant's motion to decertify and **BIFURCATES** the July 10, 2017 trial.

---

[1] Doc. 1 ¶¶ 35-46. Plaintiffs Chapman, Vennel, and Jackson reside in Ohio, Pennsylvania, and Colorado, respectively.
[2] *Id.* ¶ 33.
[3] Doc. 47 at 9-10.
[4] Doc. 69.
[5] ___ U.S. ___, 133 S. Ct. 1426, 1433 (2013); Doc. 79.

Case No. 1:16-CV-1114
Gwin, J.

## I. Decertification Standard

"A district court 'retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment.'"[6] The court has a continuing obligation to ensure that the Rule 23 requirements are met.[7] This includes ensuring that common issues continue to predominate over individual issues and that class treatment "is superior to other methods for fairly and efficiently adjudicating the controversy."[8]

## II. The Court upholds the Class but bifurcates the trial

Plaintiffs' damages model requests a full refund of the "worthless" Cookers for each Class member.[9] Plaintiffs say a jury could determine damages by multiplying the Cookers purchased by the Cookers' purchase price.[10]

When we granted class certification, this Court found Plaintiffs' damages model fit their liability theory, as *Comcast* requires.[11] Plaintiffs' model and theory still align. However, individual Class members' damages differ and the Class's size is uncertain. Therefore, the Court will bifurcate the upcoming trial.[12] First, we will try Tristar's liability as a class action. Afterwards, if necessary, the parties will address damages.

---

[6] *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1090 (6th Cir. 2016) (citing *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004)).
[7] *See Powel v. Tosh*, 2013 WL 4418531, *2 (W.D. Ky. Aug. 2, 2013 )* ("The Sixth Circuit recognizes that district courts have a 'continuing obligation to ensure that the class certification requirements are met, and [may] alter or amend the certification order as circumstances change.'") (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (2011)); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").
[8] *See* Fed. R. Civ. P. 23(b)(3).
[9] Doc. 47 at 10.
[10] *Id.*
[11] Doc. 69 at 14; *Comcast Corp. v. Behrend*, ___ U.S. ___133 S. Ct. 1426, 1433 (2013) ("[T]he model failed to measure damages resulting from the particular antitrust injury on which petitioners' liability in this action is premised.").
[12] *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 854 (6th Cir. 2013) ("No matter how individualized the issue of damages may be, determination of damages may be reserved for individual treatment with the question of liability tried as a class action.") (internal quotations omitted).

Case No. 1:16-CV-1114
Gwin, J.

*Plaintiffs' full refund damages model satisfies Comcast*

Defendant Tristar argues that Plaintiffs' model has two fatal problems. First, the Cookers' retail price fluctuated.[13] Second, Defendant says that Plaintiffs have no idea how many Cookers third-party retailers sold in Ohio, Pennsylvania, and Colorado.[14] Tristar questions how a jury could calculate damages if it does not know how many Cookers were sold and at what price.

As to Tristar's first argument, the Cookers' fluctuating sales prices do not present a fatal *Comcast* problem. *Comcast* requires a class to align its damages with its claim. Here, Plaintiffs say the Cookers are worthless so they should receive a full refund. In response, Tristar denies that the Cookers have any defect and denies that the cookers are worthless even if any defect is found.

Plaintiffs' claim fits comfortably with their damages model. That Class members bought Cookers at different prices than other members does not necessitate decertification.[15] After all, "[i]t would drive a stake through the heart of the class action device, in cases in which damages were sought . . . to require that every member of the class have identical damages."[16]

Tristar's second decertification argument also loses. Tristar says that Plaintiffs have failed to show how many Cookers third-party retailers sold in Ohio, Pennsylvania, and Colorado.[17] Tristar reasons that the Plaintiff Class cannot show its damages are "capable of measurement" without a more concrete sense of how many Cookers are actually involved with this lawsuit.[18]

---

[13] Doc. 79 at 4.
[14] *Id.* at 4-5.
[15] *Brown v. City of Detroit*, 2014 WL 7074259, at *3 (E.D. Mich. Dec. 12, 2014) ("[T]he Sixth Circuit held that the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)") (citing *Whirlpool*, 722 F.3d at 844)). According to Tristar, Kohl's currently sells Cookers ranging in price from $109.99 to $159.99. Doc. 79 at 4.
[16] *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013).
[17] Doc. 79 at 4.
[18] *Comcast*, 133 S. Ct. at 1433.

Case No. 1:16-CV-1114
Gwin, J.

Although class uncertainty has *Comcast* implications, Tristar's argument really goes to whether the Class is sufficiently ascertainable. "For a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria."[19] So long as Plaintiff can use "traditional methods and models to identify class members" with reasonable accuracy, a class can be sufficiently ascertainable even when purchasers buy a product from a third party retailer.[20] For instance, the Sixth Circuit upheld a class whose members had purchased nutritional supplements from third party retailers across five states.[21]

Here, Plaintiffs can collect Tristar's online sales data. Plaintiffs can also retrieve sales information from retailers. "Store receipts and affidavits can supplement these methods."[22] With this information, the Class will be sufficiently ascertainable and damages will be "capable of measurement."[23]

Tristar asks, in the alternative, that the Court shrink the Class to "1) customers who purchased a Pressure Cooker directly from Tristar; and 2) claims that can be brought by Class Members in privity with Tristar."[24] For the reasons just discussed, the Court denies this request.

*The Court bifurcates the upcoming trial*

Although we decline to decertify the class, Tristar's arguments have convinced the Court to bifurcate this trial's liability issues from its damages issues.[25]

---

[19] *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (quoting *Moore's Federal Practice* § 23.21[3]).
[20] *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 524-27 (6th Cir. 2015).
[21] *Id.*
[22] *Id.* at 527. The Class here is inherently easier to ascertain than the *Rikos* class. A nutritional supplement disappears after use; a pressure cooker does not.
[23] *Comcast*, 133 S. Ct. at 1433.
[24] Doc. 84 at 4.
[25] *Brown v. City of Detroit*, 2014 WL 7074259, at *3 (E.D. Mich. Dec. 12, 2014) ("But even after *Comcast,* the Sixth Circuit has emphasized that bifurcating liability from damages is still a viable approach.").

Case No. 1:16-CV-1114
Gwin, J.

As to liability, a jury will determine (1) whether the Cookers have a defect, and, (2) if so, whether the defect makes the Cookers worthless.[26] These two legal questions satisfy Rule 23's typicality, commonality, and predominance requirements[27] and they will be the subject of July 10's trial.

If a jury answers yes to both those questions, then the parties will turn to damages. "The damages of individual class members can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses."[28]

### III.  Conclusion

For the foregoing reasons, this Court **DENIES** Tristar's motion to decertify the Class and **BIFURCATES** the July 10, 2017 trial.

IT IS SO ORDERED.

Dated: June 20, 2017                                   *s/       James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[26] The jury may have to answer some other liability questions as to, for instance, the Colorado implied warranty claim or the Ohio strict liability claim. However, this lawsuit's essential two questions remain (1) whether the Cookers have a defect, and, (2) is so, does the defect make the Cookers worthless.
[27] Doc. 69.
[28] *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013).