UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
KENNETH CHAPMAN et. al.,                  :          CASE NO. 1:16-CV-1114
                                          :
            Plaintiffs,                   :
                                          :
      v.                                  :          OPINION & ORDER
                                          :          [Resolving Docs. 82, 85]
TRISTAR PRODUCTS, INC.,                   :
                                          :
            Defendant.                    :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers

("Cookers") from Defendant Tristar.[1]  Plaintiffs sued Tristar, alleging that the Defendant's

Cookers have a design defect that "allows users to open the pressure cooker while [the pressure

cooker] still contains a significant and dangerous amount of pressure."[2]

       On June 10, 2017, Tristar served Plaintiffs with supplemental discovery disclosures

identifying three new witnesses that Tristar intends to call at trial.[3] In response to this late

disclosure, Plaintiffs move to strike, arguing that Tristar's supplemental disclosures are

inexcusably late and prejudicial.[4]

---

[1] Doc. 1 ¶¶ 35-46.  Plaintiffs Chapman, Vennel, and Jackson reside in Ohio, Pennsylvania, and Colorado, respectively.
[2] Id. ¶ 33.
[3] Doc. 82-2. In its supplemental disclosure, Tristar identified nine new witnesses: Kishore Mirchandani, Norah Alberto, Astrid Hilton, George Cruz, Eric Theiss, Claire Winslow, Vanessa Haltrecht, Ben Levy, and Bruce Kahn. Id.  However, Tristar has since indicated that it only intends to call Mirchandani, Theiss, and Haltrecht as trial witnesses. Therefore, the Court limits this opinion to Mirchandani, Theiss, and Haltrecht.  Should Tristar attempt to call any of the other six late-disclosed individuals, the Court will revisit the issue at that time.
[4] Doc. 82.

Parties must supplement their initial Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the [earlier] disclosure or response is incomplete or incorrect."[5]

Here, Tristar supplemented its initial disclosures with three additional witnesses—Kishore Mirchandani, Eric Theiss, and Vanessa Haltrecht—30 days before a July 10, 2017 trial.[6]

Tristar says this disclosure was appropriate for two reasons. First, Tristar argues the disclosure was timely because Rule 26(a)(3) only requires parties to make witness disclosures 30 days before trial.[7] Second, Tristar says that Mirchandani, Theiss, and Haltrecht "were discussed at depositions of Tristar employees in response to questioning by Plaintiffs, making them timely-disclosed."[8]

Tristar's first argument loses, but its second argument saves Theiss's testimony.

First, Rule 26(a)(3) provides that pretrial "disclosures must be made at least 30 days before trial," "unless the court orders otherwise."[9] Here, the Court *did* order otherwise—the Court closed discovery on April 17, 2017.[10] Tristar's disclosure failure is aggravated by these witnesses' identities. Mirchandani is Tristar's CEO, Theiss is Tristar's QVC spokesperson, and Haltrecht marketed the Cookers.[11] These three individuals are personnel who Tristar could have disclosed as early as May 2016 when this dispute began.[12]

---

[5] Fed. R. Civ. P. 26(e)(1)(A).
[6] Doc. 82 at 1.
[7] Doc. 85 at 2 n.4.
[8] *Id.* at 2.
[9] Fed. R. Civ. P. 26(a)(3).
[10] *Lemmon v. Ayres*, No. 3:09-CV-361, 2013 WL 4482482, at *2 (S.D. Ohio Aug. 21, 2013).
[11] Doc. 82-2 at 6-7.
[12] *Ty, Inc. v. Publ'ns Int'l, Ltd.*, 2004 WL 421984, at *1 (N.D. Ill. Feb. 9, 2004) (upholding decision to strike testimony of fourteen witnesses because it was not the "belated identification of trial witnesses, but rather its belated identification of people with knowledge relevant to the issues in this case, in violation of Rule 26" that called for strike of testimony).

