UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
KENNETH CHAPMAN et. al.,                            :        CASE NO. 1:16-CV-1114
                                                    :
              Plaintiffs,                           :
                                                    :
       v.                                           :        OPINION & ORDER
                                                    :        [Resolving Doc. 97]
TRISTAR PRODUCTS, INC.,                             :
                                                    :
              Defendant.                            :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers

("Cookers") from Defendant Tristar.[1]  Plaintiffs allege that the Defendant's Cookers have a

design defect that "allows users to open the pressure cooker while [the pressure cooker] still

contains a significant and dangerous amount of pressure."[2]

       Plaintiffs originally made personal injury claims, saying that they suffered injuries when

Plaintiffs opened their Cookers and contents erupted onto them and their property.[3]  However,

when the Plaintiffs moved for class certification, Plaintiffs sought only economic damages.[4]

       On April 24, 2017, this Court granted class certification on this economic damages

theory.[5]

---

[1] Doc. 1 ¶¶ 35-46.
[2] *Id.* ¶ 33.
[3] *Id.* at ¶ 9.
[4] Doc. 43 at 16 ("The relatively small number of other cases involving the same models of Pressure Cookers are limited to individual personal injury claims, which are not sought to be certified here.."); Doc. 47 at 7 ("Plaintiffs and Class Members were injured because Tristar delivered an unsafe product that did not conform to its representations and warranties—not because they suffered a personal injury as a result of an explosion."). Plaintiffs now allege that the defect makes the Cookers worthless and therefore Class members should receive a purchase price refund. Doc. 47 at 9-10.
[5] Doc. 69.

When the parties filed their final pretrial order, Named Plaintiffs Chapman, Vennel, and Jackson reasserted their personal injury claims.[6] Tristar moves to strike these personal injury claims, arguing that the Named Plaintiffs cannot adequately represent the Class while simultaneously pursuing their own personal injury claims.[7]

The Court agrees with Defendant Tristar.

Tristar opposed class certification. In part, Tristar argued that the variety of personal injury damages made class certification inappropriate. Apparently in response, Plaintiff said class certification became appropriate because Plaintiffs sought only economic damages that did not significantly vary among plaintiffs.

When opposing class certification, Tristar said that the Plaintiffs' interests were antagonistic to the proposed class members' interests.[8] Tristar argued that the Plaintiffs' decision to seek only economic damages "creates substantial risk that any possible personal injury or property damage claims by other class members could be waived."[9]

In response, the Court observed that Sixth Circuit district courts "have previously permitted individuals with personal injury claims to opt out of the class action or to define the class in such a way that includes those potential plaintiffs."[10] Accordingly, we instructed the parties to "add[] an opt-out provision for any individual who wishes to individually pursue a personal injury or property damage claim."[11]

---

[6] Doc. 88 at 2 ("The individual plaintiffs also seek damages for the personal injuries caused by the defective Pressure Cookers.").

[7] Doc. 97. Plaintiffs oppose. Doc. 100.

[8] Doc. 45 at 26.

[9] *Id.* (citing *In Re Teflon Prods. Liab. Litig.*, 254 F.R.D. 354, 368 (S.D. Iowa December 5, 2008) ("[A]ny possibility that a subsequent court could determine that claims for personal injury . . . were barred by res judicata prevents the named plaintiffs' interests from being fully aligned with those of the class.")).

[10] Doc. 69 at 10 (citing *Widdis v. Marathon Petroleum Co. , LP*, 2014 WL 11444248, at *6 (E.D. Mich. Nov. 18, 2014) (*citing Gasperoni v. Metabolife, Intern. Inc.*, 2000 WL 33365948 at *3-4 (E.D. Mich. September 27, 2000))).

[11] Doc. 69 at 10.

The Parties followed our directions. In the notice shipped to potential Class members, the Parties instructed, "If you or anyone you know has suffered personal injuries as a result of a Pressure Cooker and wish to pursue an individual claim for those personal injuries and/or for a property damage claim, then that person(s) should opt out of this litigation . . . ."[12]

Now Named Plaintiffs Chapman, Vennel, and Jackson seek a benefit the Court made unavailable to other class members—to be part of the instant lawsuit *and* to maintain their personal injury claims. This is improper. Named Plaintiffs cannot use this lawsuit to pursue personal injury and economic damages when their fellow Class members may only seek economic damages.

The Court dismisses the Named Plaintiffs' personal injury claims without prejudice. Should the Named Plaintiffs bring a separate personal injury lawsuit down the road, there may be questions of *res judicata* or claim preclusion. The Court does not consider those questions today.

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to strike Plaintiff Chapman, Vennel, and Jackson's personal injury claims from this lawsuit.

IT IS SO ORDERED.


Dated: July 3, 2017                                          *s/          James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[12] Doc. 75-1 at 4.