```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
KENNETH CHAPMAN et. al.,                :   CASE NO. 1:16-CV-1114
                                        :
        Plaintiffs,                     :
                                        :
    v.                                  :   OPINION & ORDER
                                        :   [Resolving Doc. 99]
TRISTAR PRODUCTS, INC.,                 :
                                        :
        Defendant.                      :
                                        :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers ("Cookers") from Defendant Tristar.[1] Plaintiffs sued Tristar, alleging that the Defendant's Cookers have a design defect that "allows users to open the pressure cooker while [the pressure cooker] still contains a significant and dangerous amount of pressure."[2]

In its final pretrial filing, Defendant Tristar listed Chief Operating Officer ("COO") Matthew Fisher as one of its trial witnesses.[3] In response, Plaintiffs asked Tristar to produce Mr. Fisher for Plaintiffs' case-in-chief.[4] Tristar refused, but reserved the right to call Fisher for its own case.[5]

Plaintiffs now move to compel Mr. Fisher to testify in Plaintiffs' case-in-chief.[6] Plaintiffs want Fisher to testify either in person or by videoconference.

---

[1] Doc. 1 ¶¶ 35-46.
[2] *Id.* ¶ 33.
[3] Doc. 88-1 at 2.
[4] Doc. 99-1 at 2-3.
[5] *Id.* at 2.
[6] Doc. 99. Defendant Tristar opposes. Doc. 102.

Case No. 1:16-CV-1114
Gwin, J.

The Court grants Plaintiffs' request to compel COO Fisher's videoconference testimony. However, Fisher may also testify in person if Tristar prefers.

Under Civil Procedure Rule 43, "for good cause in compelling circumstances," the Court may permit videoconference testimony.[7] Some district courts use a five-factor test "when deciding whether compelling circumstances exist[] to allow for contemporaneous transmission."[8] These factors are:

> (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation.[9]

The relevant factors weigh in favor of requiring Fisher to testify via videoconference.

First, Tristar possesses substantial control over Fisher, its COO. Second, this lawsuit spans three states, includes thousands of class members, and involves millions of dollars. Its complexity weighs in favor of contemporaneous testimony. Third, given that Tristar plans to call Fisher in its own case-in-chief, Tristar's refusal to produce Fisher appears largely tactical. Finally, Fisher's videoconference testimony will not prejudice Tristar. Fisher is Tristar's COO and Plaintiffs have already deposed him. Tristar should not be surprised by, or unprepared for, Fisher's answers.

---

[7] Fed. R. Civ. Pro. 43(a).
[8] 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2414 (3d ed. 2008). *See, e.g.*, *Mullins v. Ethicon, Inc.*, 2017 WL 532102, at *4 (S.D. W. Va. Feb. 8, 2017).
[9] *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 426 (D.P.R. 1989) and *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 1988 WL 525314, at *3 (W.D. Wash. Aug. 9, 1988)).

Case No. 1:16-CV-1114
Gwin, J.

Accordingly, the Court **GRANTS** Plaintiffs' motion to compel Fisher's videoconference testimony.

IT IS SO ORDERED.


Dated: July 6, 2017 *s/            James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE