UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

KENNETH CHAPMAN et. al., : CASE NO. 1:16-CV-1114
:
Plaintiffs, :
:
v. : OPINION & ORDER
: [Resolving Doc. 117]
TRISTAR PRODUCTS, INC., :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson bought pressure cookers ("Cookers") from Defendant Tristar.[1] Plaintiffs sued Tristar, alleging that the Defendant's Cookers have a design defect that "allows users to open the pressure cooker while [the pressure cooker] still contains a significant and dangerous amount of pressure."[2]

At trial this week, Defendant Tristar plans to call Eric Theiss to testify about the Cookers' value.[3] Eric Theiss is a QVC pitchman for Tristar's Cookers.

Plaintiffs now move to exclude Theiss's testimony.[4] When Plaintiffs deposed Theiss, Plaintiffs asked Theiss to assume the Cookers had a defect. Theiss responded that he had no opinion on the hypothetically defective Cookers' value.[5] Plaintiffs argue that Theiss's deposition answers should preclude him from testifying at trial to the Cookers' value.[6]

---

[1] Doc. 1 ¶¶ 35-46.
[2] *Id.* ¶ 33.
[3] Doc. 88-1 at 3.
[4] Doc. 117. Defendant opposes. Doc. 118.
[5] Doc. 117 at 2.
[6] *Id.*

Case No. 1:16-CV-1114
Gwin, J.

The Court declines to exclude Theiss's testimony at trial. Even if Theiss is uncertain as to the exact value of hypothetically defective Cookers, he appears to have information as to the value customers receive from the Cookers.[7] Of course, Plaintiffs may use Theiss's deposition to impeach him at trial if Theiss offers inconsistent testimony.

Accordingly, the Court **DENIES** Plaintiffs' motion to exclude Eric Theiss from testifying at trial.

IT IS SO ORDERED.

Dated: July 9, 2017             *s/        James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[7] Doc. 118 at 1.