## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| KENNETH CHAPMAN, *et al., etc.,* | Case No. 1:16-cv-1114 |
| Plaintiffs, | Judge James S. Gwin |
| *v.* | |
| TRISTAR PRODUCTS, INC., | |
| Defendant. | |

---

## PLAINTIFFS' UNOPPOSED MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

---

Dated: January 18, 2018

Respectfully submitted,

/s/ Gregory F. Coleman
_____
Gregory F. Coleman (*pro hac vice*)
Adam A. Edwards (*pro hac vice*)
Mark E. Silvey (*pro hac vice*)
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
greg@gregcolemanlaw.com
adam@gregcolemanlaw.com
mark@gregcolemanlaw.com

[Additional counsel appearing on signature page]

*Attorney for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iv

MOTION ............................................................................................................................... 1

INDEX OF EXHIBITS ......................................................................................................... 3

MEMORANDUM IN SUPPORT ......................................................................................... 3

I.    INTRODUCTION ........................................................................................................ 3

II.   STATEMENT OF THE CASE .................................................................................... 5

  A.   History of the Litigation ......................................................................................... 5

  B.   History of Settlement Negotiations ....................................................................... 7

  C.   The Terms of the Settlement Agreement ............................................................... 7

  D.   The California Litigation ........................................................................................ 9

III.  LAW & ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL ..................... 9

  A.   The Proposed Settlement is the result of arms-length negotiations between experienced counsel conducted by an independent mediator and the Court ............................................. 10

  B.   The Proposed Settlement Agreement is fair, reasonable, and adequate. ...................... 11

IV.   LAW & ARGUMENT IN SUPPORT OF CONDITIONAL CERTIFICATION ........... 12

  A.   The Settlement Class is ascertainable for present purposes. ......................................... 13

  B.   The Settlement Class is sufficiently numerous and joinder is impracticable for present purposes. ................................................................................................................. 14

  C.   There are questions of law and fact common to the Settlement Class ............................ 15

  D.   Plaintiffs' Claims Are Typical of the Settlement Class's Claims ................................. 16

  E.   Plaintiffs Are Adequate Class Representatives ............................................................ 16

  F.   Common Questions Predominate ................................................................................ 17

  G.   Class litigation is superior to individual adjudications for present purposes. ................ 18

ii

V.  LAW & ARGUMENT REGARDING THE NOTICE PLAN ........................................... 19

   A.  Notice Plan ......................................................................................................... 20

   B.  Claims Process..................................................................................................... 21

VI.  CONCLUSION ........................................................................................................... 22

## Table of Authorities

**Cases**

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) ...................................12, 13, 17, 19

*Amos v. PPG Indus.*, No. 2:05-cv-70, 2015 U.S. Dist. LEXIS 106944
(S.D. Ohio Aug. 13, 2015) .....................................................................................14, 16, 17

*Armstrong v. Bd. of Sch. Directors of City of Milwaukee,*
616 F.2d 305 (7th Cir. 1980) ...........................................................................................10

*Beattie v. CenturyTel, Inc.,* 511 F.3d 554 (6th Cir. 2007) ...........................................13, 16

*Bert v. AK Steel Corp.,* No. 1:02-cv-467, 2008 U.S. Dist. LEXIS 111711
(S.D. Ohio Oct. 23, 2008) .................................................................................................11

*Bridging Cmtys. Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119 (6th Cir. 2016) ...................13

*Cf. Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532 (6th Cir. 2012) .............................14

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240
(S.D. Ohio June 18, 1991) ................................................................................................12

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...............................................18

*In re Inter-Op Hip Prosthesis Liab. Litig.,*
204 F.R.D. 359 (N.D. Ohio 2001) ............................................................... 10, 15, 18-19

*In re Welding Fume Prods. Liab. Litig.*, 245 F.R.D. 279 (N.D. Ohio Sept. 14, 2007)......16

*In re Whirlpool Corp. Front-Loading Washing Prods. Liab. Litig.,*
722 F.3d 838 (6th Cir. 2013) .....................................................................................13, 16

*Jenkins v. Hyundai Motor Fin. Co.,* No. C2-04720, 2008 U.S. Dist. LEXIS 23073
(S.D. Ohio March 24, 2008) .............................................................................................17

*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco,*
688 F.2d 615 (9th Cir. 1982) ...........................................................................................10

*Ohio Public Interest Campaign v. Fisher Foods, Inc.,*
546 F. Supp. 1 (N.D. Ohio 1982)......................................................................................10

*Pfaff v. Whole Foods Mkt. Grp.*, Inc.,
No. 1:09-cv-02954, 2010 U.S. Dist. LEXIS 104784 (N.D. Ohio Sep. 29, 2010).............12

*Rikos v. Proctor & Gamble Co.,* 799 F.3d 497 (6th Cir. 2015).........................................12

*Sewell v. Bovis Lend Lease, Inc.*,
No. 09 Civ. 6548(RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012)............................15

*Smith v. Ajax Magnethermic Corp.*,
NO. 4:02CV0980, 2007 U.S. Dist. LEXIS 85551 (N.D. Ohio Nov. 7, 2007)..................10

*Swigart v. Fifth Third Bank,*
No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450 (S.D. Ohio July 11, 2014)...............11, 16

*Taylor v. CSX Transportation, Inc.,* 264 F.R.D. 281 (N.D. Ohio 2007) ...........................15

*United States v. Jones & Laughlin Steel Corp.,* 804 F.2d 348 (6th Cir. 1986)...................9

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ................................................15

*Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983)............................................................9

**Law Reviews**

Nagareda, *Class Certification in the Age of Aggregate Proof*,
84 N.Y.U. L. Rev. 97, 131-32 (2009)……………………………..…………………….12

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................................12

Fed. R. Civ. P. 23(a) ................................................................................ 12, 14-16, 19

Fed. R. Civ. P. 23(a)(1)....................................................................................................15

Fed. R. Civ. P. 23(a)(2)....................................................................................................15

Fed. R. Civ. P. 23(a)(4)....................................................................................................15

Fed. R. Civ. P. 23(b)(3)............................................................................... 13, 18-19

**Treatises**

Manual for Complex Litigation § 21.62 (4th ed. 2004)…………………………………11

William B. Rubenstein, *Newberg on Class Actions* § 4:49 (5th ed. 2013)………………17

## <u>MOTION</u>

Plaintiffs Kenneth Chapman, Jessica Vennel, Jason Jackson, and Edwina Pinon move this Court for preliminary approval of the proposed settlement of their class-action claims against Defendant Tristar Products, Inc., seeking an Order from the Court:

1.  Entering preliminary approval of the Settlement, the terms of which are set forth in the parties' *Settlement Agreement,* which is included as **Attachment A** to this motion;

2.  Conditionally certifying a nationwide class of "all persons who, between March 1, 2013 and the date of the entry of the Preliminary Approval Order, purchased for personal use and not for resale, the following models of pressure cookers manufactured, supplied, marketed, sold and/or distributed by Defendant (hereinafter individually and collectively referred to as the "Product(s)" or "Pressure Cooker(s)" for settlement purposes only;

| MODEL NUMBER ON BACK OF UNIT | NAME ON FACE PLATE |
|---|---|
| PPC770 | Power Pressure Cooker XL |
| PPC770-1 | Power Pressure Cooker XL |
| PPC780 | Power Pressure Cooker XL |
| PPC780P | Power Pressure Cooker XL |
| PPC790 | Power Pressure Cooker XL |
| PCXL/PRO8 | Power Pressure Cooker XL Pro |
| PC-PRO8 | Power Pressure Cooker XL Pro |
| YBD60-100 | Power Cooker Express |
| PC-WAL1 | Power Cooker |
| PC-TRI6 | Power Cooker |
| PCXL/PRO6 | Power Pressure Cooker XL Pro |
| PCXL/PRO6 (Date Code 1442) | Power Pressure Cooker XL |
| PPC771 | Power Pressure Cooker XL |
| PPC772 | Power Pressure Cooker XL |
| PPC772P | Power Cooker Plus |
| PPC773 | Power Pressure Cooker XL |
| PC-WAL2 | Power Cooker |
| PC-WAL3 | Power Cooker |
| PC-WAL4 | Power Cooker |

1

3.      Appointing Plaintiffs Chapman, Vennel, Jackson, and Pinon as the Settlement Class Representatives;

4.      Appointing Plaintiffs' Counsel— Gregory F. Coleman, Adam Edwards, Mark E. Silvey and Lisa A. White of Law Office of Greg Coleman; Arthur M. Stock and Shanon J. Carson of Berger & Montague; Jack Landskroner and Drew T. Legando of Landskroner Grieco Merriman; and Edward A. Wallace and Tyler J. Story of Wexler Wallace; and Todd M. Friedman and Meghan George, and of the Law Offices of Todd M. Friedman—as Settlement Class Counsel;

5.      Approving the parties' negotiated *Claim Form* **Attachment D** which is included as **Exhibit A** to the Settlement Agreement; negotiated *Long Form Class Notice* **Attachment B** included as **Exhibit B-2** to the Settlement Agreement and negotiated *Short Form Class Notice* **Attachment C** included as **Exhibit B-1** to the Settlement Agreement; and.

6.      Adopting the deadlines and procedures for Settlement Class members to submit claims, objections, and requests for exclusion as set forth in the Class Notice and Plan for Notice and Settlement Agreement;

7.      Appointing Heffler Claims Group as Claims Administrator, and directing the firm to disseminate notice and to process and report upon claims, objections, and requests for exclusion pursuant to the relevant provisions of the parties' Settlement Agreement; and

8.      Allowing Class Counsel to file their motion for attorney's fees, costs and incentive awards no later than fifteen days prior to the Objection Deadline. The Court will determine the appropriate fee of Class Counsel in the Ohio Action. Class Counsel for the California Action may apply to the Court for an award of reasonable attorneys' fees and expenses in an amount not to exceed $225,000.00 to which Tristar agrees not to object. Payment of said attorney fees and expenses, and incentive awards with respect to the Ohio Action shall be made by Tristar via wire transfer to Greg Coleman Law, P.C. within ten business days following the Effective Date.

9.      Scheduling a Final Approval Hearing on or about _____, and establishing a deadline of thirty days in advance of the hearing for Plaintiffs to file a *Motion for Final Approval.*

A *Proposed Order* granting the requested relief accompanies this motion.

2

## INDEX OF EXHIBITS

**Attachment A –** Settlement Agreement

**Attachment B** – Long Form Class Notice

**Attachment C** – Short Form Class Notice

**Attachment D** – Claim Form

**Attachment E (collective)** – Consumer Product Safety Commission Closing Letters

**Attachment F** – Declaration of Jeanne C. Finegan

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

This litigation concerns pressure cookers supplied, marketed, sold and/or distributed by Tristar and purchased by Plaintiffs and Settlement Class Members ("Pressure Cookers"). On behalf of the proposed nationwide Settlement Class, Plaintiffs allege that the Pressure Cookers contain inherent defects that create an unreasonable and dangerous risk of injury to its users and have caused injury to certain consumers.[1]  These defects include, but are not limited to the following: (1) the Pressure Cooker may suddenly release steam while being opened; (2) the Pressure Cooker lid may be able to be moved while under pressure, contrary to the representation in the Owner's Manual that the lid "should only come off if there [is] no pressure inside," or phrased another way, the Owner's  Manual inaccurately states that the cover (lid) cannot be removed when the unit contains any amount of pressure; (3) the pressure relief valve may inaccurately indicate that built-up pressure has escaped the Pressure Cooker; (4) there is a faulty gasket that may allow the lid to open despite the presence of significant built-up pressure; (5) the Pressure Cooker does not properly seal; (6) the Pressure Cooker can develop pressure when the lid is only partially, or is improperly, closed, contrary to the representation in the Owner's Manual that the lid safety device prevents pressure buildup if the lid is not closed properly.  Tristar denies Plaintiffs' claims and allegations.

---

[1] Plaintiffs' Motion for Class Certification 1, ECF 43-0.

After proceeding through class discovery, the Plaintiffs moved for class certification. The Court certified the Class for the Plaintiffs' economic claims, but held that the Plaintiffs could not represent the Class for any personal injury claims. Thereafter the parties engaged in settlement discussions via direct negotiations and multiple mediation sessions, but were unable to reach a pre-trial resolution of the case. The parties prepared for and proceeded to trial; a jury was selected, both parties presented their opening statement, and Plaintiffs began their case-in-chief. After one expert and two Plaintiffs offered their testimony, the parties conferred and settled the case shortly after.

The parties entered into a Settlement Agreement that resolves the claims of Plaintiffs and the proposed Settlement Class. **Attachment A**. The proposed Settlement Agreement includes a full release of Released Claims and Unknown Claims (defined below).

The Settlement Agreement provides economic relief to the nationwide Settlement Class that is fair, reasonable, and adequate, considering the benefits received by the Settlement Class weighed against the inherent risks of continuing litigation at trial.

Specifically, the Settlement Agreement provides immediate relief to all Settlement Class members without the burden of trying their economic claims on an individual basis. The benefits made available to Settlement Class members through the Settlement Agreement include extension of the original warranty, free of charge, through the date ending one year after the effective date and, in addition, a $72.50 Credit redeemable towards one of the following products, subject to availability and possible substitution with an improved or equivalent product; (1) Power Cooker, a 10 qt. pressure cooker – Model NO. PC-WAL4; (2) Power Air Fryer XL, a 5.3 qt. air fryer – Model No. AF-530; (3) Copper Chef XL Precision Induction Cooktop Set, consisting of induction cooktop, 11" deep dish casserole pan with glass lid, fry basket, steam rack, 10" round pan with glass lid, and recipe book. The $72.50 credit and the Limited Warranty Extension will be available to Claimants who verify that he or she watched a safety video or, alternatively, that read a transcript of the safety video and file a Valid Claim under this Settlement Agreement. This relief represents a significant benefit to the Settlement Class that is commensurate with the merits of Plaintiffs'

4

claims, and thus the Settlement Agreement is adequate, fair, and reasonable. Accordingly, Plaintiffs respectfully submit that preliminary approval of the Settlement and provisional certification of the Settlement Class is appropriate.

## II. STATEMENT OF THE CASE

### A. History of the Litigation

Plaintiffs alleged Tristar's Pressure Cookers were defective because they could be opened while dangerous levels of pressure remained in the units, causing liquid to erupt and injure consumers. Plaintiffs brought claims on behalf of themselves and a proposed nationwide class of consumers (or, in the alternative, state classes for Ohio, Pennsylvania, Colorado, and California, *i.e.,* the states of each respective Plaintiff's residence) alleging, among other things, breach of express warranty, and seeking economic damages equivalent to a full refund of the purchase-price of the product (as well as other relief).[2]

Tristar denied Plaintiffs' allegations that the Pressure Cookers were defective,[3] and moved to dismiss nearly all of Plaintiffs' claims.[4] After Tristar's partial motion to dismiss was fully briefed,[5] this Court granted the motion in part and denied the motion in part. Plaintiffs' warranty claims survived.[6] Discovery commenced,[7] and the parties conducted joint expert testing of three

---

[2] Complaint ¶¶ 21-22, 30, 69-73, 82-101, ECF 1.

[3] *See generally* Answer, ECF 8.

[4] Motion to Dismiss 1-2, ECF 18. Tristar moved to dismiss all claims except the Ohio Product Liability Act claim, the Pennsylvania breach of implied warranty of merchantability claim, and the Colorado Consumer Protection Act and Product Liability Act claims.

[5] Plaintiffs' Opposition Brief, ECF 23; Tristar's Reply Brief ECF 29.

[6] Opinion & Order, ECF 32.

[7] Case Management Order, ECF 27.

of the Plaintiffs' Pressure Cookers.[8] The experts fundamentally disagreed whether or not there was any defect.

Plaintiffs moved for class certification,[9] which Tristar opposed.[10] After the motion was fully briefed,[11] the Court certified Ohio, Pennsylvania, and Colorado state classes to pursue warranty claims, as well as other state-law causes of action.[12] The Court approved Plaintiffs' Class Notice and Notice Procedures,[13] and notice issued to absent class members—only thirty-four class members opted to be excluded from the class proceeding.[14] Tristar moved to decertify the class and the motion was fully briefed.[15] The Court denied Tristar's motion to decertify the class, but also *sua sponte* bifurcated the trial into liability and damages phases, and, in doing so, identified the two questions the jury would decide at trial: "(1) whether the Pressure Cookers have a defect, and, (2) if so, whether the defect makes the Pressure Cookers worthless."[16]

---

[8] Plaintiffs' Expert Reports, ECF 43-1 and 51; Tristar's Expert Reports, ECF 45-2 and 59.

[9] Motion for Class Certification, ECF 43.

[10] Opposition to Motion for Class Certification, ECF 45.

[11] Reply in Support of Motion for Class Certification, ECF 47; Tristar's Motion for Leave to File Sur-Reply Brief, ECF 48; Plaintiffs' Opposition to Motion for Leave, ECF 50.

[12] Order & Opinion 25, ECF 69.

[13] Order, ECF 77.

[14] Declaration of Claims Administrator Steven Weisbrot ¶ 22, ECF 119-1.

[15] Opposition to Motion to Decertify, ECF 83; Reply in Support of Motion to Decertify, ECF 84.

[16] Opinion & Order 2-5, ECF 86.

The parties prepared for trial.[17] And on July 10, 2017, trial commenced. A jury of 12 was chosen and impaneled. Two of the Plaintiffs and their expert, Dr. Pratt, testified live.[18] During an afternoon recess, however, the parties resumed negotiations and reached a settlement.

### B.    History of Settlement Negotiations

On June 9, 2017, when the case was mature and trial only a month away, the parties attended a day-long in-person mediation with well-respected mediator Michael Ungar at Ulmer & Berne LLP in Cleveland. The mediation did not result in settlement. The parties attempted arms-length negotiations over the course of several weeks following the mediation, but could not reach a settlement. Each side prepared for trial. At the conclusion of the July 22, 2017 Final Pretrial Conference, the Court referred the parties to the Magistrate Judge to explore settlement. Although no settlement was reached that day, the Magistrate Judge conducted a second mediation the following week. However, the parties were still unable to reach a settlement.

Trial commenced and Plaintiffs and their expert testified. During a mid-afternoon break on the first day of trial, however, the parties re-engaged the Magistrate Judge and re-started settlement discussions. Those discussions resulted in a proposed nationwide class settlement, which the parties presented to the Court on the record after the lunch break of the first day of trial.

### C.    The Terms of the Settlement Agreement

The proposed Settlement Agreement offers certain benefits to class members who submit timely and valid claims and also comply with the requirements set forth in the Settlement Agreement:

- Claimants must verify that they have watched, or have read the transcript for, a Safety Video (no more than three minutes in length) regarding the Pressure Cookers, and timely submit a completed Claim Form. In the event a Settlement Class Member does not have access to the internet,

---

[17] *See generally* Documents satisfying all pretrial requirements, preparing for and disclosing witnesses and exhibits for trial, and moving *in limine* on evidentiary issues, ECF 81-82, 85, 87-88, 95, 97, 99, 100, 102-110, 117.

[18] Voir dire and trial minutes and transcripts, ECF 121-123.

accommodation will be made to allow the Settlement Class Member to read the transcript of the video and verify hereto;[19]

• Claimants will receive a $72.50 credit redeemable towards one of the following products, subject to availability and possible substitution with an improved or equivalent product: (1) Power Cooker, a 10 qt. pressure cooker – Model NO. PC-WAL4; (2) Power Air Fryer XL, a 5.3 qt. air fryer – Model No. AF-530; (3) Copper Chef XL Precision Induction Cooktop Set, consisting of induction cooktop, 11" deep dish casserole pan with glass lid, fry basket, steam rack, 10" round pan with glass lid, and recipe book;[20] and

• Claimants will also be eligible for a free one-year warranty extension for the pressure cooker they currently own;[21]

• Tristar will pay up to $890,000 in Notice and Claims Administration costs.[22]

Tristar also agrees to resolve the Plaintiffs' individual personal injury claims,[23] and to pay a reasonable attorney's fee subject to Court approval.[24]

The proposed Settlement would resolve all economic claims nationwide, including those in the related action of *Pinon v. Tristar Products, Inc.,* E.D. Cal. No. 1:16-cv-00331-DAD-SAB, which has been transferred to this Court for global resolution with this case. The Class Notice contains the following provision: "If you or anyone you know has suffered personal injuries as a result of a Pressure Cooker, and wish to pursue an individual claim for those personal injuries and/or for a property damage claim, then that Person(s) should Opt Out of this Litigation."[25]

---

[19] Settlement Agreement § IV.B.1, **Attachment A**.

[20] *Id*. § I.O.

[21] Id. § I.X.

[22] Id. § III.C.

[23] *Id*. § I.GG.

[24] *Id*. § VIII.
[25] **Attachment B** 3.

8

The proposed Settlement Agreement includes a full release of Released Claims and Unknown Claims against Tristar.[26]

### D. The California Litigation

On March 10, 2016, Plaintiff Pinon filed a class action complaint in the Eastern District of California against Tristar, alleging breach of express and implied warranty claims, as well as a claim under California's Unfair Competition Law ("UCL") on behalf of "all persons who purchased Tristar Pressure Cookers."[27] Tristar filed its Motion to Dismiss on May 3, 2016[28] and on May, 24, 2016, Plaintiff Pinon filed an amended complaint, adding allegations for breach of warranty under the Magnuson-Moss Warranty Act ("MMWA"), among other changes.[29] The Judge denied Tristar's Motion to Dismiss.[30]

During the discovery process, it became evident that Tristar's WAL-1 and TRI-6 pressure cookers were in fact the subject of the *Pinon* case, not the Power Pressure Cooker XL units as initially indicated. The last item filed at the time of this motion is the Court's Order Granting the Parties' Joint Motion to Transfer Venue, filed October 30, 2017.[31]

## III. LAW & ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL

At the preliminary approval stage, the Court must only determine whether the proposed settlement is "fair, adequate, and reasonable."[32] Given that the Court will have an opportunity to

---

[26] **Attachment A** §§ I.LL, I.UU, VII.

[27] Class Action Complaint for Breach of Warranty, and Unfair Business Practices ("Pinon Complaint") 1:16-cv-00331-DAD-SAB., ECF 1, ¶¶ 1, 34-59.

[28] Motion to Dismiss ("Pinon MTD") ECF 14.

[29] Plaintiff's First Amended Class Action Complaint ("Pinon Amended Complaint") ECF 17, ¶¶ 41-50.

[30] Order Denying Defendant's Motion to Dismiss ("Pinon MTD Order") ECF 26.

[31] Order Granting the Parties' Joint Motion to Transfer Venue, ECF 54.

[32] *United States v. Jones & Laughlin Steel Corp.,* 804 F.2d 348, 351 (6th Cir. 1986); *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983).

analyze the proposed Settlement Agreement at a final approval hearing, "at this junction, [the Court] is not obligated to, nor could it reasonably undertake a full and complete fairness review."[33]

"In making a preliminary assessment of the fairness of the proposed settlement agreement, the Court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties."[34] This assessment should take into account the uncertainties, risks, and costs associated with continued litigation.[35] The Court should not second-guess the settlement terms, and should presume that the settlement is fair in light of the extensive negotiating conducted by experienced counsel.[36]

### A.    The Proposed Settlement is the result of arms-length negotiations between experienced counsel conducted by an independent mediator and the Court.

This Court is aware of the vigorous representation by Tristar's counsel and Plaintiffs' counsel from the extensive briefing and in-chambers conferences, as well as the dockets from this case and the Transferred California Action. The Court has been advised of the two formal mediations sessions—both conducted near the end of the case and with trial swiftly approaching—one of which was conducted by the Court's Magistrate Judge. And, of course, it was the follow-up negotiations overseen by the Court's Magistrate Judge that facilitated the proposed Settlement Agreement after the lunch break on the first day of trial. Under such circumstances, "it is beyond dispute that the settlement was the result of arms-length negotiation, free of collusion or fraud,

---

[33] *In re Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 359, 379 (N.D. Ohio 2001).

[34] *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982); *Smith v. Ajax Magnethermic Corp.,* NO. 4:02CV0980, 2007 U.S. Dist. LEXIS 85551, at *14 (N.D. Ohio Nov. 7, 2007).

[35] *See Ohio Public Interest Campaign v. Fisher Foods, Inc.,* 546 F. Supp. 1, 7 (N.D. Ohio 1982).

[36] *See Officers for Justice,* at 625; *Vukovich* at 923; *see also Armstrong v. Bd. of Sch. Directors of City of Milwaukee,* 616 F.2d 305, 315 (7th Cir. 1980).

conducted by experienced counsel for all parties, and achieved through formal mediation conducted by a neutral mediator" on more than one occasion and then ultimately by the Court.[37] Indeed, "[t]he participation of an independent mediator"—*a fortiori,* the Court itself—"virtually insures that the negotiations were conducted at arm's length and without collusion between the parties."[38]

### B.      The Proposed Settlement Agreement is fair, reasonable, and adequate.

Fairness involves "a comparative analysis of the treatment of class members vis-à-vis each other."[39] Reasonableness involves "an analysis of the class allegations and claims and the responsiveness of the settlement to those claims."[40] And adequacy involves "a comparison of the relief granted relative to what class members might have obtained without using the class action process."[41] Here, (1) the proposed Settlement is fair because it treats all class members the same: each is entitled to receive a credit of $72.50 and a One-Year Limited Warranty Extension, and no class members will bear any disproportionate amount of fees, costs, or expenses; (2) the proposed Settlement is reasonable because it compromises claims that were in dispute and at risk in exchange for a recovery that provides an immediate benefit equal to approximately 75% of the Plaintiffs' full-refund measure of damages, and a potential benefit equal to 100% of the Plaintiffs' damage theory (*i.e.,* the Limited Warranty Extension covers the entire value of the Pressure Cooker); and (3) the proposed Settlement is adequate because "[i]t is beyond question that, due to the small amounts of damages allegedly suffered by individual class members, maintenance of this

---

[37] *Swigart v. Fifth Third Bank,* No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *6 (S.D. Ohio July 11, 2014).

[38] *Bert v. AK Steel Corp.,* No. 1:02-cv-467, 2008 U.S. Dist. LEXIS 111711, at *6-7 (S.D. Ohio Oct. 23, 2008).

[39] Manual for Complex Litigation § 21.62 (4th ed. 2004).

[40] *Id.*

[41] *Id.*

case as a class action provides the only feasible procedural mechanism for the proposed class to pursue their claims."[42] Recently, the Consumer Product Safety Commission concluded its investigation of the Products at issue in this litigation and elected to take no further action against TriStar, further demonstrating the genuine disagreement over the nature and existence of a defect as well as underlining that Settlement in this matter is in the best interest of the Class Members.[43]

Therefore, the Court should grant preliminary approval over the proposed Settlement Agreement.

## IV.    LAW & ARGUMENT IN SUPPORT OF CONDITIONAL CERTIFICATION

It is well-established that "[t]he law generally favors and encourages the settlement of a class action."[44] "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."[45] This policy is at work when considering certification of a settlement class, since the law favors the settlement of such actions.[46]

"Class certification is appropriate if the district court finds. that the requirement of Rule 23 have been met."[47] Rule 23(a) establishes four requirements: (1) numerous class members, (2) who have a question of law or fact in common, (3) which is being pursued by a representative whose

---

[42] *Pfaff v. Whole Foods Mkt. Grp.*, Inc., No. 1:09-cv-02954, 2010 U.S. Dist. LEXIS 104784, at *17-19 (N.D. Ohio Sep. 29, 2010) (Gwin, J.).

[43] **Attachment E (collective)** – Correspondence with the CPSC.

[44] *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 246 (S.D. Ohio June 18, 1991).

[45] *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 617 (1997).

[46] *See Enterprise Energy,* 137 F.R.D. at 246.

[47] *Rikos v. Proctor & Gamble Co.,* 799 F.3d 497, 504 (6th Cir. 2015).

claims are typical of those of the class members, and (4) who will adequately protect the interests of the other class members.[48]

And Rule 23(b)(3) establishes two additional requirements: (1) "that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof,"[49] and (2) "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."[50] Because Plaintiffs seek certification of a settlement class, such issues as reliance and damages— which are commonly raised when a plaintiff seeks certification of a class for litigation purposes, and which go to manageability—are not a concern in this context. Instead, "[t]he Rule 23(b)(3) predominance inquiry tests whether [the] proposed class [is] sufficiently cohesive to warrant adjudication by representation."[51]

> ### A.     The Settlement Class is ascertainable for present purposes.

The parties have defined the Settlement Class as "all persons who, between March 1, 2013 and the date of the entry of the Preliminary Approval Order, purchased for personal use and not for resale, the following models of pressure cookers manufactured, supplied, marketed, sold and/or distributed by Defendant (hereinafter individually and collectively referred to as the "Product(s)" or "Pressure Cooker(s)" for settlement purposes only.

---

[48] *In re Whirlpool Corp. Front-Loading Washing Prods. Liab. Litig.,* 722 F.3d 838, 849 (6th Cir. 2013).

[49] *Bridging Cmtys. Inc. v. Top Flite Fin. Inc*., 843 F.3d 1119, 1124-25 (6th Cir. 2016) (6th Cir. Dec. 15, 2016) (quoting *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007)).

[50] FED. R. CIV. P. 23(b)(3).

[51] *Amchem Prods., Inc. v. Winsor*, 521 U.S. 591, 623 (1997). Defendant has stated that it does not waive the right to object to class certification in a litigation context de novo in the event the proposed settlement is terminated for any reason. **Attachment A** § II.B.1.

| MODEL NUMBER ON BACK OF UNIT | NAME ON FACE PLATE |
|---|---|
| PPC770 | Power Pressure Cooker XL |
| PPC770-1 | Power Pressure Cooker XL |
| PPC780 | Power Pressure Cooker XL |
| PPC780P | Power Pressure Cooker XL |
| PPC790 | Power Pressure Cooker XL |
| PCXL/PRO8 | Power Pressure Cooker XL Pro |
| PC-PRO8 | Power Pressure Cooker XL Pro |
| YBD60-100 | Power Cooker Express |
| PC-WAL1 | Power Cooker |
| PC-TRI6 | Power Cooker |
| PCXL/PRO6 | Power Pressure Cooker XL Pro |
| PCXL/PRO6 (Date Code 1442) | Power Pressure Cooker XL |
| PPC771 | Power Pressure Cooker XL |
| PPC772 | Power Pressure Cooker XL |
| PPC772P | Power Cooker Plus |
| PPC773 | Power Pressure Cooker XL |
| PC-WAL2 | Power Cooker |
| PC-WAL3 | Power Cooker |
| PC-WAL4 | Power Cooker |

This definition provides "objective criteria" by which the Court can determine whether a person is included or excluded from the Settlement Class, such that the Settlement Class is properly defined for purposes of certification and administering the proposed Settlement Agreement.[52]

**B.    The Settlement Class is sufficiently numerous and joinder is impracticable for present purposes.**

The first requirement of Rule 23(a)—numerosity—"requires that the class be 'so numerous that joinder of all members is impracticable.'"[53]

---

[52] *Cf. Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532, 538 (6th Cir. 2012).

[53] *Amos v. PPG Indus.*, No. 2:05-cv-70, 2015 U.S. Dist. LEXIS 106944, at *18 (S.D. Ohio Aug. 13, 2015) (quoting Fed. R. Civ. P. 23(a)(1) and certifying, for settlement purposes, a class of "more than 1,600 individuals").

14

There are over 3.2 million Pressure Cooker sales covered by the proposed Settlement Agreement. This is a sufficiently large number of geographically dispersed persons to satisfy Rule 23(a)(1) for purposes of certifying the Settlement Class.[54]

### C.      There are questions of law and fact common to the Settlement Class.

The second requirement of Rule 23(a)—commonality—is satisfied where "there are questions of law or fact common to the class."[55] This requires a common contention that is of such a nature that it is capable of class-wide resolution, meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[56] "The commonality test is qualitative rather than quantitative, that is, there need only be a single issue common to all members of the class."[57] In *Wal-Mart*, the U.S. Supreme Court clarified that Rule 23(a)'s commonality requirement turns on "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."[58] And "[s]ettlement here [can] provide[] an answer to the common issues raised by class members, regardless of specific types of injury suffered by the alleged violations."[59]

The proposed Settlement Class satisfies the commonality requirement of Rule 23(a). Plaintiffs allege that the Pressure Cookers could be opened while still under pressure or that the lid might separate from the base on its own. And that common factual question raises legal

---

[54] *See Taylor v. CSX Transportation, Inc.,* 264 F.R.D. 281, 288 (N.D. Ohio 2007) ("it is generally accepted that a class of 40 or more members is sufficient").

[55] Fed. R. Civ. P. 23(a)(2).

[56] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

[57] *In re Inter-Op*, 204 F.R.D. at 340 (internal quotation marks and citation omitted).

[58] *Wal-Mart Stores, Inc*., 131 S. Ct. 2541, 2551 (2011) (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 131-32 (2009)) (emphasis in original).

[59] *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548(RLE), 2012 WL 1320124, at *3 (S.D.N.Y. Apr. 16, 2012) (certifying settlement class and granting final approval of a class settlement).

questions common to the proposed Settlement Class, such as whether the product was defective, and, if so, was the product of diminished or no value.

Thus, for purposes of certifying the proposed Settlement Class, the commonality standard is met.

### D.     Plaintiffs' Claims Are Typical of the Settlement Class's Claims

"[U]nder the typicality prong, a court must ask whether, despite the presence of common questions, each class member's claim involves so many *distinct* factual or legal questions as to make class certification inappropriate."[60] "Typicality [is] liberally construed [and] does not mean identical," and "is met if the class members' claims are fairly encompassed by the named plaintiff's claims."[61] A claim is typical if it "arise[s] from the same course of conduct and is predicated on the same legal theories as the claims of the Settlement Class."[62]

Plaintiffs' warranty claims are typical of the proposed Settlement Class' warranty claims because all such claims arise from the same alleged defects and are predicated on the same legal theory. Thus, the typicality standard is met.

### E.     Plaintiffs Are Adequate Class Representatives

The fourth element of Rule 23(a)—adequacy—"requires the representative parties will fairly and adequately protect the interests of the class."[63] "Due process demands this inasmuch as a final judgment will bind all class members."[64] In order "[t]o establish adequacy of representation, plaintiffs must satisfy two elements. First, the representatives must have interests common with

---

[60] *In re Welding Fume Prods. Liab. Litig.*, 245 F.R.D. 279, 303 (N.D. Ohio Sept. 14, 2007) (emphasis in original).

[61] *Swigart,* 288 F.R.D. at 184; *In re Whirlpool Front-Loading Washing Prods. Liab. Litig.,* 722 F.3d 838, 852 (6th Cir. 2013).

[62] *Amos*, 2015 U.S. Dist. LEXIS 106944, at *20; *see also Beattie v. CentryTel, Inc.,* 511 F.3d 554, 560-61 (6th Cir. 2007).

[63] Fed. R. Civ. P. 23(a)(4).

[64] *Amos*, 2015 U.S. Dist. LEXIS 106944, at *21 (citations omitted).

16

the unnamed members of the class. Second, it must be shown that the representatives—through qualified counsel—will vigorously prosecute the interests of the class."[65]

Plaintiffs are all members of the proposed Settlement Class, have the same interests in recovering a portion of the purchase price of the Pressure Cooker by way of a Credit and in receiving a Limited Warranty Extension on the Pressure Cooker, have no conflicts with members of the Settlement Class, and have pursued and approved of a class-wide settlement that benefits all class members equally.

Plaintiffs' counsel are experienced in consumer class-action litigation and vigorously litigated the case for almost two years until present and at substantial time and expense, including immense opportunity cost preparing for and commencing trial in the Ohio Action. They were able to negotiate a substantial settlement in favor of the Settlement Class as a whole. Indeed, they have "worked diligently to identify and investigate the potential claims in this matter. . . have shown an eagerness to prosecute the case, [including] time-consuming discovery and extensive briefing. . . and have well briefed the matters before the Court," all which justifies their appointment as lead counsel for the Settlement Class.[66]

### F.    Common Questions Predominate

Because Plaintiffs seek certification for settlement purposes, the focus of the predominance inquiry here is whether the proposed Settlement Class is sufficiently cohesive to warrant adjudication by representation.[67] This Court "need not inquire whether the case, if tried, would present intractable management problems,"[68] and "individual issues relating to causation, injury,

---

[65] *Id.* (internal quotation marks and citations omitted).

[66] *Jenkins v. Hyundai Motor Fin. Co.,* No. C2-04720, 2008 U.S. Dist. LEXIS 23073, at *31 (S.D. Ohio March 24, 2008).

[67] *See Amchem*, 521 U.S. at 623.

[68] *Id.* at 620.

and damage also disappear because the settlement's objective criteria provide for an objective compensation scheme."[69]

At root, Rule 23(b)(3)'s predominance requirement "is meant to help courts identify cases in which aggregate treatment would be efficient."[70] A settlement class under Rule 23(b)(3) is "appropriate whenever the actual interests of the parties can be served best by settling their differences in a single action"; "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis."[71]

Here, it is most efficient to resolve the economic claims of the Settlement Class through the proposed Settlement Agreement. Each Settlement Class member purchased a Pressure Cooker, and each member's claim is fundamentally about whether or not that product is defective and/or has diminished or no value. In other words, "the common issues that preexisted the proposed settlement – involving a common [purchase], defendant, and course of conduct – when considered in light of the proposed settlement, predominate over any individual issues between class members."[72]

### G.    Class litigation is superior to individual adjudications for present purposes.

To determine whether a class action is a superior vehicle for adjudicating common issues, the district court should consider: (1) the interest of members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (3) the desirability of concentrating the litigation of the claims in a single forum; and (4) any likely difficulties in

---

[69] *In re Inter-Op*, 204 F.R.D. at 347.

[70] 2 William B. Rubenstein, *Newberg on Class Actions* § 4:49 (5th ed. 2013).

[71] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).

[72] *In re Inter-Op*, 204 F.R.D. at 347.

managing the case as a class action.[73] "In the settlement context, however, the latter consideration is not relevant."[74]

Here, a class action is superior to other available methods of adjudication for precisely these reasons. This Settlement Agreement resolves the common contention central to any Settlement Class members' claim: namely, that the Pressure Cooker is worthless as a result of an inherent defect. Individual Settlement Class members have little incentive to control the prosecution of separate individual actions because the time and expense associated with such litigation would easily exceed the potential individual recovery, especially when compared with the relief available under the proposed Settlement Agreement presently before the Court. However, those who wish to do so would still be able to opt out of the proposed Settlement Class.

Only those Settlement Class members who sustained personal injuries may have an interest in pursuing individualized adjudication of their claims. Therefore, the Notice has been crafted to highlight this issue and emphasize that: "If you or anyone you know has suffered personal injuries as a result of a Pressure Cooker, and wish to pursue an individual claim for those personal injuries and/or for a property damage claim, then that Person(s) should Opt Out of this Litigation." In addition Tristar will separately send a copy of the Notice to all known Plaintiffs and their counsel who are pursuing personal injury claims, nationwide. Consequently, the proposed settlement class satisfies Rule 23(b)(3). And because it satisfies Rule 23(a) as well, the proposed Settlement Classes should be certified for settlement purposes only.

## V.    LAW & ARGUMENT REGARDING THE NOTICE PLAN

The Class Notice Plan described in the Settlement Agreement (**Attachment A** § V) will be administered by a Notice Administrator appointed by the Court. At this time, Plaintiffs and Defendant jointly move the Court to appoint Heffler Claims Group, a highly qualified and

---

[73] FED. R. CIV. P. 23(b)(3).

[74] *In re Inter-Op*, 204 F.R.D. at 347 (citing *Amchem*, 521 U.S. at 620).

19

experienced expert in the administration of class action notices as the Notice Administrator.[75] The claims administration process, discussed more fully under § VI of the Settlement Agreement, will also be administered by the Settlement Administrator under the supervision of counsel and the Court.

### A.    Notice Plan

The Class Notice Plan described in the Settlement Agreement (**Attachment A** § V) calls for several forms of notice to the Settlement Class in order to maximize the probability of reaching all or substantially all Settlement Class members. These forms of notice include, but are not limited to, the following:

1.    Direct notice using **Attachment B** the Long-Form Notice attached as **Exhibit B-2** to the Settlement Agreement to all persons that Tristar and Plaintiffs have identified as falling within the Settlement Class definition and for whom email addresses may reasonably be obtained. Although the majority of sales were not directly to consumers, approximately thirty-seven percent of Pressure Cooker sales were direct. In addition, Tristar maintains a product registration database containing information for plaintiffs that registered their Pressure Cookers online.

2.    Electronic Notice using **Attachment C** the Short-Form Notice attached as **Exhibit B-1** to the Settlement Agreement to all persons that Tristar and Plaintiffs have identified as falling within the Settlement Class Definition at an e-mail address for that Settlement Class member's account reflected in Tristar's reasonably available computerized records.

3.    Website Notices. On the Notice Date, the Settlement Administrator shall establish a settlement website at www.powerpressurecookersettlement.com available to potential Settlement Class members. The website shall contain the Class Notice, the Settlement Agreement, this Motion for Preliminary Approval of Class Action Settlement, the Proposed Preliminary Approval Order, the Motion for Attorneys' Fees and Costs, the Motion for Incentive Award, the

---

[75] **Attachment F** – Declaration of Jeanne C. Finegan.

Motion for Final Approval, and the Final Approval Order. According to the Settlement Agreement, the Settlement Website shall include deadlines for filing Claim Forms, requests to Opt-Out from the Settlement Class, Objections to the Settlement, and the hearing date for the Final Approval, as well as other deadlines deemed pertinent. In addition, the Settlement Administrator may employ the use of various social media platforms in order to enhance reach and provide the best Notice practicable. In the event the Settlement Administrator does employ the use of such platforms, industry-recognized best practices will be employed to ensure both a high degree of deliverability and compliance with the Can-Spam Act.

The Class Notice Plan calls for Notice to be given to the Settlement Class as soon as practicable following the Court's entry of a Preliminary Approval Order. The Class Notice Plan shall be designed to reach at least 80% of the Settlement Class members. The cap on costs of notice, claims and administration shall be $890,000.00.

The Class Notice will provide Settlement Class members with information on how, when, and where they may object to the Settlement Agreement. The Class Notice will also provide instructions on how to Opt-Out of the Settlement Agreement, including a deadline for doing so. As such, the parties propose an objection and Opt-Out deadline of no later than 60 days after dissemination of the Notice Plan, which will provide Settlement Class members adequate time to consider the terms of the Settlement Agreement and make their decision.

**B.      Claims Process**

The Class Notice Plan provides for a reasonable and customary claims process under the supervision of Class Counsel and the Court. The Settlement Administrator will be responsible for administering all claims under the supervision of the Parties' Counsel, subject to the Court's continuing jurisdiction. In order for a Settlement Class member to receive any benefits under the Settlement Agreement, the Settlement Class member must be an Authorized Claimant by virtue of having submitted a timely and valid Claim Form within the claims period. Authorized Claimants are the only persons who are eligible for recovery under the Settlement.

The Claim Form will be available in the Class Notice sent directly to Settlement Class members whose addresses are known, as well as accessible online under the settlement website (www.powerpressurecookersettlementcom). Settlement Class members will be able to submit the Claim Form online or by mail to the Settlement Administrator. For Settlement Class members who do not receive direct notice, the settlement website will contain an interactive function permitting Settlement Class members to download a Claim Form online through the use of either a unique class member identifier contained on the Class Notice or any reasonable proof of purchase. Finally, the Claim Form will be made available by making a request through an automated toll-free telephone number established to provide information about the Settlement.

The Settlement Agreement establishes procedures and criteria to protect the due process rights of all Settlement Class members. These procedures include, but are not limited to, specific steps to determine the validity of claims; a process for notifying Settlement Class members that wish to object or Opt-Out of the Settlement Agreement; and a process for filling out the Claim Form.

Settlement Class members will have the option of either mailing completed Claim Forms along with supporting documentation proving purchase, or filling out online versions of these forms and either uploading, mailing, faxing, or emailing the required supporting documentation to the Settlement Administrator. Submission of a Claim Form will constitute consent to the Court's jurisdiction over the claim and the Claimant, and the Court's decisions on disputed claims will be deemed final and conclusive as to the Settlement Class Members.

## VI.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant their motion for preliminary approval of the Settlement Agreement; provisionally certify, for settlement purposes only, the Settlement Class; appoint Class Representatives and Class Counsel; and authorize dissemination of the Notice Plan to Settlement Class members, in the form and manner described above and in accordance with the Class Notice Plan in Section V of the Settlement

Agreement and other documents submitted as exhibits herewith. A proposed Preliminary Approval

Order is being submitted herewith.


Dated: January 18, 2018                          Respectfully submitted,

                                                 /s/Gregory F. Coleman
                                                 Gregory F. Coleman (*pro hac vice*)
                                                 Adam A. Edwards (*pro hac vice*)
                                                 Mark E. Silvey (*pro hac vice*)
                                                 GREG COLEMAN LAW PC
                                                 First Tennessee Plaza
                                                 800 S. Gay Street, Suite 1100
                                                 Knoxville, Tennessee 37929
                                                 Telephone: (865) 247-0080
                                                 Facsimile: (865) 522-0049
                                                 greg@gregcolemanlaw.com
                                                 adam@gregcolemanlaw.com
                                                 mark@gregcolemanlaw.com

                                                 Jack Landskroner (0059227)
                                                 Drew Legando (0084209)
                                                 LANDSKRONER GRIECO MERRIMAN, LLC
                                                 1360 West 9th Street, Ste. 200
                                                 Cleveland, OH 44113-1254
                                                 Telephone: (216) 522-9000
                                                 Facsimile: (216) 522-9007
                                                 jack@lgmlegal.com
                                                 drew@lgmlegal.com

                                                 Shanon J. Carson
                                                 Arthur Stock
                                                 BERGER & MONTAGUE, P.C.
                                                 1622 Locust Street
                                                 Philadelphia, PA 19103
                                                 Telephone: (215) 875-4656
                                                 Facsimile: (215) 875-4604
                                                 scarson@bm.net
                                                 astock@bm.net

                                                 Edward A. Wallace
                                                 Tyler J. Story
                                                 WEXLER WALLACE LLP
                                                 55 W. Monroe Street, Ste. 3300
                                                 Chicago, Illinois 60603

Telephone: (312) 346-2222
Facsimile: (312) 246-0022
eaw@wexlerwallace.com
tjs@wexlerwallace.com

Todd M. Friedman
Meghan George
David B. Levin
LAW OFFICE OF TODD M. FRIEDMAN, PC
111 West Jackson Street, Suite 1700
Chicago, IL 60604
Telephone: 312-212-4355
Facsimile: 866-633-0228
Email: dlevin@toddflaw.com

*Attorneys for Plaintiffs*

24

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2018, a copy of the foregoing PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory F. Coleman
Gregory F. Coleman (*pro hac vice*)

25