# ATTACHMENT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between (1) Plaintiffs Kenneth Chapman, Jessica Vennel, Jason Jackson and Edwina Pinon (collectively, "Plaintiffs"; each a "Plaintiff"), on behalf of themselves individually and as representatives of the proposed Settlement Class (defined below); and (2) Defendant Tristar Products, Inc. ("Tristar" or "Defendant"), on its own behalf and for the benefit of the Released Parties. Plaintiffs and Tristar are collectively referred to as the "Parties," each of which is a "Party." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## RECITALS

WHEREAS, on March 10, 2016, Edwina Pinon commenced a putative class action lawsuit styled *Pinon v. Tristar Products, Inc.*, Case No. 1:16-cv-00177, in the United States District Court for the Eastern District of California (the "California Action"); and

WHEREAS, on May 10, 2016, Plaintiffs Kenneth Chapman, Jessica Vennel, and Jason Jackson commenced a putative class action lawsuit styled *Chapman v. Tristar Products, Inc.*, Case No. CV- 1:16-cv-1114, in the United States District Court for the Northern District of Ohio (the "**Ohio Action**"); and

WHEREAS, on October 5, 2017, the court in the California Action granted the joint motion, by the parties in that case, to transfer the California Action to the United States District Court for the Northern District of Ohio, where it has been assigned Case No. 1:17-cv-02298 (the "**Transferred California Action**"); and

1

WHEREAS, the Parties are willing to enter into this Settlement Agreement to settle the claims of the Settlement Class because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation; and

WHEREAS, Plaintiffs and Settlement Class Counsel have concluded, based on their investigation, that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class, and is in the best interest of the Settlement Class, after having considered (a) the Benefits (defined below) that the Settlement Class will receive from the settlement of the Litigation (defined below), (b) the attendant risks of continuing the Litigation, and (c) the desirability of permitting the settlement to be consummated on the terms set forth below, subject to approval of the Court; and

WHEREAS, Tristar avers that it has acted lawfully and in compliance with all applicable, statutes, regulations, and laws; denies all claims asserted against it in the Litigation; denies all allegations of wrongdoing and liability; and denies that anyone was harmed by the alleged relevant conduct. Nevertheless, Tristar desires to settle the Released Claims (defined below) on the terms and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risks and uncertainty of continuing the proceedings in the Litigation, without in any way acknowledging any wrongdoing, fault, liability, or damages to Plaintiffs or the Settlement Class or conceding that it engaged in the alleged conduct or the truth of any other allegations in the complaints filed in the Ohio Action and in the California Action;

NOW THEREFORE, IT IS AGREED, by and among the Parties, that in consideration of the promises and mutual covenants set forth herein, all Released Claims shall be fully, finally, and forever compromised, settled, and released as to all the Released Persons (defined below) and the

2

Litigation shall be dismissed with prejudice on the merits, on the terms set forth below, subject to the approval of the Court.

The recitals stated above are true and accurate, and are hereby made a part of the Settlement Agreement.

## I. DEFINITIONS

As used in this Settlement Agreement, the terms defined below, some of which have been used in the preceding RECITALS of this Settlement Agreement, shall have the meanings assigned to them when capitalized in the same fashion.

A. "**Attorneys' Fees**" means the attorneys' fees and expenses applied for by Settlement Class Counsel under this Settlement Agreement at the amount approved by the Court.

B. "**Administrative Costs**" means reasonable fees and expenses charged by the Settlement Administrator for all tasks the Settlement Administrator and any third parties retained by the Settlement Administrator perform in furtherance of the notice and administration of the Settlement and to secure performance as set forth in this Settlement.

C. "**Benefits**" means the Credit and Limited Warranty Extension available to a Claimant who files a Valid Claim under this Settlement Agreement.

D. "**Claim**" means a request for the Benefits pursuant to this Settlement Agreement submitted by or on behalf of a Settlement Class Member on a Claim Form filed with the Settlement Administrator in accordance with the terms of this Settlement Agreement.

E. "**Claim Deadline**" means 11:59 p.m. Eastern Time on the 90th day from the Notice Date.

F. "**Claim Form**" means the document attached hereto as Exhibit A.

G.      "**Claim Period**" means the ninety-day period of time during which a Settlement Class Member must submit a Claim Form to be eligible to receive the Benefits. The Claim Period shall commence on the Notice Date and conclude on the date of the Claim Deadline.

H.      "**Class Representative**" means Plaintiffs Kenneth Chapman, Jessica Vennel and Jason Jackson in the Ohio Action, and Plaintiff Edwina Pinon in the California Action.

I.      "**Claimant**" means a Settlement Class Member who submits a properly completed Claim Form pursuant to this Settlement Agreement.

J.      "**Class Counsel**" means Class Counsel for the Ohio Action and Class Counsel for the California Action.

K.      "**Class Counsel for the California Action**" means Todd M. Friedman and Meghan E. George of Law Offices of Todd M. Friedman, P.C.

L.      "**Class Counsel for the Ohio Action**" means Gregory F. Coleman, Adam Edwards, Mark E. Silvey and Lisa A. White of Law Office of Greg Coleman; Arthur M. Stock and Shanon J. Carson of Berger & Montague; Jack Landskroner and Drew T. Legando of Landskroner Grieco Merriman; and Edward A. Wallace and Tyler J. Story of Wexler Wallace.

M.      "**Class Notice**" means the Short-Form Notice and the Long-Form Notice to Settlement Class Members substantially in the forms attached hereto as Exhibit B-1 and B-2 respectively.

N.      "**Class Period**" means the period beginning on March 1, 2013 through, and including, the date of entry of the Preliminary Approval Order.

O.      "**Credit**" means a $72.50 non-transferable credit redeemable towards one of the following products, subject to availability and possible substitution with an improved or equivalent product:

4

| 1. | Power Cooker, a 10 qt. pressure cooker - Model No. PC-WAL4 |
|---|---|
| 2. | Power Air Fryer XL, a 5.3 qt. air fryer - Model No. AF-530 |
| 3. | Copper Chef XL Precision Induction Cooktop Set, consisting of induction cooktop, 11" deep dish casserole pan with glass lid, fry basket, steam rack, 10" round pan with glass lid, and recipe book |

The Credit will be issued by Tristar, is non-transferable, and can only be utilized for purchases directly from Tristar by internet at a URL to be determined by Tristar or by telephone through a number to be determined by Tristar, and must be exercised within ninety days following the Claimant's receipt of the Benefits from the Settlement Administrator. The price will be the then existing retail price offered by Tristar to other consumers purchasing through a Tristar website or telephone sales representative, with any applicable shipping, processing and handling charges, but will not include installment financing, bonuses, or incentives such as buy one get one free or at a reduced price. Any return under warranty of a product purchased with the Credit will be limited to repair, replacement, or at the option of Tristar a refund of the purchase price less the Credit (i.e., the out-of-pocket payment) and the Credit will not be reusable.

P. "**Court**" means the United States District Court for the Northern District of Ohio.

Q. "**Defense Counsel**" means John Q. Lewis, Zachary J. Adams, Jonathan F. Feczko and Madeline Dennis of Tucker Ellis (in the Ohio Action), and Pamela M. Ferguson, Shawn Adrian Toliver, and Mark Francis Ram of Lewis Brisbois Bisgaard and Smith LLP (in the California Action).

R. "**Effective Date**" means the first business date after the last of the following conditions have been satisfied: (a) all Parties and Class Counsel have executed this Settlement Agreement; (b) the Court has entered the Final Approval Order; (c) the expiration (without the

filing or noticing of an appeal) of the time to appeal from the Final Approval Order; (d) in the event there is an appeal, the final dismissal of all appeals from the Final Approval Order; (e) in the event there is an appeal, affirmance on appeal of the Final Approval Order; (f) in the event there is an appeal and if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Approval Order, the time to petition for rehearing or re-argument, and petitions for certiorari and or any other form of review with respect to such ruling or decision has expired; or (g) in the event there is an appeal and if a petition for rehearing or re-argument, petitions for certiorari or any other form of review with respect to the Final Approval Order is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Approval Order. For purposes hereof, an "appeal" shall not include any appeal that concerns solely the issue of Class Counsel's request for attorneys' fees and expenses and for Incentive Awards to the Class Representatives. The failure of any of these conditions means this Agreement will not become effective.

S.      "**Final Approval**" means the approval of the Settlement Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

T.      "**Fee Award**" means the Attorneys' Fees and expenses awarded by the Court to Class Counsel in the Ohio Action and separately in the Transferred California Action for all the past, present, and future attorneys' fees and costs (including court costs), expenses, and disbursements incurred by them and their experts, agents, staff, and consultants in connection with the Litigation.

U.      "**Final Approval Hearing**" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of

the Settlement in accordance with applicable jurisprudence, to be held after notice has been provided to the Settlement Class in accordance with this Settlement Agreement, and where the Court will:

1)      determine whether to grant final approval to the certification of the Settlement Class;

2)      determine whether to designate Plaintiffs as the representatives of the Settlement Class;

3)      determine whether to designate Class Counsel as counsel for the Settlement Class;

4)      determine whether to grant final approval of the Settlement Agreement;

5)      rule on Class Counsel's Application for Attorneys' Fees and Expenses and Plaintiffs' Incentive Awards, and

6)      consider whether to enter the Final Approval Order.

V.      "**Final Approval Order**" means an order, to be entered by the Court, which, among other things, fully and finally approves the settlement and dismisses the Ohio Action and Transferred California Action with prejudice, and retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement. Plaintiffs will submit a proposed Final Approval Order as an exhibit to their Motion for the Final Approval.

W.      "**Incentive Award**" means any award sought by application to and approval by the Court that is payable to any of the Class Representatives to compensate them for their efforts in bringing the respective Ohio Action, California Action and the Transferred California Action and achieving the Benefits identified herein on behalf of the Settlement Class.

X.       "**Limited Warranty Extension**" means the original limited warranty pertaining to the Product owned by the Claimant which is extended through the date ending one year after the Effective Date.

Y.       "**Litigation**" means the Ohio Action, the California Action, and the Transferred California Action.

Z.       "**Motion for Preliminary Approval of Settlement**" means the motion, to be filed by Class Counsel, seeking entry by the Court of the Preliminary Approval Order, and includes all supporting papers.

AA.     "**Notice Date**" means the date on which the Settlement Administrator has fully disseminated the Class Notice as required by the Preliminary Approval Order.

BB.     "**Notice Plan**" means the plan for disseminating notice to Settlement Class Members, as described in Section V.

CC.     "**Objection**" means an objection filed with the Court by a Member of the Settlement Class, objecting to any aspect of the Settlement Agreement.

DD.     "**Objection Deadline**" means the date sixty days after the Notice Date.

EE.     "**Opt-Out**" means a request by a Member of the Settlement Class to be excluded from the Settlement Class by following the procedures set forth in the Preliminary Approval Order.

FF.     "**Opt-Out Deadline**" means the date sixty days after the Notice Date.

GG.     "**Payment to Class Representatives**" means a payment of $25,000.00 to each Class Representative in consideration for personal injury and property damage claims and up to $10,000.00 more as an Incentive Award, which latter amount is subject to approval by the Court.

HH.    "**Person**" means a natural person, individual, corporation, partnership, association, government agency, or any other type of legal entity, whatsoever.

II.    "**Preliminary Approval**" means the preliminary approval of the Settlement by the Court, and entry on the Court's docket of the Preliminary Approval Order.

JJ.    "**Preliminary Approval Order**" or "**Proposed Preliminary Approval Order**" means the order granting preliminary approval of the Settlement Agreement, conditional certification of the Settlement Class, approval of the method and content of notice to the Settlement Class and setting a schedule for the Final Approval Hearing.

KK.    "**Product**" or "**Products**" "Product" or "Products" means all pressure cookers supplied, marketed, sold and/or distributed by Tristar, including to retailers and consumers, more specifically identified as follows:

| MODEL NUMBER ON BACK OF UNIT | NAME ON FACE PLATE |
|---|---|
| | |
| PPC770 | Power Pressure Cooker XL |
| PPC770-1 | Power Pressure Cooker XL |
| PPC780 | Power Pressure Cooker XL |
| PPC780P | Power Pressure Cooker XL |
| PPC790 | Power Pressure Cooker XL |
| | |
| PCXL/PRO8 | Power Pressure Cooker XL Pro |
| PC-PRO8 | Power Pressure Cooker XL Pro |
| YBD60-100 | Power Cooker Express |
| PC-WAL1 | Power Cooker |
| PC-TRI6 | Power Cooker |
| PCXL/PRO6 | Power Pressure Cooker XL Pro |
| PCXL/PRO6 (Date Code 1442) | Power Pressure Cooker XL |
| PPC771 | Power Pressure Cooker XL |
| PPC772 | Power Pressure Cooker XL |
| PPC772P | Power Cooker Plus |
| PPC773 | Power Pressure Cooker XL |
| PC-WAL2 | Power Cooker |
| PC-WAL3 | Power Cooker |
| PC-WAL4 | Power Cooker |

LL.　　　"**Released Claims**" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined below), whether in law or in equity, direct or indirect, whether individual or representative, of every nature and description whatsoever, including but not limited to any based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, that arose during the Class Period, and which arise or are based in any manner whatsoever on the same facts, claims, theories and allegations as asserted or could have been asserted in the Litigation, or based on any contention that:

1) 　Tristar breached any expressed or implied warranties with respect to the Products,

2) 　The Products are not properly designed or manufactured,

3) 　The Products are defective, are not safe for their intended use, or pose an unreasonable risk of injury during normal use, or

4) 　The advertising, warnings, and instructions with respect to the Products are in any way inaccurate, misleading, inadequate, or insufficient.

Nothing herein is intended to release any claims that any governmental agency or governmental actor has against Tristar, any claims asserted for acts or omissions outside of the Class Period, or any claims on behalf of any Person other than the Releasing Parties.

MM.　　　"**Released Parties**" means (1) Tristar, its owners, parents, subsidiaries, affiliates, joint-ventures, partners, members, officers, directors, employees, shareholders, agents, attorneys, administrators, successors, predecessors, and (2) all entities in the supply and distribution chain

10

and/or stream of commerce of the Products at issue and includes without limitation Tristar's manufacturers, sourcing agents, retailers, customers, clients, marketers, advertisers, and persons, or entities in privity with them.

NN.	"**Releasing Parties**" means Class Representatives and all Settlement Class Members, Class Counsel, and any Person claiming by or through any of them, including any Person claiming to be his/her/its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

OO.	"**Safety Video**" means a video or videos which will be prepared by Tristar to demonstrate the proper and safe use of the Products and which will be posted on an internet website for viewing by the Claimants and will also be available in the form of a transcript for review by any Claimants who do not have access to the internet.

PP.	"**Settlement Administrator**" means Heffler Claims Group, the independent entity selected by the Parties to administer the Settlement.

QQ.	"**Settlement**" or "**Settlement Agreement**" means the settlement into which the Parties have entered to resolve the Litigation. The terms of the settlement are as set forth in this agreement and attached exhibits.

RR.	"**Settlement Class**" means any Persons in the United States who purchased the Products during the Class Period, limited to one Claimant per pressure cooker.  Excluded from the Settlement Class are: (a) all Persons who purchased or acquired the Products for resale; (b) Tristar and its employees, principals, affiliated entities, legal representatives, successors and assigns; (c) any Person who files a valid, timely Opt Out; (d) federal, state, and local governments

and all agencies and subdivisions thereof; and (e) the Judges to whom the Litigation is or has been assigned and any member of their immediate family.

SS.      "**Settlement Class Member**" or "**Member of the Settlement Class**" means a member of the Settlement Class.

TT.      "**Settlement Website**" means the Internet website established and maintained by the Settlement Administrator for purposes of facilitating notice to, and communicating with, the Settlement Class and for receipt of online claims.

UU.      "**Unknown Claims**" means Released Claims that Settlement Class Members whose claims are being released, or any of them, do not know or suspect to exist, which, if known by the Person, might affect the Person's decision to Opt Out or object to the Settlement. Upon the Effective Date, all Settlement Class Members shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred, if any, on them by any law of any state or territory of the United Sates, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code, which reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

VV.      "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that: (a) is submitted in accordance with the directions accompanying the Claim Form and the provisions of this Settlement Agreement; (b) is, accurately, fully, and truthfully completed, and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) is signed physically or by e-signature by a Settlement Class Member or Person with authority

to sign for and bind a Settlement Class Member, subject to the penalty of perjury; and (d) is received by the Claim Deadline, and is determined to be valid by the Settlement Administrator.

## II.  NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION

### A.  Tristar's Denial of Wrongdoing or Liability

This Settlement Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Settlement Agreement, is for settlement purposes only and entered into solely for the purpose of avoiding possible future expenses, burdens, or distractions of litigation, and Tristar specifically denies any and all wrongdoing. Tristar has asserted and continues to assert that it has complied with all applicable statutes, regulations and laws. Further, Tristar has asserted and continues to assert defenses with respect to the claims in the Litigation, and Tristar specifically and expressly denies any and all fault, wrongdoing or liability in connection with any claims which have been made or could have been made, or which are the subject matter of, arise from, or are connected directly or indirectly, with or related in any way to the Litigation including, but not limited to, any violations of any federal or state law (whether statutory or common law), rule or regulation, or any contract with or duty owing to the Settlement Class Members, and Tristar denies that any violation of any such law, rule or regulation has ever occurred, as well as the validity of each of the claims and prayers for relief asserted in the Litigation. The Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in, this Settlement Agreement (whether or not it becomes final), nor any of the implementing documents or actions taken under them, shall constitute, be construed as, or be admissible in evidence as, any admission for or against Tristar, the Released Parties, or Plaintiffs of the validity of any position, any claim, any status, or any fact alleged in the Litigation or any fault, wrongdoing, violation of law, or liability of any kind on the part of Tristar, the Released Parties, or any admission by any Party of

any claim or allegation made in any action or proceeding by or against such Party. This Settlement Agreement, any document referred to herein, any action taken to carry out this Settlement Agreement and/or the Settlement, Tristar's willingness to enter into this Settlement Agreement, or any or all negotiations, communications, and discussions associated with the Settlement (a) shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof; and (b) shall not be described as, construed as, offered, or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation; the appropriateness of certifying a non-settlement class; the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties.

B.     No Admission of Elements of Class Certification

1.     Tristar denies that a class should be or should have been certified other than for purposes of this Settlement. Tristar contends that the Litigation could not be or should not have been certified as a class action for trial purposes under Federal Rule of Civil Procedure 23. In the event that the Settlement Agreement does not become final for any reason, Tristar reserves its rights, if applicable, to oppose certification of any Plaintiffs' claim in future proceedings except as otherwise ordered by the Court.  In such circumstances where the Settlement Agreement does not become final, this Settlement Agreement shall not be described as, construed as, offered, or received against any of the Released Parties as *res judicata*, issue preclusion, law of the case, estoppel, or as support for any other legal or equitable theory as to the propriety of certification of

14

any class under Rule 23, or as Plaintiffs' affirmatively demonstrating their compliance with Rule 23, or the Court's satisfaction after rigorous analysis that Rule 23 has been satisfied.

2.     The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation. Should the Court not enter the Final Approval Order or the Effective Date not occur, the certification of the Settlement Class shall be immediately void, the Settlement Class should be automatically decertified, and the Litigation shall proceed as though the Settlement Classes had never been certified, in which case this Settlement Agreement shall not constitute, be construed as, or be admissible in evidence as, an admission or be used for any purpose whatsoever in the Litigation or any other pending or future action.

## III.     RETENTION OF SETTLEMENT ADMINISTRATOR

The Settlement Administrator shall be retained by Tristar to assist in implementing the terms of the Settlement Agreement.

a.     The Settlement Administrator shall assist with various administrative tasks, including, without limitation, (a) distribution of the Class Notice by the Notice Date (b) handling returned emails not delivered to Claimants, (c) answering inquiries from Settlement Class Members, (d) receiving and maintaining Opt-Out requests, (e) establishing and maintaining the Settlement Website, (f) receiving and processing Claims and distributing the Benefits to Settlement Class Members, and (g) otherwise assisting with administration of the Settlement Agreement.

b.     Tristar's contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards:

1.     the Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Settlement Agreement in communications with Settlement Class Members;

15

2.      the Settlement Administrator shall provide prompt, accurate, and objective responses to inquiries from Class Counsel, Tristar, or Defense Counsel.

c.      Tristar shall have no obligation to pay more than $890,000.00 to the Settlement Administrator for all of its services including expenses.

## IV.      SETTLEMENT BENEFITS

Subject to validation by the Settlement Administrator, Tristar will provide the Benefits to Settlement Class Members who follow the procedures set forth in Section IV.B below.

A.      Time for Providing Benefits to Settlement Class Members. No later than 45 days after the Effective Date or forty-five days after the Claim Deadline, whichever is later, the Settlement Administrator will provide to the eligible Settlement Class Members the method for redeeming the Credit and for utilization of the Limited Warranty Extension.

B.      Eligibility for Benefits.

1.      To be eligible for the Benefits, the Settlement Class Member must verify that they have watched the Safety Video, which shall be no longer than three minutes, and timely submit a signed and completed Claim Form. Tristar may provide consumers with links to other, longer videos providing additional information regarding how to operate the pressure cookers (but consumers will not be required to verify having watched these videos).  In the event a Settlement Class Member does not have access to the internet, accommodation will be made to allow the Settlement Class Member to read the transcript of the video and verify thereto. A Claim shall not be eligible for the Benefits unless: (a) the Settlement Class Member has verified that they have watched the Safety Video or verified that they have read the transcript as described herein, (b) the Claim Form is timely submitted to the Settlement Administrator, (c) the Claim Form contains a

complete, legible name, and mailing address for the Claimant, (d) the questions on the Claim Form are completed, and (e) the Claim Form is signed under penalty of perjury.

        2.     To be timely, Claim Forms must be submitted to the Settlement Administrator during the Claim Period and must be received electronically, or if sent by mail postmarked, on or before the Claim Deadline.

        3.     The Settlement Administrator will use adequate and customary procedures and standards to avoid providing Benefits on fraudulent claims. Such procedures may include: (a) requiring manual entry of a unique class member identifier to access the Claim Form via the Settlement Website, (b) screening for duplicate claims, (c) requiring a unique class member identifier to be included on the Claim Form submitted by all Settlement Class Members who receive direct notice, (e) ensuring that Claimants have watched the Safety Video through the confirmation of embedded codes, or other means, and (f) reviewing Claims for evidence of fraud.

        4.     The Settlement Administrator shall employ reasonable procedures to screen Claims for fraud. The Settlement Administrator may, but is not required to, request additional information necessary to validate Claims and/or reject a Claim Form where there is evidence of abuse or fraud. The Settlement Administrator may also reject a Claim Form that does not contain all requested information necessary to screen the Claim for fraud or abuse. Finally, the Settlement Administrator's decision as to whether the Settlement Class Member submitted a Valid Claim shall be non-appealable, final, and binding upon the Parties and the Claimants.

## V.      NOTICE TO THE CLASS

        A.     General: The Contents of the Class Notice will contain the following language: "If you or anyone you know has suffered personal injuries as a result of a Pressure Cooker and wish to pursue an individual claim for those personal injuries and/or for a property damage claim, then that Person(s) should Opt Out of this Litigation."

B.      Settlement Website: On or before the Notice Date, the Settlement Administrator shall establish the Settlement Website at www.powerpressurecookersettlement.com. The website shall contain the complaints filed in the Ohio Action and in the California Action, this Settlement Agreement, the Motion for Preliminary Approval of Settlement, the Preliminary Approval Order, the Class Notice, the Motion for Attorneys' Fees, Costs, and Incentive Awards, the Motion for Final Approval, and the Final Approval Order, as each such document is filed in the Litigation. The Settlement Website shall include the deadlines for filing Claim Forms, requests to Opt-Out (exclusion) from the Settlement Class, and submitting Objections to the Settlement, along with the hearing date for the Final Approval and other information pertaining to the Settlement, and it may include Frequently Asked Questions and an interactive function that permits Settlement Class Members to download a Claim Form online and to file a Claim Form via the website. The website used in connection with a previous Notice to Class Members in certain states, www.pressurecookerxllawsuit.com, shall be updated to state that a settlement has been reached and link to the Settlement Website.

C.      Electronic Notice: On or before the Notice Date, the Settlement Administrator will cause the Class Notice to be e-mailed to those Settlement Class Members for whom Tristar has an e-mail address as may be reflected in Tristar's reasonably available computerized records.

D.      Publication Notice: The Settlement Administrator shall arrange for publication of the Class Notice in media as determined by the Settlement Administrator in its sole discretion.

E.      Notice to Settlement Class Members Known to be Represented by Counsel: The Class Notice will be delivered by mail or email to counsel for Settlement Class Members known by Tristar to be represented by counsel.

18

F.      Notice Reach: The Class Notice shall be designed to reach at least 80% of the Settlement Class Members as determined by the Settlement Administrator. The Parties agree that the dissemination of the Class Notice as described herein is reasonable and appropriate and represents the best notice practicable.

## VI.      APPROVAL PROCEDURES AND RELATED PROCEEDINGS

A.      Preliminary Approval and Final Approval Hearing

Within fourteen days after execution of this Settlement Agreement, Plaintiffs shall file a Motion for Preliminary Approval of Settlement in form and content satisfactory to Tristar in which they shall move for entry of a Preliminary Approval Order preliminarily approving this Settlement Agreement, providing for the dissemination of the Class Notice, and scheduling a Final Approval Hearing. Tristar will not object to Plaintiffs' Motion for Preliminary Approval of Settlement.

B.      Opt-Out Requests

Settlement Class Members will have until the Opt-Out Deadline to exclude themselves from the Settlement Class. Class Members may Opt-Out by timely sending a written request received no later than the Opt-Out Deadline to the Settlement Administrator. Class Members who timely Opt-Out of the settlement: (a) will not be a part of the Settlement, (b) will have no right to receive any Benefits under the Settlement Agreement, (c) will not be bound by the terms of the Settlement Agreement, and (d) will not have any right to object to the terms of the Settlement Agreement at the Final Approval Hearing. The written Opt-Out request must: (a) state the title and case number of the Ohio Action, (2) request exclusion from the Settlement Class, (c) be signed by the requestor, and (4) include a statement indicating that the requestor is a Member of the Settlement Class. A list reflecting all Opt-Out requests received and logged shall be provided by

the Settlement Administrator to Class Counsel and Defense Counsel at least fourteen days before the Final Approval Hearing.

      C.      Objections to the Settlement or to the Fee Award.

      1.      Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to any of the terms of the Settlement. Any such Objection must be filed with the Court and served on Class Counsel, Defense Counsel, and the Settlement Administrator by the Objection Deadline. Any Objections to the Settlement not properly and timely filed and served will not be considered by the Parties or the Court.

      2.      Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsels' Motion for an Award of Attorneys' Fees and Costs and/or the Incentive Awards. Any such Objection must be filed with the Court and served on Class Counsel, Defense Counsel, and the Settlement Administrator by the Objection Deadline. Any Objections to the Class Counsels' Motion for an Award of Attorneys' Fees and Costs and/or the Incentive Awards not properly and timely filed and served will not be considered by the Parties or the Court.

      3.      To be effective, any Objection must contain all the following information:

      a.      a reference to this case, *Chapman v. Tristar Products, Inc*., Case No. CV- 1:16-cv-1114, in the United States District Court for the Northern District of Ohio;

      b.      the objector's full name, address, and telephone number;

      c.      a written statement of all grounds for the Objection, accompanied by any legal support for such objection;

      d.      copies of any papers, briefs, or other documents upon which the Objection is based;

    e.  a statement of whether the objector intends to appear at the Final Approval Hearing. If the objector intends to appear at the Final Approval Hearing through counsel, the Objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing;

    f.  a statement of his/her membership in the Settlement Class, including all information required by the Claim Form.

    4.  Any Settlement Class Member who fails to timely file and serve a written Objection containing all of the information listed in the previous paragraphs, including notice of the objector's intent, or lack of intent, to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal. Further, any Settlement Class Member who submits a timely written Objection shall consent to deposition by Class Counsel prior to the Final Approval Hearing.

## VII. RELEASES

    A.  As of the Effective Date, and except as to such rights or claims created by the Settlement, Plaintiffs and each Settlement Class Member, and each of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. In connection with the Released Claims, each Settlement Class Member shall be deemed to have forever waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

B.     The Final Approval Order shall further provide for and effect the release of all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Tristar now has against Plaintiffs by reason of any act, omission, harm, matter, cause or event whatsoever arising out of the initiation, prosecution, or settlement of the Litigation or the claims and defenses asserted in the Litigation.

C.     Notwithstanding the above, the Court shall retain continuing jurisdiction over the Parties and the Settlement Agreement with respect to the future performance of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken. All Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement.

## VIII.   CLASS COUNSELS' ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVES' INCENTIVE AWARDS AND COMPENSATION FOR RELEASE OF PERSONAL INJURY CLAIMS

A.     Class Counsel for the Ohio Action may apply to the Court for an award of reasonable attorneys' fees and expenses which shall be comprised of Class Counsel's lodestar and expenses in the Ohio Action, in an amount within a range agreed to by the Parties. Class Counsel shall file its motion for attorney's fees, costs and incentive awards no later than 15 days prior to the Objection Deadline. The Court will determine the appropriate fee of Class Counsel in the Ohio Action. Class Counsel for the California Action may apply to the Court for an award of reasonable attorneys' fees and expenses in an amount not to exceed $225,000.00 to which Tristar agrees not to object. Payment of said attorney fees and expenses with respect to the Ohio Action shall be

made by Tristar via wire transfer to Greg Coleman Law, P.C. within ten business days following the Effective Date.

B.     The Plaintiffs may apply to the Court for Incentive Awards as Class Representatives, which applications will not be contested by Tristar. However, the total Incentive Award from Tristar payable to a Class Representative shall not exceed $10,000.00 per Class Representative. The Class Representatives in the Litigation shall each receive $25,000.00 for settlement of their personal injury claims.

C.     Tristar shall pay any attorney cost and fee awards by the Court, and any Incentive Awards and other monetary awards agreed to in this Settlement within ten business days following the Effective Date.

## IX.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

A.     If all of the conditions contained in the definition of the Effective Date are not met, then this Settlement Agreement shall be cancelled and terminated unless Plaintiffs and Tristar mutually agree in writing to proceed with this Settlement Agreement.

B.     In the event that this Settlement or Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Litigation, and this entire Settlement Agreement shall become null and void. In such event, this Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with this Settlement Agreement shall be without prejudice to any Party or Settlement Class Member and shall not be admissible or offered into evidence in any action or proceeding as an admission or confession by any Party, Settlement Class Member, or any other Person or entity of any fact, matter, or proposition of law.

23

## X.     MISCELLANEOUS PROVISIONS

A.      Conditional Nature of Settlement and Termination. Tristar and Plaintiffs shall each have the right to terminate the Settlement Agreement by providing written notice of their election to do so to the other within 30 days of: (i) the Court's declining to enter the Preliminary Approval Order in the form attached hereto; (ii) the Court's refusal to approve this Settlement Agreement or any material part of it verbatim; (iii) the Court's declining to enter the Final Approval Order; (iv) the date upon which the Final Approval Order is modified or reversed in any respect by the Court of Appeals or the Supreme Court; or (v) in the event that the Court enters a Final Approval Order in a form other than that provided for in the Motion for Preliminary Approval of Settlement ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement Agreement, the date that such Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Tristar shall have the right to terminate the Settlement Agreement by providing written notice of its election to do so to Plaintiffs if more than one thousand Settlement Class Members Opt-Out of the Settlement pursuant to Section VI.B above.

B.      Evidentiary Preclusion. The Parties agree that, to the fullest extent permitted by law, neither this Settlement Agreement nor the settlement, nor the negotiation thereof, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Parties or their counsel or the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Parties or their counsel or the Released Parties or the appropriateness of class certification in any civil, criminal, or administrative proceeding in any court, administrative

24

agency, or other tribunal. In addition, any failure of the Court to approve the Settlement and/or any Objections or interventions may not be used as evidence in the Litigation or any other proceeding for any purpose whatsoever. However, the Released Parties may file the Settlement Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.      Effectiveness, Amendments, and Binding Nature. This Settlement Agreement may be amended only in writing signed by all of the Parties. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court. Except as otherwise stated above, each Party, including Plaintiffs on behalf of themselves and the Members of the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Settlement Agreement are hereafter found to be other than as now believed or assumed by that Party to be true or applicable, this Settlement Agreement shall nevertheless remain effective. This Settlement Agreement is binding on, and shall inure to the benefit of, the Parties and their respective heirs, agents, employees, representatives, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest. All Released Parties other than Tristar are intended to be third-party beneficiaries of this Settlement Agreement.

D.      Cooperation in Implementation. The Parties agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation, in seeking Preliminary Approval and Final Approval of the Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement, and promptly agreeing upon and

executing all such other documentation as may be reasonably required to obtain final approval of the Settlement by the Court. The Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Settlement Agreement. Tristar and Plaintiffs also agree to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Settlement Agreement including, if necessary, filing Motions to Stay the Litigation once this Settlement Agreement is executed. Immediately upon the Effective Date, the Parties will seek to dismiss the Litigation with prejudice as all claims have been released by this Settlement Agreement.

E. Governing Law. This Settlement Agreement shall be construed and governed in accordance with the laws of Ohio.

F. Stay Pending Court Approval.

1. The Parties agree to stay all proceedings, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.

2. The Parties further agree to cooperate in opposing entry of any interim or final relief in favor of any Settlement Class Member in any other proceedings against any of the Released Parties which challenges the Settlement or otherwise asserts or involves, directly or indirectly, a Released Claim. This stay shall not apply to claims asserted for acts or omissions outside of the Class Period.

G. Signatures. This Settlement Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures sent by email shall be deemed original signatures and shall be binding.

26

H.    Notices. Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first-class U.S. Mail or by email to:

    1.    If to Plaintiffs, then to:

           Gregory F. Coleman
           Greg Coleman Law PC
           First Tennessee Plaza
           800 S. Gay Street, Suite 1100
           Knoxville, TN 37929
           865-247-0080
           greg@gregcolemanlaw.com

    2.    If to Tristar, then to:

           Roger A. Colaizzi
           Venable LLP
           600 Massachusetts Ave., NW
           Washington, DC 20001
           202-344-8051
           Email: racolaizzi@venable.com

I.    Good Faith. The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Settlement Agreement. To that end, the Parties further agree to implement the terms of this Settlement Agreement in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Settlement Agreement. The Parties also agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

J.    Protective Orders. All existing orders and agreements regarding the confidentiality of the Parties' documents and information ("Protective Orders") remain in effect, and all Parties remain bound to comply with the Protective Orders.

K.      Arms-Length Negotiations. The determination of the terms and conditions contained herein and the drafting of the provisions of this Settlement Agreement have been made by mutual agreement among, and participation of, the Parties hereto and their counsel. This Settlement Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting of the document. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation or interpretation of this Settlement Agreement and the Parties agree that the drafting of this Settlement Agreement has been a mutual undertaking.

L.      Waiver. The waiver by one Party of any provision or breach of the Settlement Agreement shall not be deemed a waiver of any other provision or breach of the Settlement Agreement.

M.      Variance. In the event of any variance between the terms of this Settlement Agreement and any of the exhibits hereto, the terms of this Settlement Agreement shall control and supersede the exhibits.

N.      Taxes. No opinion concerning the tax consequences of the Settlement Agreement will be given to any Settlement Class Member; nor is any Party providing any representation or guarantee respecting the tax consequences of the Settlement Agreement as to any Settlement Class Member. Each Settlement Class Member is responsible for the Person's own tax reporting and other obligations respecting the Settlement Agreement, if any.

O.      Support from the Parties. After a full investigation, discovery and arms-length negotiations, the Parties agree that they: (i) have independently determined that this Settlement is in the best interest of the Members of the Settlement Class; and (ii) will not encourage any Persons to Opt-Out or file an Objection to the Settlement or this Settlement Agreement. The Parties agree

28

that the Class Notice will be made available and/or provided to the Settlement Class and is reasonable and appropriate. To avoid contradictory, incomplete, or confusing information about the Settlement during the Claim Period, the Parties agree that if they make any written press releases or provide information to the media about the Settlement before the conclusion of the Claim Period, such information will be approved by the Parties in advance and made jointly.

P.      Entire Agreement. This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them. All terms of this Settlement Agreement are contractual and are not mere recitals and shall be construed as if drafted by all Parties.

Q.      Time Periods. Unless stated otherwise, all time periods set forth herein shall be computed in calendar days. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.

R.      Date of Finalized Settlement Agreement. This Settlement Agreement shall be deemed to have been executed upon the last date of execution by all of the undersigned.

SIGNATURE PAGE TO FOLLOW

29

Dated: _12-20-17_

_Kenneth W. Chapman_
Kenneth Chapman

Dated: _____

_____
Jessica Vennel

Dated: _____

_____
Jason Jackson

Dated: _____

_____
Edwina Pinon

Dated: _____

_____
Gregory R. Coleman
Adam Edwards
Mark E. Silvey
Lisa A. White
Greg Coleman Law PC
Attorneys for the Settlement Class

Dated: _____

_____
Jack Landskroner
Drew T. Legando
Landskroner Grieco Merriman, LLC
Attorneys for the Settlement Class

Dated: _____

_____
Edward A. Wallace
Tyler J. Story
Wexler Wallace LLP
Attorneys for the Settlement Class

Dated: _____

_____
Shanon J. Carson
Arthur Stock
Berger & Montague, P.C.
Attorneys for the Settlement Class

30

Dated: _____

_____
Kenneth Chapman

Dated: 12 - 18 - 17

_____
Jessica Vennel

Dated: _____

_____
Jason Jackson

Dated: _____

_____
Edwina Pinon

Dated: _____

_____
Gregory F. Coleman
Adam Edwards
Mark E. Silvey
Lisa A. White
Greg Coleman Law PC
Attorneys for the Settlement Class

Dated: _____

_____
Jack Landskroner
Drew T. Legando
Landskroner Grieco Merriman, LLC
Attorneys for the Settlement Class

Dated: _____

_____
Edward A. Wallace
Tyler J. Story
Wexler Wallace LLP
Attorneys for the Settlement Class

Dated: _____

_____
Shanon J. Carson
Arthur Stock
Berger & Montague, P.C.
Attorneys for the Settlement Class

30

Dated: _____

_____
Kenneth Chapman

Dated: _____

_____
Jessica Vennel

Dated: _12 - 19 -17_

_____
Jason Jackson

Dated: _____

_____
Edwina Pinon

Dated: _____

_____
Gregory F. Coleman
Adam Edwards
Mark E. Silvey
Lisa A. White
Greg Coleman Law PC
Attorneys for the Settlement Class

Dated: _____

_____
Jack Landskroner
Drew T. Legando
Landskroner Grieco Merriman, LLC
Attorneys for the Settlement Class

Dated: _____

_____
Edward A. Wallace
Tyler J. Story
Wexler Wallace LLP
Attorneys for the Settlement Class

Dated: _____

_____
Shanon J. Carson
Arthur Stock
Berger & Montague, P.C.
Attorneys for the Settlement Class

30

Dated: _____

_____
Kenneth Chapman

Dated: _____

_____
Jessica Vennel

Dated: _____

_____
Jason Jackson

Dated: _12-19-17_

_____
Edwina Pinon

Dated: _____

_____
Gregory F. Coleman
Adam Edwards
Mark E. Silvey
Lisa A. White
Greg Coleman Law PC
Attorneys for the Settlement Class

Dated: _____

_____
Jack Landskroner
Drew T. Legando
Landskroner Grieco Merriman, LLC
Attorneys for the Settlement Class

Dated: _____

_____
Edward A. Wallace
Tyler J. Story
Wexler Wallace LLP
Attorneys for the Settlement Class

Dated: _____

_____
Shanon J. Carson
Arthur Stock
Berger & Montague, P.C.
Attorneys for the Settlement Class

30

Dated: _____

_____
Kenneth Chapman

Dated: _____

_____
Jessica Vennel

Dated: _____

_____
Jason Jackson

Dated: _____

_____
Edwina Pinon

Dated: _____

_____
Gregory F. Coleman
Adam Edwards
Mark E. Silvey
Lisa A. White
Greg Coleman Law PC
Attorneys for the Settlement Class

Dated: _____

_____
Jack Landskroner
Drew T. Legando
Landskroner Grieco Merriman, LLC
Attorneys for the Settlement Class

Dated: _____

_____
Edward A. Wallace
Tyler J. Story
Wexler Wallace LLP
Attorneys for the Settlement Class

Dated: _____

_____
Shanon J. Carson
Arthur Stock
Berger & Montague, P.C.
Attorneys for the Settlement Class

30

Dated: _____

_____
Kenneth Chapman

Dated: _____

_____
Jessica Vennel

Dated: _____

_____
Jason Jackson

Dated: _____

_____
Edwina Pinon

Dated: _____

_____
Gregory F. Coleman
Adam Edwards
Mark E. Silvey
Lisa A. White
Greg Coleman Law PC
Attorneys for the Settlement Class

Dated: _____

_____
Jack Landskroner
Drew T. Legando
Landskroner Grieco Merriman, LLC
Attorneys for the Settlement Class

Dated: _____

_____
Edward A. Wallace
Tyler J. Story
Wexler Wallace LLP
Attorneys for the Settlement Class

Dated: _____

_____
Shanon J. Carson
Arthur Stock
Berger & Montague, P.C.
Attorneys for the Settlement Class

30

Dated: _____          _____
                                         Kenneth Chapman

Dated: _____          _____
                                         Jessica Vennel

Dated: _____          _____
                                         Jason Jackson

Dated: _____          _____
                                         Edwina Pinon

Dated: _____          _____
                                         Gregory F. Coleman
                                         Adam Edwards
                                         Mark E. Silvey
                                         Lisa A. White
                                         Greg Coleman Law PC
                                         Attorneys for the Settlement Class

Dated: _____          _____
                                         Jack Landskroner
                                         Drew T. Legando
                                         Landskroner Grieco Merriman, LLC
                                         Attorneys for the Settlement Class

Dated: _____          _____
                                         Edward A. Wallace
                                         Tyler J. Story
                                         Wexler Wallace LLP
                                         Attorneys for the Settlement Class

Dated: _1/7/18_                          _____
                                         Shanon J. Carson
                                         Arthur Stock
                                         Berger & Montague, P.C.
                                         Attorneys for the Settlement Class

30

Dated: 12/27/17

Todd M. Friedman
Meghan E. George
Law Offices of Todd M. Friedman, P.C.
Attorneys for the Settlement Class

Dated: 1/16/18

Roger A. Colaizzi
Venable LLP
Attorney for Tristar Products, Inc.

Tristar Products, Inc.

Dated: 1/17/18

By: Steven H. Sowers

Its: CFO

31

# EXHIBIT A

[Print Mock-up – Online Version Will Be Similar]

# POWER PRESSURE COOKER CLASS ACTION SETTLEMENT
# CLAIM FORM

**I.**  **Instructions**

1.  You are eligible to submit this Claim Form if you are a Settlement Class Member, which means:

You are an individual who, between March 1, 2013 and [Insert the date of the entry of the Preliminary Approval Order], purchased for personal use and not for resale, any of the following models of pressure cookers manufactured, supplied, marketed, sold and/or distributed by Tristar Products, Inc.:

| MODEL NUMBER ON BACK OF UNIT | NAME ON FACE PLATE |
|---|---|
| PPC770 | Power Pressure Cooker XL |
| PPC770-1 | Power Pressure Cooker XL |
| PPC780 | Power Pressure Cooker XL |
| PPC780P | Power Pressure Cooker XL |
| PPC790 | Power Pressure Cooker XL |
| PCXL/PRO8 | Power Pressure Cooker XL Pro |
| PC-PRO8 | Power Pressure Cooker XL Pro |
| YBD60-100 | Power Cooker Express |
| PC-WAL1 | Power Cooker |
| PC-TRI6 | Power Cooker |
| PCXL/PRO6 | Power Pressure Cooker XL Pro |
| PCXL/PRO6 (Date Code 1442) | Power Pressure Cooker XL |
| PPC771 | Power Pressure Cooker XL |
| PPC772 | Power Pressure Cooker XL |
| PPC772P | Power Cooker Plus |
| PPC773 | Power Pressure Cooker XL |
| PC-WAL2 | Power Cooker |
| PC-WAL3 | Power Cooker |
| PC-WAL4 | Power Cooker |

2.  If you have questions about the settlement, please visit the settlement website www.powerpressurecookersettlement.com or contact the claims administrator, Heffler Claims Group, at:

Power Pressure Cooker Settlement
c/o Heffler Claims Group
PO Box 58580
Philadelphia, PA 19102-8580

Toll free telephone number: (844) 271-4784

3.  You can submit this Claim Form by completing it online and submitting it through the internet at www.powerpressurecookersettlement.com. You can also submit this Claim Form by mail to the Heffler Claims Group at the address set forth above.

4.  The deadline for submitting  this Claim Form is [Insert Date: to be no later than 90 days from the date of

Issuance of this Notice] before 11:59 p.m. Eastern Time. Failure to submit your Claim Form by the deadline may result in the denial of your claim.

5. Claim Forms will be processed in the order they are received. If your claim is valid, you will receive a communication explaining the settlement benefits to which you are entitled. You may receive a rejection notification if your claim is invalid, and you may receive a deficiency notification if your claim is deficient in ways that you can correct by providing additional information.

6. All benefits under this settlement are being provided directly by Tristar. There are no retailers, distributors, or dealers involved.

**II.**   **Certification of Viewing the Pressure Cooker Safety Video or Reading a Transcript of the Video**

By submission of this Claim Form, you are certifying that you have watched a safety video of approximately 3 minutes that is at www.powerpressurecookersafetyvideo.com, or that you have requested from the claims administrator a transcript of the safety video and have received and read the transcript.:

**III.**   **Claimant Information**

Claimant Name: First: _____   Last: _____

Street Address: _____

City: _____   State: ___ ___   Zip Code: ___ ___ ___ ___ ___

Phone: ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___

Email Address: _____

**IV.**   **Power Pressure Cooker Information**

(1)  Complete the follow for each Power Pressure Cooker that you purchased.

| Estimated date that the Pressure Cooker was purchased | If known, the place from which the Pressure Cooker was purchased | The Model Number on the Back of the Pressure Cooker (it must be one of the models listed above) | The name of the Pressure Cooker on the Face Plate (it must be one of the names listed above) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(2)  For each Power Pressure Cooker that you purchased, attach proof of purchase such as a receipt or invoice, or in lieu thereof a photograph of the manufacturer's identification plate from the back of the product. Examples of the manufacturer's identification are as follows:



## V.     **Certification**

I declare under penalty of perjury under the laws of the United States that I purchased the pressure cooker described above on or about the date indicated.

Signature (if mailed): _____   Date:   ___ ___ / ___ ___ / ___ ___

# EXHIBIT B-1

Proposed Short Form Notice

# If You Purchased a Power Pressure Cooker, You Could Get Benefits from a Proposed Class Action Settlement

A proposed class action settlement has been preliminary approved by a Court against Tristar Products, Inc. ("Defendant") involving certain models of pressure cookers.

## What is this about?

The lawsuit claims that certain models of Tristar pressure cookers may have defects including, 1) suddenly releasing steam while being opened; 2) the lid may be removed while still under pressure; 3) the pressure relief valve may inaccurately indicate pressure levels; 4) a faulty gasket may allow the lid to open despite pressure build up; 5) the unit may not seal properly; and/or 6) the pressure cooker can develop pressure when the lid is partially or improperly closed. Plaintiffs claim that the alleged defects diminish the original purchase price value and as a result class members may be entitled to a credit on their original purchase.

The Defendant denies these allegations. The Court has not ruled on this matter. Instead, the parties decided to settle.

## Who is a Class Member?

You may be a Class Member if you purchased, for personal use and not for resale, certain pressure cookers between March 1, 2013 and [Month Day Year].  A complete list of the pressure cookers at issue is on the detailed notice found on the website below.

## What are the Benefits?

Settlement Class Members who timely submit a completed claim form and verify that they have watched, or read a transcript of, a safety video will be eligible for a $72.50 credit redeemable towards one of the following products, subject to availability and possible substitution: 1) Power Cooker, a 10 qt. pressure cooker - Model No. PC-WAL4; 2) Power Air Fryer XL, a 5.3 qt. air fryer - Model No. AF-530; or 3) Copper Chef XL Precision Induction Cooktop Set, consisting of induction cooktop, 11" deep dish casserole pan with glass lid, fry basket, steam rack, 10" round pan with glass lid, and recipe book. Valid Class Members will also be eligible for a free one-year warranty extension for the pressure cooker they currently own. Visit the website for complete information on benefits.

## What are my rights?

You have a right to file a Claim, Object, Opt-Out, or do nothing.  **File a claim**. To receive Benefits, you must submit a Claim Form online or by mail, by [Month Day Year].  **Opt-Out**. You may Opt-Out from the settlement by [Month, day, year]. You will keep your right to pursue a separate lawsuit about these claims, but you will not receive settlement Benefits.  If you or anyone you know has suffered personal injuries or property damage as a result of one of the models of pressure cookers and wish to pursue an individual claim for those injuries and/or damage, then that Person(s) should Opt-Out of this settlement. **Object.** If you do not agree with the terms of the settlement, you may file an Objection, before [Month Day Year]. Objection instructions are found on the website. **Do Nothing.** You will receive no Benefits and have no right to sue later for the Claims released by the settlement.

The Court will hold a Fairness Hearing in the courtroom of the Honorable James S. Gwin, in the Carl B. Stokes U.S. Court House, 801 West Superior Ave., Cleveland, OH 441143, on

[Month Day Year] at 00:00 a.m., to decide whether to approve the settlement and to award Attorneys' Fees to be paid by Defendants, and Plaintiff incentive payments.  The motion for fees and expenses will be posted on the website below after they are filed. You may attend this hearing, but you don't have to. Benefits will be issued to settlement Class Members only if the Court approves the settlement and after all appeals are resolved.

**This notice is only a summary.**  For questions or complete information, please visit www.powerpressurecookersettlement.com, or call toll free (844) 271-4784.

**(844) 271-4784**
**www.powerpressurecookersettlement.com**

# EXHIBIT B-2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

*Kenneth Chapman, et. al. v Tristar Products, Inc.,* Case No. 1:16CV01114

## NOTICE OF CLASS ACTION SETTLEMENT

---

# If You Purchased a Power Pressure Cooker between March 1, 2013 and Month XX, 201X, You Could Get Benefits from a Proposed Class Action Settlement

---

*This notice may affect your rights. Please read it carefully.*

**A Federal Court authorized this Notice. This is not a solicitation from a lawyer.**

- This notice concerns a case called *Chapman et al. v. Tristar Products, Inc.*, and a case called *Pinon v. Tristar Products, Inc.* (collectively, the "Litigation"). Defined terms (with initial capitals) used herein have the same meaning as set forth in a Settlement Agreement available at www.powerpressurecookersettlement.com (the "Settlement").

- The Settlement will resolve the Litigation against Tristar Products, Inc. ("Tristar" or "Defendant" and, together with Plaintiffs, the "Parties").  It affects all natural Persons who, between March 1, 2013 and the date of the entry of the Preliminary Approval Order, purchased for personal use and not for resale, the following models of pressure cookers manufactured, supplied, marketed, sold and/or distributed by Defendant (hereinafter individually and collectively referred to as the "Product(s)" or "Pressure Cooker(s)"):

| MODEL NUMBER ON BACK OF UNIT | NAME ON FACE PLATE |
|---|---|
| PPC770 | Power Pressure Cooker XL |
| PPC770-1 | Power Pressure Cooker XL |
| PPC780 | Power Pressure Cooker XL |
| PPC780P | Power Pressure Cooker XL |
| PPC790 | Power Pressure Cooker XL |
| PCXL/PRO8 | Power Pressure Cooker XL Pro |
| PC-PRO8 | Power Pressure Cooker XL Pro |
| YBD60-100 | Power Cooker Express |
| PC-WAL1 | Power Cooker |
| PC-TRI6 | Power Cooker |
| PCXL/PRO6 | Power Pressure Cooker XL Pro |
| PCXL/PRO6 (Date Code 1442) | Power Pressure Cooker XL |
| PPC771 | Power Pressure Cooker XL |
| PPC772 | Power Pressure Cooker XL |
| PPC772P | Power Cooker Plus |
| PPC773 | Power Pressure Cooker XL |

| PC-WAL2 | Power Cooker |
|---------|--------------|
| PC-WAL3 | Power Cooker |
| PC-WAL4 | Power Cooker |

- The Plaintiffs in the Litigation contend that the Pressure Cookers may have a lower value than the amount that Class Members paid because they are allegedly defective.

- The Plaintiffs describe the defects to include, but not be limited to, the following:

  a) The Pressure Cooker may suddenly release steam while being opened.

  b) The Pressure Cooker lid may be able to be removed while under pressure, contrary to the representation in the Owner's Manual that the lid 'should only come off if there [is] no pressure inside', or phrased another way, the Owner's Manual inaccurately states that the cover (lid) cannot be removed when the unit contains any amount of pressure.

  c) The pressure relief valve may inaccurately indicate that built-up pressure has escaped the Pressure Cooker.

  d) There is a faulty gasket that may allow the lid to open despite the presence of significant built-up pressure.

  e) The Pressure Cooker does not properly seal.

  f) The Pressure Cooker can develop pressure when the lid is only partially, or is improperly, closed, contrary to the representation in the Owner's Manual that the lid safety device prevents pressure buildup if the lid is not closed properly.

- The Plaintiffs sought economic damages for Class Members consisting of the difference between the price each Class Member paid for their Pressure Cooker and the value that they would have paid had they known of the alleged defects.

- The Defendant strongly disagrees with Plaintiffs' position and contends that there are no defects with respect to any of the Pressure Cooker models and that the price paid is consistent with the value of the Pressure Cookers.

- A trial in this matter commenced on July 10, 2017. The parties reached the Settlement during the first day of trial, to avoid the expense and the uncertainty associated with further pursuit and defense of the Litigation.

- The Settlement is subject to Court approval.

- If the Settlement is approved by the Court, Settlement Class Members are eligible for the following Benefits: extension of the original warranty, free of charge, through the date ending one year after the Effective Date and, in addition, a $72.50 Credit redeemable towards one of the following products, subject to availability and possible substitution with an improved or equivalent product:

| 1. | Power Cooker, a 10 qt. pressure cooker - Model No. PC-WAL4 |
| 2. | Power Air Fryer XL, a 5.3 qt. air fryer - Model No. AF-530 |
| 3. | Copper Chef XL Precision Induction Cooktop Set, consisting of induction cooktop, 11" deep dish casserole pan with glass lid, fry basket, steam rack, 10" round pan with glass lid, and recipe book |

- To receive the Benefits, you must verify that you watched, or have read the transcript for, a Safety Video and timely submit a completed Claim Form along with evidence of purchase.

- The lawyers who brought the Litigation will ask the Court for attorneys' fees. Class Counsel for the Ohio Action may apply to the Court for an award of reasonable attorneys' fees and expenses which shall be comprised of Class Counsel's lodestar and expenses in the Ohio Action, in an amount within a range agreed to by the Parties to be paid by Defendant as attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel for the California Action may apply to the Court for an award of reasonable attorneys' fees and expenses in an amount not to exceed $225,000.00 to be paid by Defendant as attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement.  The lawyers who brought the Litigation will additionally ask for $10,000 for each of the Plaintiffs who brought the Litigation, as an Incentive Award.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

- If you or anyone you know has suffered personal injuries or property damage as a result of a Pressure Cooker and wish to pursue an individual claim for those personal injuries and/or for a property damage claim, then that Person(s) should Opt-Out of this Settlement.

- This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement Agreement, please see the Settlement Agreement available at www.powerpressurecookersettlement.com, and/or contact the Settlement Administrator at:

Power Pressure Cooker Settlement
c/o Heffler Claims Group
PO Box 58580
Philadelphia, PA 19102-8580

Toll free telephone number: (844) 271-4784

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Submit a Claim Form** | The only way to receive the Benefits. | Month XX, 201X |

3

| | | |
|---|---|---|
| **Opt-Out** | Get out of the Litigation and the Settlement.  This is the only option that allows you to ever bring or join another lawsuit against Defendant that raises the same legal Claims released by this Settlement. You will receive no Benefits from this Settlement. | Month XX, 201X |
| **File Objection** | Write to the Court about why you don't like the Settlement, the amount of attorneys' fees, or the payments to the Plaintiffs. | Month XX, 201X |
| **Go to a Hearing** | Speak in Court about the Settlement.  (If you object to any aspect of the Settlement, you **must** submit a written Objection by the Objection Deadline noted above.) | Month XX, 201X |
| **Do Nothing** | You will not receive the Benefits and have no right to sue later for any of the Released Claims. | |

- These rights and options — and the deadlines to exercise them — are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. You will receive the Benefits if the Court approves the Settlement and you are eligible.  If there are appeals, Benefits will not be received until the appeals are resolved and the Settlement becomes effective.  Please be patient.

## Fairness Hearing

- On _____, at _____ p.m., the Court will hold a hearing to determine:  (1) whether the proposed Settlement is fair, reasonable, and adequate and should receive final approval; (2) whether the applications for Attorneys' Fees brought by the Class Counsel should be granted; and (3) whether the application for an Incentive Award payment to the Plaintiffs who brought the Litigation should be granted.  The hearing will be held in the courtroom of the Honorable James S. Gwin, which is located in the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 441143.  This hearing date and time may change without further notice to you. Consult the Settlement Website at www.powerpressurecookersettlement.com, or the Court docket in this case available through the Court's website (http://www.ohnd.uscourts.gov/), for updated information on the hearing date and time.

## Important Dates

| | |
|---|---|
| Month XX, 201X | Submission of Claim Form |
| Month XX, 201X | Deadline |
| Month XX, 201X | Objection Deadline |
| Month XX, 201X | Exclusion (Opt-Out) Deadline |
| Month XX, 201X | Fairness Hearing |

### 1.     How Do I Know If I Am Affected By The Settlement?

4

The Litigation involves the Pressure Cookers purchased between March 1, 2013 and Month XX, 201X

For purposes of Settlement only, the Court has conditionally certified a Settlement Class. The Settlement encompasses Pressure Cookers manufactured, supplied, marketed, sold and/or distributed by Defendant.  The Settlement Class is defined as all purchasers in the United States who bought Pressure Cookers manufactured, supplied, marketed, sold and/or distributed by the Defendant between March 1, 2013 and the date the Preliminary Approval Order is entered.

If the Settlement does not become effective (for example, because it is not finally approved, or the approval is reversed on appeal), then the Litigation will continue.

## 2.    What Is The Litigation About?

Plaintiffs brought various claims on behalf of themselves and other consumers who bought the Pressure Cookers.  Plaintiffs' claims arise out of the allegations: (a) the Pressure Cookers are allegedly defective, and (b) Defendant did not disclose the alleged defects.

Defendant denies that there is any factual or legal basis for Plaintiffs' allegations. Defendant denies wrongdoing of any kind whatsoever and does not admit liability. Defendant also denies that this case should be certified as a class action, except for purposes of Settlement.

The Court has not determined whether Plaintiffs or Defendant is correct.

## 3.    What Do Plaintiffs Seek To Recover In The Litigation?

Plaintiffs' complaints contend that by failing to disclose defects in the Pressure Cookers, Defendant caused people to purchase the Pressure Cookers who would not otherwise have done so or to have paid a purchase price higher than what they would have paid had the alleged defects been disclosed. The Litigation seeks to recover damages on behalf of a class of all purchasers, other than re-sellers, retailers or distributors, in an amount representing the difference between the purchase price actually paid and a lower value that Class Members may have paid had they been made aware of the alleged defects.  In addition, the Plaintiffs sought injunctive relief to require a recall of the Pressure Cookers and certain disclosures.

## 4.    Why Is This Case Being Settled?

The Litigation was filed in 2016.  Since the filing of the Litigation, the Plaintiffs have determined that there are significant risks of continuing the Litigation.  In particular, Plaintiffs recognize that there may be substantial difficulties establishing: (1) that the Pressure Cookers are defective; (2) that Defendant knew or should have known about any such defects; and/or (3) that a warning was required.

The Parties have engaged in settlement discussions and, after taking into account the risks and costs of further litigation, Plaintiffs and their counsel believe that the terms and conditions of the Settlement are fair, reasonable, adequate, and equitable, and that the Settlement is in the best

interest of the Settlement Class Members.

## 5.    What Can I Get In The Settlement?

Settlement Class Members are eligible for the following Benefits: extension of the original warranty, free of charge, through the date ending one year after the Effective Date, pertaining to the Product you own, and in addition, a $72.50 Credit redeemable towards one of the following products, subject to availability and possible substitution with an improved or equivalent product:

| | |
|---|---|
| 1. | Power Cooker, a 10 qt. pressure cooker - Model No. PC-WAL4 |
| 2. | Power Air Fryer XL, a 5.3 qt. air fryer - Model No. AF-530 |
| 3. | Copper Chef XL Precision Induction Cooktop Set, consisting of induction cooktop, 11" deep dish casserole pan with glass lid, fry basket, steam rack, 10" round pan with glass lid, and recipe book |

To be eligible for the Benefits, you must verify that you watched, or have read the transcript for, a Safety Video and timely submit a completed Claim Form along with evidence of purchase.

The Credit will be issued by Tristar, is non-transferable, and can only be utilized for purchases directly from Tristar by internet at a URL to be determined by Tristar or by telephone through a number to be determined by Tristar, and must be exercised within ninety days following the Claimant's receipt of the Benefits from the Settlement Administrator. The price will be the then existing retail price offered by Tristar to other consumers purchasing through a Tristar website or telephone sales representative, with any applicable shipping, processing and handling charges, but will not include installment financing, bonuses, or incentives such as buy one get one free or get one or more at a reduced price. Any return under warranty of a product purchased with the Credit will be limited to repair, replacement, or at the option of Tristar a refund of the purchase price less the Credit (i.e., the out-of-pocket payment) and the Credit will not be reusable.

## 6.    How Do I Make A Claim?

To make a Claim, you must fill out the Claim Form available on the Settlement Website, www.powerpressurecookersettlement.com.  If you do not have access to the internet, you may obtain a Claim Form by calling or writing to the Claims Administrator.  Also, accommodation will be made for those that do not have internet access to allow the Settlement Class Member to read the transcript of the Safety Video and verify thereto.  To be timely, Claim Forms must be submitted during the Claim Period and must be received by the Claim Deadline.  You can submit the Claim Form online, or you can print it and mail it to the Settlement Administrator at:

Power Pressure Cooker Settlement
c/o Heffler Claims Group
PO Box 58580

Philadelphia, PA 19102-8580

Toll free telephone number: (844) 271-4784

Claim Forms must be submitted to be received by [Insert Date: to be no later than 90 days from the date of Issuance of this Notice] before 11:59 p.m. Eastern Time.  Benefits will be issued if the Court grants final approval to the proposed Settlement and after the final approval is no longer subject to appeal.  Please be patient as this may take months or even years in the event that there is an appeal.

## 7. What Do Plaintiffs And Their Lawyers Get?

To date, Class Counsel has not been compensated for any of their work on this case. Class Counsel for the Ohio Action may apply to the Court for an award of reasonable attorneys' fees and expenses which shall be comprised of Class Counsel's lodestar and expenses in the Ohio Action, in an amount within a range agreed to by the Parties. Class Counsel for the California Action may apply to the Court for an award of reasonable attorneys' fees and expenses in an amount not to exceed $225,000.00 to which Tristar agrees not to object. The Court will determine the appropriate fee of Class Counsel.

In addition, the Plaintiffs, who are the named Class Representatives in this case, may apply to the Court for a payment up to $10,000 each.  This payment is designed to compensate the named Class Representatives for the time, effort, and risks they undertook in pursuing the Litigation and for any personal or property injuries they may have sustained.

Class Representatives and their lawyers will file a motion with the Court in support of their applications for attorneys' fees, costs, and expenses and a payment to the Class Representatives. A copy of that motion will be available on the Settlement Website.  The Court will determine the amount of fees, costs, expenses, and payments to the Class Representatives.

## 8. What Claims Are Released By The Settlement?

If you are a Settlement Class Member and you do not Opt-Out from the Settlement, you will be legally bound by all orders and judgment of the Court and to the Released Claims in the Settlement.  This means that in exchange for being a Settlement Class Member and being eligible for the Benefits of the Settlement, you will not be able to sue, continue to sue, or be part of any other lawsuit against Defendant and/or any of the Released Parties that involves the same legal claims as those resolved through this Settlement.

You will not be responsible for any out-of-pocket costs or attorneys' fees concerning the Litigation if you stay in the class.

Staying in the class also means that you agree to release the following Released Claims, which describe exactly the legal Claims that you give up:

1. As of the Effective Date, and except as to such rights or claims created by the Settlement, Plaintiffs and each Settlement Class Member, and each of their heirs, guardians,

executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

2. In connection with the Released Claims, each Settlement Class Member shall be deemed to have forever waived any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code §1542, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

3. The Final Approval Order shall further provide for and effect the release of all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Tristar now has against Plaintiffs by reason of any act, omission, harm, matter, cause or event whatsoever arising out of the initiation, prosecution, or settlement of the Litigation or the claims and defenses asserted in the Litigation.

4. "Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims"), whether in law or in equity, direct or indirect, whether individual or representative, of every nature and description whatsoever, including but not limited to any based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, that arose during the Class Period, and which arise or are based in any manner whatsoever on the same facts, claims, theories and allegations as asserted or could have been asserted in the Litigation, or based on any contention that:

| | |
|---|---|
| 1. | Tristar breached any expressed or implied warranties with respect to the Products. |
| 2. | The Products are not properly designed or manufactured. |
| 3. | The Products are defective, are not safe for their intended use, or pose an unreasonable risk of injury during normal use. |
| 4. | The advertising, warnings, and instructions with respect to the Products are in any way inaccurate, misleading, inadequate, or insufficient. |

Nothing herein is intended to release any claims that any governmental agency or governmental actor has against Tristar, any claims asserted for acts or omissions outside of the Class Period, or any claims on behalf of any Person other than the Releasing Parties.

5.  "Released Parties" means (1) Tristar, its owners, parents, subsidiaries, affiliates, joint-ventures, partners, members, officers, directors, employees, shareholders, agents, attorneys, administrators, successors, predecessors, and (2) all entities in the supply and distribution chain and/or stream of commerce of the Products at issue and includes without limitation Tristar's manufacturers, sourcing agents, retailers, customers, clients, marketers, advertisers, and persons, or entities in privity with them.

## 9.    How Do I Opt-Out From The Settlement?

You can Opt-Out from the Settlement Class and Litigation if you wish to retain the right to sue Defendant separately for the Released Claims by the Settlement.  If you Opt-Out, you cannot file a Claim or Objection to the Settlement.

Class Members may Opt-Out by timely sending a written request to the Settlement Administrator at the address indicated further below.  The written Opt-Out request must: (1) state the title and case number of the Ohio Action, which is *Kenneth Chapman, et al v. Tristar Products, Inc.*, Case No. 1:16CV01114, (2) request exclusion from the Settlement Class, (3) be signed by the requestor, and (4) include a statement indicating that the requestor is a Member of the Settlement Class.

Opt-Out requests must be received by the Settlement Administrator by [Insert Date: to be no later than 60 days from the date of Issuance of this Notice].

## 10.   How Do I Object To The Settlement?

You can ask the Court to deny approval of the Settlement by timely submitting an Objection to the Settlement Administrator. The Objection must be submitted in writing so that it is received by the Settlement Administrator by [Insert Date: to be no later than 60 days from the date of Issuance of this Notice].

You cannot ask the Court to order a larger Settlement; the Court can only approve or deny the Settlement.  If the Court denies approval to the entire Settlement, no Settlement Benefits will be distributed, and the Litigation will continue.

You can also ask the Court to disapprove or reduce the requested payments to Plaintiffs and to Class Counsel.  If those payments are disapproved or reduced, no additional Benefits or money will be paid to the Settlement Class Members.  Instead, the funds earmarked for Plaintiffs and their attorneys will be retained by Defendant.

You may also appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney. If you want to raise an Objection to the Settlement at the Final Approval Hearing, you must first timely submit that Objection to the Settlement Administrator.

Any Objection must include: (i) a reference to this case *Kenneth Chapman, et al v. Tristar Products, Inc.*, Case No. 1:16CV01114, in the United States District Court for the Northern District of Ohio; (ii) the objector's full name, address, and telephone number; (iii) a written statement of all grounds for the Objection, accompanied by any legal support for such objection;

9

(iv) copies of any papers, briefs, or other documents upon which the Objection is based; (v) a statement of whether the objector intends to appear at the Final Approval Hearing, and if the objector intends to appear at the Final Approval Hearing through counsel, the Objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing; and (vi) a statement of his/her membership in the Settlement Class, including all information required by the Claim Form.

All the information listed above must be filed and delivered to the Clerk of the Court by mail, express mail, or personal delivery such that the objection is *received* on or before [Insert Date: to be no later than 60 days from the date of Issuance of this Notice].

If you file an Objection to the Settlement but still want to submit a Claim in the event the Court approves the Settlement, you must still submit a timely Claim according to the instructions described above.

By filing an Objection, you are consenting to the jurisdiction of the Court, and to produce documents and provide testimony prior to the Final Approval Hearing.  You **must** also serve a copy of your Objection on the Settlement Administrator, Class Counsel, and Defendant's counsel such that it is received by each of them on or before [Insert Date: to be no later than 60 days from the date of Issuance of this Notice]. Their addresses are as follows:

| Class Counsel: | Defendant's Counsel: | Settlement Administrator: |
|---|---|---|
| Gregory F. Coleman<br>Greg Coleman Law, P.C.<br>800 South Gay Street<br>Suite 1100<br>Knoxville T. 37929<br>Tel: (865) 247-0080<br><br>and<br><br>Todd M. Friedman<br>Law Offices of Todd M. Friedman, P.C.<br>324 Beverly Blvd, Suite 725<br>Beverly Hills, CA  90211<br>Tel:  (424) 285-6006 | John Q. Lewis<br>Tucker Ellis LLP<br>950 Main Avenue<br>Suite 1100<br>Cleveland, OH 44113-7213<br>Tel: (216) 592-5000 | Power Pressure Cooker Settlement<br>c/o Heffler Claims Group<br>PO Box 58580<br>Philadelphia, PA 19102-8580<br><br>Toll free telephone number:<br>(844) 271-4784 |

## 11.   When Will The Court Decided If The Settlement Is Approved?

On _____, at ____ _p.m., the Court will hold a hearing to determine: (1) whether the proposed Settlement is fair, reasonable, and adequate and should receive final approval; (2) whether the applications for Attorneys' Fees brought by Class Counsel should be granted; and (3) whether the application for payment to the Class Representatives who brought the Litigation should be granted.  The hearing will be held in the courtroom of the Honorable James S. Gwin, which is located in the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 441143.  This hearing date and time may change without further notice to you.

Consult the Settlement Website at www.powerpressurecookersettlement.com, or the Court docket in this case available through the Court's website (http://www.ohnd.uscourts.gov/), for updated information on the hearing date and time.

## 12.    How Do I Get More Information?

You can inspect many of the Court documents connected with this case on the Settlement Website.  Other papers filed in the Litigation are available by accessing the Court docket in this case available through the Court's website (http://www.ohnd.uscourts.gov/).  You can also obtain additional information by contacting Class Counsel or the Settlement Administrator at the addresses indicated above.