UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
KENNETH CHAPMAN, *et al.* :
       Plaintiffs, : CASE NO. 1:16-CV-1114
:
vs. : OPINION & ORDER
: [Resolving Doc. 142]
TRISTAR PRODUCTS, INC. :
       Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Kenneth Chapman and Defendant Tristar Products, Inc. jointly move the Court to order Magistrate Judge Jonathan Greenberg to prepare a mediator's report. At an earlier point in this litigation and at the Court's direction, Magistrate Judge Greenberg helped mediate the parties' settlement negotiations. The Court **DENIES** this motion.

The parties believe that Magistrate Judge Greenberg's mediator's report will support their argument that their proposed settlement is "fair, reasonable, and adequate."[1]

But the Court does not see how Magistrate Judge Greenberg's report would help this inquiry. Presumably, the parties are aware of the factual details of the negotiations relevant to the fairness inquiry—number of proposals exchanged, time spent negotiating, etc.—and could easily make the Court aware of these facts without Magistrate Judge Greenberg's input.[2]

Given that, the Court believes that the parties' primary goal is to get Magistrate Judge Greenberg to give his opinion on his subjective belief in the good faith of the negotiations, presumably concluding that he believes that the parties reached the best settlement possible given the context and risks of the litigation.

However, the Court finds that this type of opinion testimony from another judicial officer would be both unnecessary and inappropriate in this instance. The Court is not required to, and will

---
[1] *See* Fed. R. Civ. P. 23(e)(2).
[2] *See, e.g.*, Doc. 135 at 6-7.

Case No. 1:16-cv-1114
Gwin, J.

not, defer to Magistrate Judge Greenberg's subjective opinion on this settlement's fairness if it stands in opposition to objective factors.[3] Further, although Magistrate Judge Greenberg oversaw some settlement negotiations, the Court has overseen the bulk of this litigation for several years and is well aware of the litigation's various twists and turns. The Court is therefore well positioned to determine whether the proposed settlement reflects the risks of continuing the litigation through trial and appeal. And, as previously mentioned, to the extent there are objective indicators of good faith negotiations and the settlement's reasonableness, the parties are free to present those themselves.

For those reasons, the Court **DENIES** the parties' motion for a mediator's report.

IT IS SO ORDERED.

Dated: July 5, 2018                          _s/        James S. Gwin_
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[3] *Cf. Innovative Engineering & Consulting Corp. v. Hurley & Assoc., Inc.*, No. 1:05-cv-764, 2006 WL 2422910 (N.D. Ohio Aug. 22, 2006) (deferring to a Magistrate Judge's findings who witnessed the negotiations leading to a sanctions motion firsthand).