UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

KENNETH CHAPMAN, *et al.*, : CASE NO. 1:16-CV-1114
:
    Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 171]
TRISTAR PRODUCTS, INC. :
:
    Defendant. :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs in this products-liability class action move the Court to order would-be intervenors the Arizona Attorney General and the State of Arizona (collectively, "Arizona") to post an appeal bond under Federal Rule of Appellate Procedure 7.[1]

For the following reasons, the Court **DENIES** the motion.

## Discussion

After the parties settled this action and the Court approved that settlement,[2] Arizona moved to intervene to appeal the Court's settlement approval. The Court denied Arizona's motion to intervene.[3] Arizona appealed both the approval order and the order denying intervention, and the Sixth Circuit consolidated the appeals.[4] Plaintiffs now move for an order requiring Arizona to post an appeal bond.

Appellate Rule 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide another security in any form and amount necessary to

---

[1] Doc. 171. Arizona opposes. Doc. 173.
[2] Doc. 156.
[3] Doc. 162.
[4] Doc. 174.

Case No. 1:16-CV-1114
Gwin, J.

ensure payment of costs on appeal."[5] Courts typically consider four factors when deciding whether a Rule 7 bond is warranted: "1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct."[6]

While Arizona has the financial ability post a bond, all other factors disfavor requiring one. As Plaintiffs concede, Arizona has ample resources to pay appellee's costs on appeal and there is no credible risk that Arizona would flout a court order awarding costs. Arizona's standing and merits claims are exceedingly weak.[7] Plaintiffs do not even allege any bad faith or vexatious conduct. Thus, the factors decisively weigh against requiring a Rule 7 bond.

Plaintiffs also say that Appellate Rule 8 requires Arizona to post a bond, because "the Appellants effectively stay the benefits of the settlement."[8] However, Rule 8's bond requirement only applies if a party has obtained a stay pending appeal—Arizona has not sought a stay here.

Thus, the Court **DENIES** Plaintiffs' motion.

IT IS SO ORDERED.

Dated: August 3, 2019        *s/ James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[5] Fed. R. App. P. 7.
[6] *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 638 (N.D. Ohio 2016).
[7] Arizona's objection and intervention motion raise "viable and substantial issues," particularly with regard to the vexing issue of *parens patriae* standing. *See Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-CV-74891-DT, 2008 WL 2415340, at *2 (E.D. Mich. June 12, 2008).
[8] Doc. 171-1 at 8.