Second, "[t]he duty to supplement generally does not extend to disclosures made as part of deposition testimony."[13] However, "the mere mentioning of a potential witness's name during the course of discovery is insufficient [to] demonstrate that the opposing party knew the party who failed to disclose the witness might call that person to testify at trial. On the other hand, when a party has good reason [to] know that a person has knowledge supporting the opposing party's litigation position, that party is relieved of the duty to disclose that person as a potential witness."[14]

Plaintiffs had sufficient knowledge of Theiss, but not of Mirchandani or Haltrecht.

*Eric Theiss*

Eric Theiss is a QVC pitchman for Tristar's Cookers. When Plaintiffs deposed Tristar CFO Harold Fisher, Plaintiffs asked Fisher about Theiss, "who . . . hosts incredibly successful, award-winning long-form infomercial[s] featuring the Power Pressure Cooker XL."[15] Additionally, Plaintiffs cited to Theiss's promotional videos in their original complaint.[16] Plaintiffs did not just know about Theiss, they used Theiss's videos to make their case. Furthermore, Plaintiffs knew Theiss as a celebrity chef with personal knowledge of Cookers' worth. Theiss may testify at trial.[17]

---

[13] 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.131[1]; *see also* 8A Charles A. Wright, et al., *Federal Practice and Procedure* § 2049.1.

[14] *Sjostrand v. Ohio State Univ.*, 2014 WL 4417767, at *2 (S.D. Ohio Sept. 8, 2014); *see also White v. City of Middletown*, 45 F. Supp. 3d 195, 209 (D. Conn. 2014) (quoting *Sealy v. Gruntal & Co.*, 1998 WL 698257 at *2 (S.D.N.Y. Oct. 7, 1998) ("Since the identities of seven of these individuals were disclosed in deposition testimony, together with at least some information about their potential significance, plaintiff cannot demonstrate a clear-cut violation of [Rule 26] with respect to them.")).

[15] Doc. 91-1 at 99:13-18 (Fisher deposition).

[16] Doc. 1 ¶ 25.

[17] At final pretrial conference, Plaintiffs requested permission to depose Theiss if this court denied Plaintiffs' motion to strike. We grant Plaintiffs request and direct the parties to coordinate Theiss's deposition before July 5, 2017.

*Kishore Mirchandani*

Kishore Mirchandani is Tristar's CEO. Although Mirchandani presents the closest call in this matter, we conclude Defendant failed to sufficiently disclose Mirchandani. Tristar CFO Harold Fisher mentioned Mirchandani during Fisher's deposition. However, Fisher said little beyond identifying Mirchandani as CEO and as the final Tristar marketing decision maker.[18] Importantly, Fisher's testimony does not suggest Mirchandani has particular knowledge as to the Cookers' alleged defect or the devices' worth—the central issue at dispute in this litigation.

Accordingly, Fisher's testimony was not enough to give Plaintiffs "good reason [to] know that [Mirchandani] has knowledge supporting the [Tristar's] litigation position."[19] Tristar failed to disclose Mirchandani.

*Vanessa Haltrecht*

Vanessa Haltrecht worked on the Cookers' marketing campaigns.[20] Haltrecht was never named in any depositions.[21] Tristar therefore did not disclose Haltrecht.

When "a party fails to . . . identity a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at trial, unless the failure was substantially justified or is harmless."[22] The Court finds Tristar's failure neither justified nor harmless as to Mirchandani and Haltrecht. Neither may testify at trial.

---

[18] Doc. 91-1 at 36:3-37:6; 92:3-93:7; 103:20-104:9.
[19] *Sjostrand*, 2014 WL 4417767, at *2.
[20] Doc. 82-2 at 7.
[21] CFO Fisher mentioned Haltrecht's former employer once when discussing Tristar promotional videos. Doc. 91-1 at 23:2-24:3 (Fisher deposition).
[22] Fed. R. Civ. P. 37(c)(1).

Accordingly, the Court **GRANTS** Plaintiffs' motion to strike witnesses Mirchandani and

Haltrecht.

IT IS SO ORDERED.


Dated:  June 28, 2017                                    s/      *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE